

1  JOANNA L. BROOKS (SBN. 182986)
   TIMOTHY C. TRAVELSTEAD (SBN 215260)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, CA 94105
   Telephone    415.394.9400
4  Facsimile:   415.394.9401

5  Attorneys for Defendant
   PRESIDIO INTERNATIONAL, INC.

*ORIGINAL FILED*
*E-filing*
*JUL 10 2008*
*RICHARD W. WIEKING*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated,

       Plaintiff,

   v.

G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,

       Defendants.

Case No. **CV 08 3336 RMW HRL**

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

[28 U.S.C. Section 1332, 1441 and 1446; Class Action Fairness Act]

1

Case No.

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ROBERT ACHESON, AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant PRESIDIO INTERNATIONAL, INC. ("PRESIDIO") hereby removes this action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, for the following reasons:

1.  On November 21, 2007 an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled ROBERT ACHESON, Individually and On Behalf of All Others Similarly Situated, Plaintiff, v. G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, Defendants, as Case No. 107 CV 099461. A true and correct copy of the complaint ("Complaint") is attached as Exhibit A to the Index of Exhibits in Support of Notice of Removal.

2.  PRESIDIO was personally served with a copy of the Complaint and a summons from the state court on November 28, 2007. A true and correct copy of the summons is attached as Exhibit B to the Index of Exhibits in Support of Notice of Removal.

3.  PRESIDIO filed and served an answer ("Answer") to the Complaint on January 11, 2008. A true and correct copy of the Answer is attached as Exhibit C to the Index of Exhibits in Support of Notice of Removal.

4.  At a hearing on a Motion to Compel Further Responses to Special Interrogatories, Set One which took place on May 30, 2008, counsel for Plaintiff indicated Plaintiff had not yet determined whether it would be filing a first amended complaint. The court ordered the Plaintiff to file a first amended complaint within 30 days.

5.   On June 30, 2008, Plaintiff filed a first amended complaint. A true and correct copy of the Stipulation, Order to Allow Filing of First Amended Complaint and First Amended Complaint ("First Amended Complaint") is attached as Exhibit D to the Index of Exhibits in Support of Notice of Removal.

6.   The First Amended Complaint included two additional causes of action: one for an alleged failure to properly provide meal periods in violation of California Labor Code section 226.7(a) and Labor Code section 512(a) and another for failure to properly compensate plaintiffs for payment for split shifts in violation of California Code of Regulations section 11070(4)(C). (Exhibit D to the Index of Exhibits in Support of Notice of Notice of Removal, First Amended Complaint, p. 13, ¶65-p.14, ¶76, p.15 ¶86- p.16, ¶92). Most significantly, for the first time Plaintiff sought penalties pursuant to the Private Attorney's General Act ("PAGA") in the First Amended Complaint. (Exhibit D to Index of Exhibits in Support of Notice of Removal, First Amended Complaint, p.10, ¶50, p.11, ¶57, p.12, ¶64, p.14, ¶76, p.15, ¶85, p.17, ¶100, p.19, ¶4 as to first cause of action, p. 19, ¶4 as to second cause of action, ¶5 as to third cause of action , p. 20, p.¶4 as to fourth cause of action, p. 20, .¶4 as to fifth cause of action,  p. 20, p.¶5 as to seventh cause of action).

7.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Sec. 1332(d)(2), U.S.C. Sec. 1332(d)(5)(b) and is one that may be removed to this Court by PRESIDIO pursuant to 28 U.S.C. Sec. 1453(b) in that it is a civil class action lawsuit with more than 100 potential class members. In addition, one of the named defendants (PRESIDIO) and at least one of the members of the class are citizens of different states and the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs.

8.   Venue of this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

## MATTER IN CONTROVERSY

9. The filing of the First Amended Complaint caused the matter in controversy to exceed the sum or value of $5,000,000 exclusive of interest and costs, for the following reasons:

10. The original Complaint did not state an amount in controversy that met the threshold requirement for removal under CAFA.

11. On May 9, 2008, Defendant served Plaintiff with a request for statement of damages to ascertain whether Plaintiff sought damages in excess of $5,000,000 exclusive of interest and costs. On May 23, 3008, Plaintiff responded he could not provide a statement of damages because he had not conducted adequate discovery. (Exhibit I to Index of Exhibits in Support of Notice of Removal).

12. The original Complaint did not contain any claims for penalties pursuant to PAGA.

13. In the First Amended Complaint, Plaintiff seeks PAGA penalties for the alleged wage and hour violations set forth **in six of the eight causes of action** included in the First Amended Complaint. (Exhibit D to Index of Exhibits in Support of Notice of Removal, First Amended Complaint, p.10, ¶50, p.11, ¶57, p.12, ¶64, p.14, ¶76, p.15, ¶85, p.17, ¶100, p.19, ¶4 as to first cause of action, p. 19, ¶4 as to second cause of action, ¶5 as to third cause of action, p. 20, p.¶4 as to fourth cause of action, p. 20, .¶4 as to fifth cause of action, p. 20, p.¶5 as to seventh cause of action). As shown below, the potential PAGA penalties which are recoverable on just one of those causes action for approximately 10% of the class exceed the jurisdictional threshold of $5,000,000 set forth in CAFA .

14. The First Amended Complaint added a cause of action for missed meal periods. (Exhibit D to Index of Exhibits Filed in Support of Notice of Removal, First Amended Complaint, p.14, ¶¶65-76; p. 20, p.¶4). Plaintiff claims the class is entitled to penalties for missed meal periods pursuant to PAGA. (Exhibit D, First Amended Complaint, p.14, ¶76; p. 20, p.¶4 regarding fourth cause of action). PAGA allows aggrieved employees to recover $100 per pay period for each initial violation of the Labor Code and $200 per pay period for each subsequent violation of the Labor Code. Lab. Code §2699(f).

15. The First Amended Complaint defines the proposed class as "[a]ll non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until the resolution of this lawsuit." (Exhibit D to Index of Exhibits in Support of Notice of Removal, First Amended Complaint, p.4, ¶18). Based on Defendant's records, at least 2,668 non-exempt employees worked for Presidio International, Inc. between November 21, 2003, the date of the filing of the Complaint, and June 6, 2008. Assuming, without conceding or admitting, that 250 (or less than 10%) of the potential class members had on average at least one meal period violation every pay period and assuming PAGA penalties are recoverable for meal period violations as alleged in the First Amended Complaint, penalties pursuant to PAGA could total approximately $5,875,000 as shown below.

16. There are 236 work weeks between November 21, 2003 and June 6, 2008. Employees of Presidio are paid approximately every two weeks. Thus, there are approximately 118 pay periods between November 21, 2003 and June 6, 2008. If a class member missed a meal period every pay period, PRESIDIO could be liable for a PAGA penalty for 118 pay periods. PAGA allows each aggrieved employee to recover $100 per pay period for each initial violation of the Labor Code and $200 per pay period for each subsequent violation of the Labor Code. Lab. Code §2699(f).

17. Assuming there are 250 class members (less than ten percent of the potential class) who worked during 118 pay periods, and there was one meal period violation for each class member during each pay period PRESIDIO would be liable for PAGA damages on the meal period claim for:

    A. 250 multiplied by $100 or $25,000 for the first violation in addition to

    B. 250 multiplied by 117 (subsequent violations) multiplied by $200 or $5,850,000.

18. Thus, without admitting any damages are due to Plaintiff, the total amount in controversy could exceed $5,875,000.

19. Since potential PAGA penalties on just one of the six causes of action for which Plaintiff seeks exceeds the minimum amount in controversy required by CAFA, the amount in controversy requirement of CAFA has been satisfied.

### DIVERSITY OF CITIZENSHIP

20. PRESIDIO is informed and believes Plaintiff Robert Acheson resides at 350 Budd Avenue, Apartment A2, California, 95008. Therefore, Plaintiff is a citizen of the State of California.

21. PRESIDIO is a citizen of the State of Delaware and the State of New York.

22. 28 U.S.C. section 1332(c) states a corporation is a citizen of the State in which it is incorporated. 28 U.S.C. §1332(c). PRESIDIO was at the time the action was commenced, and still is, a citizen of the State of Delaware under 28 U.S.C. Section 1332(c), since it was and is incorporated under the laws of the State of Delaware.

23. 28 U.S.C. section 1332(c) states a corporation is a citizen of the state in which its principal place of business is located. PRESIDIO was at the time the action was commenced, and still is, a citizen of the State of New York under 28 U.S.C. section 1332(c), in that its principal place of business was and is in the State of New York. A substantial predominance of its corporate operations do not take place in California and its executive and administrative functions are primarily performed in the State of New York.

**WHEREFORE,** Presidio removes the above-entitled action now pending in the Superior Court of the State of California for the County of Santa Clara

JACKSON LEWIS LLP

Dated: July 10, 2008    By: _____
JoAnna Brooks
Timothy C. Travelstead
Attorneys for Defendant
PRESIDIO INTERNATIONAL, INC.

6

Case No.

## CERTIFICATE OF SERVICE

CASE:       Robert Acheson v. Presidio International, Inc., et al.
CASE NO.:

I, Marianne Solano, declare that I am employed with the law firm of Jackson, Lewis, whose address is 199 Fremont Street, 10th Floor, San Francisco, California, 94105; I am over the age of eighteen (18) years and am not a party to this action.

On July 10, 2008, I served the attached document(s): **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Linh Hua
Marc Primo
Rebecca Labat
Monica Balderrama
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067
Telephone:    310.556.5637
Facsimile:    310.861.9051

[ x ]   BY MAIL: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]   BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ]   BY FACSIMILE: I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 10, 2008, at San Francisco, California.

_____
Marianne Solano