1  JOANNA L. BROOKS (SBN 182986)
   TIMOTHY C. TRAVELSTEAD (SBN 215260)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, CA  94105
   Telephone     415.394.9400
4  Facsimile:    415.394.9401

5  Attorneys for Defendant
   PRESIDIO INTERNATIONAL, INC.
6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11

12  ROBERT ACHESON, individually, and on    Case No.
    behalf of other members of the general public
13  similarly situated,                      INDEX OF EXHIBITS IN SUPPORT
                                             OF NOTICE OF REMOVAL OF CIVIL
14              Plaintiff,                    ACTION TO THE UNITED STATES
                                             DISTRICT COURT FOR THE
15       v.                                   NORTHERN DISTRICT OF
                                             CALIFORNIA
16  G.A.L.A., INC., a Delaware corporation;
    GIORGIO ARMANI CORPORATION, a New        [28 U.S.C. Section 1332, 1441 and 1446;
17  York corporation; PRESIDIO               Class Action Fairness Act]
    INTERNATIONAL, INC., a Delaware
18  Corporation; and DOES 1 through 10, inclusive,
                                             (Filed in conjunction with Notice of
19              Defendants.                   Removal)

20

21

22       DEFENDANT PRESIDIO INTERNATIONAL INC., ("PRESIDIO") submits the

23  following exhibits in support of the Notice of Removal of this action to the United States District

24  Court for the Northern District of California:

25       1.   Exhibit A is a true and correct copy of the complaint filed in this action on November 21,

26           2007.

27  / / /

28  / / /

                                    1
INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT          Case No.

E-filing

ORIGINAL FILED

JUL 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV  08      3336 RMW
                        HRL

2.  Exhibit B is a true and correct copy of the Civil Case Cover Sheet, Civil Lawsuit Notice, and Summons on Complaint filed on November 21, 2007 and the Proof of Service of Summons and Complaint.

3.  Exhibit C is a true and correct copy of the Answer filed by PRESIDIO on January 11, 2008.

4.  Exhibit D is a true and Correct copy of the Stipulation, Order to Allow Filing of First Amended Complaint and First Amended Complaint filed in this action on June 30, 2008.

5.  Exhibit E is a true and correct copy of the dismissal of G.A.L.A. Inc. and Giorgio Armani Corp. served by Plaintiff on January 23, 2008.

6.  Exhibit F is a true and correct copy of the case management conference statement served by Plaintiff on March 28, 2008.

7.  Exhibit G is a true and correct copy of the Stipulation and Proposed Protective Order served by Plaintiff on March 26, 2008.

8.  Exhibit H is a true and correct copy of the Notice of Motion to Compel Further Responses to Special Interrogatories, Set One, Points and Authorities in Support of Motion to Compel Further Responses to Special Interrogatories, Set One, Separate Statement In Support of Motion to Compel Further Responses to Special Interrogatories, Set One Declaration of Linh Hua in Support of Motion to Compel Further Responses to Special Interrogatories, Set One and the Proposed Order Granting the Motion to Compel Further Responses to Special Interrogatories, Set One served by Plaintiff on April 22, 2008.

9.  Exhibit I is a true and correct copy of Plaintiff's Response to PRESIDIO's Request for Statement of Damages served by Plaintiff on May 23, 2008.

10. Exhibit J is a true and correct copy of Plaintiff's Notice of Intent to Appear at Hearing on Motion to Compel Further Responses to Special Interrogatories, Set One via telephone served by Plaintiff on May 28, 2008.

11. Exhibit K is a true and correct copy of Plaintiff's Notice of Intent to Appear at Continued Case Management Conference via telephone served by Plaintiff on June 11, 2008.

/ / /

2

12. Exhibit L is a true and correct copy of the Stipulation and Proposed Order allowing filing of First Amended Complaint and Proposed First Amended Complaint served by Plaintiff on June 27, 2008.

13. Exhibit M is a true and correct copy of the Notice of Further Case Management Conference served by Plaintiff on June 30, 2008.

14. Exhibit N is a true and correct copy of the Plaintiff's Notice of Intent to Appear By Telephone For Continued Hearing on Motion to Compel Special Interrogatories, Set One served by Plaintiff on July 9, 2008.

15. Exhibit O is a true and correct copy of Presidio's Answer to Plaintiff's First Amended Unverified Class Action Complaint filed on July 9, 2008.

16. Exhibit P is a true and correct copy of the Notice to Adverse Parties of Removal to Federal Court.

JACKSON LEWIS LLP


Dated: July 10, 2008                    By: _____
                                             JoAnna L. Brooks
                                             Timothy C. Travelstead
                                             Attorneys for Defendant
                                             PRESIDIO INTERNATIONAL, INC.

1    ***CERTIFICATE OF SERVICE***

2

3    **CASE:**      **Robert Acheson v. Presidio International, Inc., et al.**
     **CASE NO.:**
4

5         I, Marianne Solano , declare that I am employed with the law firm of Jackson, Lewis,

6    whose address is 199 Fremont Street, 10th Floor, San Francisco, California, 94105; I am over the

7    age of eighteen (18) years and am not a party to this action.

8         On July 10, 2008, I served the attached document(s): **INDEX OF EXHIBITS IN**

9    **SUPPORT OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE**

10   **NORTHERN DISTRICT OF CALIFORNIA** in this action by placing true and correct copies

11   thereof, enclosed in sealed envelope(s) addressed as follows:

12
     Linh Hua
13   Marc Primo
     Rebecca Labat
14   Monica Balderrama
     Initiative Legal Group LLP
15   1800 Century Park East, 2nd Floor
     Los Angeles, CA 90067
16   Telephone:     310.556.5637
     Facsimile:     310.861.9051
17

18

19   [ x ]   <u>BY MAIL:</u>  United States Postal Service by placing sealed envelopes with the postage
             thereon fully prepaid, placed for collection and mailing on this date, following ordinary
20           business practices, in the United States mail at San Francisco, California.

21   [  ]    <u>BY OVERNIGHT DELIVERY:</u>  I caused such envelope(s) to be delivered to the above
             address within 24 hours by overnight delivery service.
22

23   [  ]    <u>BY FACSIMILE:</u>  I caused such documents to be transmitted by facsimile to the
             telephone number(s) indicated above.

24         I declare that I am employed in the office of a member of the bar of this Court at whose

25   direction the service was made.

26         Executed on July 10, 2008, at San Francisco, California.

27

28
                                         Marianne Solano

                                                                              Case No.

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Robert Byrnes (SBN 200761)
   Initiative Legal Group LLP
3  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
4  Telephone: (310) 556-5637
   Facsimile: (310) 861-9051
5
                                                              J. Cao-Nguyen
6  Attorneys for Plaintiff ROBERT ACHESON
                                              FILED  Santa Clara Co
7                                             11/21/07   2:35pm
                                              Kiri Torra
8                                             Chief Executive Offic
          SUPERIOR COURT OF THE STATE OF CALIFORNIA  By: jcaonguyen DTSCIV
                                                     #200700117227
9              FOR THE COUNTY OF SANTA CLARA         CK          $320.00
                                                     TL          $320.00
10 ROBERT ACHESON, individually, and on             Case: 1-07-CV-099461
   behalf of other members of the general public  Case Number:  1 0 7 C V 0 9 9 4 6 1
11 similarly situated,
                                                 CLASS ACTION COMPLAINT
12              Plaintiff,
13                                               (1) Violation of California Labor Code §§ 510
        vs.                                          and 1198 (Unpaid Overtime);
14
   G.A.L.A., INC., a Delaware corporation;       (2) Violation of California Labor Code §§ 201
15 GIORGIO ARMANI CORPORATION, a                     and 202 (Wages Not Paid Upon Termination);
   New York corporation; PRESIDIO
16 INTERNATIONAL, INC., a Delaware               (3) Violation of California Labor Code § 204
   Corporation; and DOES 1 through 10,              (Failure to Pay Wages);
17 inclusive,
                                                 (4) Violation of California Labor Code
18              Defendants.                          § 226.7(a) (Denial of Rest Periods);
19
                                                 (5) Violation of California Labor Code § 226(a)
20                                                  (Improper Wage Statements); and
21
                                                 (6) Violation of California Business &
22                                                  Professions Code §§ 17200, et seq.
23                                               Jury Trial Demanded
24
25
26     Plaintiff, individually and on behalf of all other members of the public similarly situated,
27  alleges as follows:
                                                        BY FAX
28

-1-
CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

1) This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000.

2) This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3) This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4) Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

5) Plaintiff ROBERT ACHESON (hereinafter "Acheson" or "Plaintiff") is a resident of Santa Clara County in the State of California.

6) Defendant G.A.L.A., INC. was and is, upon information and belief, a Delaware corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

7) Defendant GIORGIO ARMANI CORPORATION was and is, upon information and belief, a New York corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

-2-

1    8)  Defendant PRESIDIO INTERNATIONAL, INC. was and is, upon information and belief,

2    a Delaware corporation doing business in California, and at all times hereinafter mentioned, an

3    employer whose employees are engaged throughout this county, the State of California, or the

4    various states of the United States of America.

5    9)  Plaintiff is unaware of the true names or capacities of Defendants sued herein under the

6    fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named

7    Defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities

8    become known.

9    10) Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the partners,

10    agents, owners, shareholders, managers or employees of G.A.L.A., INC., GIORGIO ARMANI

11    CORPORATION and/or PRESIDIO INTERNATIONAL, INC., and were acting on behalf of

12    G.A.L.A., INC., GIORGIO ARMANI CORPORATION and/or PRESIDIO INTERNATIONAL,

13    INC.

14    11) Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and

15    omissions alleged herein was performed by, or is attributable to G.A.L.A., INC., GIORGIO

16    ARMANI CORPORATION and/or PRESIDIO INTERNATIONAL, INC. and DOES 1-10

17    (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on

18    the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the

19    official policy of, Defendants.

20    12) At all times herein mentioned, Defendants, and each of them, ratified each and every act or

21    omission complained of herein.  At all times herein mentioned, Defendants, and each of them,

22    aided and abetted the acts and omissions of each and all the other Defendants in proximately

23    causing the damages herein alleged.

24    13) Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in

25    some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

26    occurrences, and transactions alleged herein.

28    \\

## CLASS ACTION ALLEGATIONS

14) Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under <u>California Code of Civil Procedure § 382</u>.

15) All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

16) The proposed class is comprised of and defined as:

> All non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until resolution of this lawsuit.

17) There is a well defined community of interest in the litigation and the class is easily ascertainable:

    a.    <u>Numerosity</u>: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one-hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b.    <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

    c.    <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys and the proposed class counsel are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this

[illegible line]

expended for the prosecution of this action for the substantial benefit of each class member.

1        d.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication

2    superior to other methods.  Class action will achieve economies of time, effort and expense as

3    compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can

4    be adjudicated in the same manner and at the same time for the entire class.

5        e.    <u>Public Policy Considerations</u>:  Employers of the state violate employment and labor

6    laws every day.  Current employees are often afraid to assert their rights out of fear of direct or

7    indirect retaliation.  Former employees are fearful of bringing actions because they believe their

8    former employers may damage their future endeavors through negative references and/or other

9    means.  Class actions provide the class members who are not named in the complaint with a type

10    of anonymity that allows for the vindication of their rights at the same time as their privacy is

11    protected.

12        18) There are common questions of law and fact as to the class (and each subclass, if any) that

13    predominate over questions affecting only individual members, including but not limited to:

14        a.    Whether Defendants' failure to pay wages, without abatement or reduction, in

15    accordance with the <u>California Labor Code</u>, was willful;

16        b.    Whether Defendants required Plaintiff and the other class members to work over

17    eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and

18    failed to pay legally required overtime compensation to Plaintiff and the other class members;

19        c.    Whether Defendants failed to promptly pay all wages due to Plaintiff and the other

20    class members upon their discharge or resignation;

21        d.    Whether Defendants deprived Plaintiff and the other class members of rest periods

22    or required Plaintiff and the class members to work during rest periods without compensation;

23        e.    Whether Defendants complied with wage reporting as required by the <u>California</u>

24    <u>Labor Code</u>, including but not limited to section 226;

25        f.    Whether Defendants' conduct was willful or reckless;

26        g.    Whether Defendants engaged in unfair business practices in violation of <u>California</u>

27    <u>Business and Professional Code</u> §§ 17200, et seq.; and

28        h.    The appropriate amount of damages, restitution, or monetary penalties resulting

-5-
<u>CLASS ACTION COMPLAINT</u>

1  from Defendants' violations of California law.

2  **GENERAL ALLEGATIONS**

3      19) At all times set forth, Defendants employed Plaintiff and other persons as non-exempt or

4  hourly paid employees.

5      20) Defendants employed Plaintiff as an "Associate Manager," which is a non-exempt or

6  hourly paid position, from on or about June 2007 to on or about September 2007, at Santa Clara,

7  California business locations.

8      21) Defendants continue to employ non-exempt or hourly paid employees within California.

9      22) Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

10  Defendants were advised by skilled lawyers and other professionals, employees and advisors

11  knowledgeable about California labor and wage law, employment and personnel practices, and

12  about the requirements of California law.

13      23) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

14  have known that Plaintiff and other members of the class were entitled to receive certain wages for

15  overtime compensation and that they were not receiving certain wages for overtime compensation.

16      24) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

17  have known that Plaintiff and other class members were entitled to receive all the wages owed to

18  them upon discharge.

19      25) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

20  have known that Plaintiff and other class members were entitled to receive complete and accurate

21  wage statements in accordance with California law.

22      26) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

23  have known that Plaintiff and other class members were entitled to receive all rest periods or

24  payment of one hour of pay at Plaintiff's and class members' regular rate of pay when a rest

25  period was missed.

26      27) Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

27      

28  members of the class, and that Defendants had the financial ability to pay such compensation, but

-6-

1 | willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other

2 | members of the class that they were properly denied wages, all in order to increase Defendants'

3 | profits.

4 | 28) California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit

5 | the right of any wage claimant to "sue directly...for any wages or penalty due him [or her] under

6 | this article."

7 | **FIRST CAUSE OF ACTION**

8 | **Violation of California Labor Code §§ 510 and 1198**

9 | **(Against all Defendants)**

10 | 29) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

11 | allegations set out in paragraphs 1 through 28.

12 | 30) California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC")

13 | Wage Order provide that it is unlawful to employ persons without compensating them at a rate of

14 | pay either time-and-one-half or two-times that person's regular rate of pay, depending on the

15 | number of hours worked by the person on a daily or weekly basis.

16 | 31) Specifically, the applicable IWC Wage Order provides that Defendants are and were

17 | required to pay Plaintiff and the other class members employed by Defendants, and working more

18 | than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-

19 | one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in

20 | a workweek.

21 | 32) The applicable IWC Wage Order further provides that Defendants are and were required to

22 | pay Plaintiff and the other class members employed by Defendants, and working more than twelve

23 | (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

24 | 33) California Labor Code § 510 codifies the right to overtime compensation at one-and-one-

25 | half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty

26 | (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to

28 | hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

34) During the relevant time period, Plaintiff and the other class members consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, or in excess of forty (40) hours in a week.

35) During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and the other class members.

36) During the relevant time period, Plaintiff and the other class members regularly received incentives in the form of bonuses which were not incorporated in Plaintiff's and the other class members' overtime compensation.

37) Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code §§ 510 and 1198, and is therefore unlawful.

38) Pursuant to California Labor Code § 1194, Plaintiff and other class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

### (Against all Defendants)

39) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 38.

40) At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41) During the relevant time period, Defendants willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, either

42) Defendants' failure to pay Plaintiff and those class members who are no longer employed

-8-
CLASS ACTION COMPLAINT

1  by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

2  hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and

3  202.

4      43)  California Labor Code § 203 provides that if an employer willfully fails to pay wages

5  owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a

6  penalty from the due date, and at the same rate until paid or until an action is commenced; but the

7  wages shall not continue for more than thirty (30) days.

8      44) Plaintiff and the other class members are entitled to recover from Defendants the statutory

9  penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day

10  maximum pursuant to California Labor Code § 203.

11              **THIRD CAUSE OF ACTION**

12          **Violation of California Labor Code § 204**

13              **(Against all Defendants)**

14      45)  Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

15  allegations set out in paragraphs 1 through 44.

16      46) California Labor Code § 204 provides that all wages earned by any person in any

17  employment between the 1st and the 15th days, inclusive, of any calendar month, other than those

18  wages due upon termination of an employee, are due and payable between the 16th and the 26th

19  day of the month during which the labor was performed.

20      47) California Labor Code § 204 provides that all wages earned by any person in any

21  employment between the 16th and the last day, inclusive, of any calendar month, other than those

22  wages due upon termination of an employee, are due and payable between the 1st and the 10th day

23  of the following month.

24      48) California Labor Code § 204 provides that all wages earned for labor in excess of the

25  normal work period shall be paid no later than the payday for the next regular payroll period.

26      49) During the relevant time period, Defendants willfully failed to pay Plaintiff and the other

28  California Labor Code § 204.

1    50) Plaintiff and the other class members are entitled to recover all statutory penalties and

2    remedies available for violations of California Labor Code § 204.

### FOURTH CAUSE OF ACTION

#### Violation of California Labor Code §§ 226.7(a)

#### (Against all Defendants)

6    51) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

7    allegations set out in paragraphs 1 through 50.

8    52) At all times herein set forth, the California IWC Order and California Labor Code §

9    226.7(a) were applicable to Plaintiff's and other class members' employment by Defendants.

10    53) At all times herein set forth, California Labor Code § 226.7(a) provides that no employer

11    shall require an employee to work during any rest period mandated by an applicable order of the

12    California IWC.

13    54) During the relevant time period, Defendants required Plaintiff and other members of the

14    class to work in excess of four (4) hours without providing a ten (10) minute rest period.

15    55) During the relevant time period, Defendants required Plaintiff and other members of the

16    class to work an additional four (4) hours without providing a second ten (10) minute rest period.

17    56) During the relevant time period, Defendants willfully required Plaintiff and other members

18    of the class to work during rest periods and failed to compensate Plaintiff and members of the

19    class for work performed during rest periods.

20    57) Defendants' conduct violates applicable IWC Wage Orders and California Labor Code §

21    226.7(a).

22    58) Pursuant to California Labor Code § 226.7(b), Plaintiff and other members of the class are

23    entitled to recover from Defendants one additional hour of pay at the employees' regular rate of

24    compensation for each work day that the rest period was not provided.

25    \\

26    \\

\\

28    \\

1

## FIFTH CAUSE OF ACTION

2

### Violation of California Labor Code § 226(a)

3

#### (Against all Defendants)

4     59) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

5     allegations set out in paragraphs 1 through 58.

6     60) Defendants have intentionally and willfully failed to provide employees with complete and

7     accurate wage statements that fully comply with California Labor Code § 226(a) requirements.

8     61) As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the

9     other class members have suffered injury and damage to their statutorily-protected rights.

10    62) Specifically, Plaintiff and the other class members have been injured by Defendants'

11    intentional violation of California Labor Code § 226(a) because they were denied both their legal

12    right to receive, and their protected interest in receiving, accurate, itemized wage statements under

13    California Labor Code § 226(a).

14    63) Plaintiff and the other class members are entitled to recover from Defendants the greater of

15    their actual damages caused by Defendants' failure to comply with California Labor Code §

16    226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

17    64) Plaintiff and the other class members are also entitled to an award of costs and reasonable

18    attorneys' fees pursuant to California Labor Code § 226(e).

19    65) Plaintiff and the other class members are also entitled to injunctive relief to ensure

20    compliance with this section, pursuant to California Labor Code § 226(g).

21

## SIXTH CAUSE OF ACTION

22

### Violation of California Business & Professions Code §§ 17200, et seq.

23

#### (Against all Defendants)

24    66) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

25    allegations set out in paragraphs 1 through 65.

26    67) Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair,

28    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code

-11-

CLASS ACTION COMPLAINT

1   of Civil Procedure § 1021.5.

2      68) Defendants' activities as alleged herein are violations of California law, and constitute

3   unlawful business acts and practices in violation of California Business & Professions Code §§

4   17200, et seq.

5      69) A violation of California Business & Professions Code §§ 17200, et seq. may be

6   predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and

7   practice of requiring non-exempt or hourly paid employees, including Plaintiff and class members,

8   to work overtime without paying them proper compensation violates California Labor Code §§

9   510 and 1198.  Additionally, Defendants' policy and practice of requiring non-exempt or hourly

10  employees, including Plaintiff and class members, to work through their rest periods without

11  paying them proper compensation violates California Labor Code §§ 226.7(a) and 512(a).

12  Defendants' policy and practice of failing to pay Plaintiff and those class members who are no

13  longer employed by Defendants their wages earned and unpaid at the time of discharge, or within

14  seventy-two hours of their leaving Defendants' employ, is a violation of California Labor Code §§

15  201 and 202.

16     70) Plaintiff and the putative class members have been personally aggrieved by Defendants'

17  unlawful business acts and practices alleged herein by the loss of money or property.

18     71) Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiff and the

19  putative class members are entitled to restitution of the wages withheld and retained by

20  Defendants during a period that commences four years prior to the filing of this complaint; a

21  permanent injunction requiring Defendants to pay all outstanding wages due to class members; an

22  award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other

23  applicable laws; and an award of costs.

24  \\

25  \\

26  \\

28  \\

-12-
CLASS ACTION COMPLAINT

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.  That this action be certified as a class action;

2.  That Plaintiff be appointed as the representative of the Class; and

3.  That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

1.  For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

2.  For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

3.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

4.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

1.  For all actual, consequential and incidental losses and damages, according to proof;

2.  For statutory penalties pursuant to California Labor Code § 203 for Plaintiff and all other class members who have left Defendants' employ;

3.  For reasonable attorneys' fees and for costs of suit incurred herein; and

4.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

1.  For all actual, consequential and incidental losses and damages, according to proof;

2.  For statutory penalties pursuant to California Labor Code § 204 for Plaintiff and all other

3.  For pre-judgment interest on any untimely paid compensation, from the date such amounts

-13-

1  were due;

2      4.  For reasonable attorneys' fees and costs of suit incurred herein; and

3      5.  For such other and further relief as the Court may deem equitable and appropriate.

4                      As to the Fourth Cause of Action

5      1.  For all actual, consequential, and incidental losses and damages, according to proof;

6      2.  For wages pursuant to California Labor Code § 226.7(b);

7      3.  For reasonable attorneys' fees and costs of suit incurred herein; and

8      4.  For such other and further relief as the Court may deem equitable and appropriate.

9                       As to the Fifth Cause of Action

10     1.  For all actual, consequential and incidental losses and damages, according to proof;

11     2.  For statutory penalties pursuant to California Labor Code § 226(e);

12     3.  For injunctive relief to ensure compliance with this section, pursuant to California Labor

13  Code § 226(g);

14     4.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

15  Labor Code § 226(e); and

16     5.  For such other and further relief as the Court may deem equitable and appropriate.

17                       As to the Sixth Cause of Action

18     1.  For restitution of unpaid wages to all class members and prejudgment interest from the day

19  such amounts were due and payable;

20     2.  For the appointment of a receiver to receive, manage and distribute any and all funds

21  disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

22  result of violations of California Business & Professions Code §§ 17200 et seq.;

23     3.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code

24  of Civil Procedure § 1021.5;

25     4.  For injunctive relief to ensure compliance with this section, pursuant to California

26  Business & Professions Code §§ 17200, et seq.; and

28  \\

1    5.  For such other and further relief as the Court may deem equitable and appropriate.

2

3    Dated: November 21, 2007                        Respectfully submitted,
                                                      Initiative Legal Group LLP
4

5                                                     By: _____
                                                      Mark Yablonovich
6                                                     Marc Primo
                                                      Robert Byrnes
7                                                     Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

28

11/21/2007 TUE 14:14 FAX 310    9051 Initative Legal Group    @019/023

11/21/2007 WED 13:06 FAX 310 861 9051 Initative Legal Group    ☒019/020

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Marc Primo, Esq. (SBN 216796), Robert E. Byrnes, Esq. (SBN 200761)<br>Initiative Legal Group LLP<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA 90012<br>TELEPHONE NO.: 310.556.5637    FAX NO.: 310.861.9051<br>ATTORNEY FOR (Name): Robert Acheson | [ENDORSED]<br>FILED<br>NOV 21 07<br>KIRI TORRE<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>____DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113-1090
BRANCH NAME:

| CASE NAME:<br>Acheson vs. G.A.L.A., INC. et al. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: 107CV099461 |
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): 6 (Six)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: November 21, 2007
Robert E. Byrnes
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# BY FAX

Initiative Legal Group    Ø020/023

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (not asbestos or
    toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (not civil
    harassment) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (not unlawful detainer
            or wrongful eviction)
    Contract/Warranty Breach—Seller
        Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book account) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (not provisionally
    complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent
        domain, landlord/tenant, or
        foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (arising from provisionally complex
    case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (non-
        domestic relations)
    Sister State Judgment
    Administrative Agency Award
        (not unpaid taxes)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
    above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-
        harassment)
    Mechanics Lien
    Other Commercial Complaint
        Case (non-tort/non-complex)
    Other Civil Complaint
        (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (not specified
    above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# CIVIL LAWSUIT NOTICE
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

ATTACHMENT CV-5012

CASE NUMBER: _____ 1 0 7 C V 0 9 9 4 6 1 _____

| READ THIS ENTIRE FORM |
|---|

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:
1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

* State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
* Local Rules and Forms: http://www.scscuperiorcourt.org/civil/rule1fcc.htm
* Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

| | | |
|---|---|---|
| Your Case Management Judge is: **Kevin McKenney** | Department: | **16** |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) | | |
| Date: _____ Time: **2:15pm** | in Department | **16** |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | | |
| Date: **APR 15 2008** Time: _____ | in Department | _____ |

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

11/21/2007 WED 13:36   FAX 310 561 9051 Iniative Legal Group                    Ø003/023

11/21/2007 WED 13:36   FAX 310 561 9051 Iniative Legal Group                    Ø002/002

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated,

FILED
NOV 21 07
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
_____ DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 1-07-CV099461 |
|---|---|
| Superior Court of California, County of Santa Clara 191 N. First St., San Jose, CA 95113-1090 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc Primo, Esq. (SBN 216796); Robert E. Byrnes (SBN 200761) Initiative Legal Group LLP
1800 Century Park East, 2nd Floor, Los Angeles, CA 90067  Phone: 310.556.5637  Fax: 310.861.9051

DATE: *(Fecha)* NOV 21 2007    Clerk, by Kiri Torre, Chief Executive Officer/Clerk S. Segundo, Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* PRESIDIO INTERNATIONAL, INC., A DELAWARE CORPORATION
   under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]        **SUMMONS**        Code of Civil Procedure §§ 412.20, 465



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

KUB / ALL
Transmittal Number: 5462923
Date Processed: 11/28/2007

| | |
|---|---|
| Primary Contact: | Victor Wong<br>Presidio International, Inc.<br>111 Eighth Avenue<br>Floor 9th<br>New York, NY 10011 |

| | |
|---|---|
| Entity: | Presidio International, Inc.<br>Entity ID Number 0488463 |
| Entity Served: | Presidio International, Inc. |
| Title of Action: | Robert Acheson vs. G.A.L.A., Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Santa Clara Superior Court, California |
| Case Number: | 107CV099461 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 11/28/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Roberty Byrnes<br>310-556-5637 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

1  JOANNA L. BROOKS (SBN 182986)
   TIMOTHY C. TRAVELSTEAD (SBN 215260)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, CA 94105
   Telephone  415.394.9400
4  Facsimile:  415.394.9401

5  Attorneys for Defendant
   PRESIDIO INTERNATIONAL, INC.

ENDORSED

2008 JAN 11 P 1:40

KIRI ROFFEE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY
DEPUTY CLERK

M. Rosales

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 107 CV 099461<br><br>**DEFENDANT PRESIDIO INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**<br><br>**BY FAX**<br><br>Complaint Filed:  November 21, 2007<br>Trial Date:  None Set |

Defendant Presidio International, Inc. ("Defendant") hereby answers Plaintiff Robert

Acheson's ("Plaintiff") unverified Class Action Complaint (the "Complaint").

GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

each and every allegation contained in Plaintiff's unverified Complaint and denies that Plaintiff

was injured or damaged as alleged, or at all.

1

1    JOANNA L. BROOKS (SBN 182986)
     TIMOTHY C. TRAVELSTEAD (SBN 215260)
2    JACKSON LEWIS LLP
     199 Fremont Street, 10th Floor
3    San Francisco, CA  94105
     Telephone     415.394.9400
4    Facsimile:    415.394.9401

5    Attorneys for Defendant
     PRESIDIO INTERNATIONAL, INC.
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SANTA CLARA

10

11   ROBERT ACHESON, individually, and on          Case No. 107 CV 099461
     behalf of other members of the general public
12   similarly situated,                           **DEFENDANT PRESIDIO
                                                    INTERNATIONAL, INC.'S ANSWER
13                    Plaintiff,                    TO PLAINTIFF'S UNVERIFIED
                                                    CLASS ACTION COMPLAINT**
14        v.

15   G.A.L.A., INC., a Delaware corporation;
     GIORGIO ARMANI CORPORATION, a New
16   York corporation; PRESIDIO                     Complaint Filed:     November 21, 2007
     INTERNATIONAL, INC., a Delaware               Trial Date:          None Set
17   Corporation; and DOES 1 through 10, inclusive,

18                    Defendants.

19

20

21        Defendant Presidio International, Inc. ("Defendant") hereby answers Plaintiff Robert

22   Acheson's ("Plaintiff") unverified Class Action Complaint (the "Complaint").

23                              **GENERAL DENIAL**

24        Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

25   each and every allegation contained in Plaintiff's unverified Complaint and denies that Plaintiff

26   was injured or damaged as alleged, or at all.

27

28

                                            1

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as follows:

### First Affirmative Defense
(Failure to State a Claim)

The Complaint, and all causes of action contained therein, fail to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense
(Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages, if any.

### Third Affirmative Defense
(Unclean Hands)

Plaintiff is barred from recovery under this Complaint if and to the extent that he comes to this Court with unclean hands.

### Fourth Affirmative Defense
(Adequate Legal Remedies)

The Complaint's Sixth Cause of Action for equitable relief is barred in whole or in part to the extent Plaintiff has an adequate remedy at law.

### Fifth Affirmative Defense
(Statute of Limitations)

The Complaint's First, Second, Third, Fourth, and Fifth causes of action are barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure section 338 subdivision (a) or Code of Civil Procedure section 340 subdivisions (a) and (b), to the extent the claims exceed the three-year limitations period.

2

### Sixth Affirmative Defense
(Statute of Limitations)

The Complaint's Sixth Cause of Action is barred in whole or in part by the applicable statute of limitations, including without limitation Business and Professions Code section 17208, to the extent the claims exceed the four-year limitations period.

### Seventh Affirmative Defense
(Lack of Standing)

The Complaint, and all causes of action contained therein, are barred to the extent Plaintiff lacks standing to bring the instant action on behalf of himself or other unnamed putative class members.

### Eighth Affirmative Defense
(Waiver)

The Complaint, and all causes of action contained therein, are barred by the doctrine of waiver.

### Ninth Affirmative Defense
(Good Faith)

To the extent Plaintiff seeks statutory penalties, such penalty must be barred or reduced to the extent Defendant acted in good faith and non-willfully.

### Tenth Affirmative Defense
(Estoppel)

Defendant alleges, on information and belief, that the Complaint, and all causes of action contained therein, are barred by the doctrine of estoppel.

### Eleventh Affirmative Defense
(Laches)

Defendant alleges, on information and belief, that the Complaint, and all causes of action contained therein, are barred by the doctrine of laches.

3

**Twelfth Affirmative Defense**

(Compliance)

Any recovery on Plaintiff's Complaint with respect to the allegations of failure to pay wages owed or overtime is barred because Defendant complied with all applicable provisions of the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and federal law.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. That the Complaint and each claim for relief be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suit incurred herein, including reasonable attorney's fees, as and where permitted under California law; and

5. For such other and further relief as the Court deems just and equitable.

Dated: January 11, 2008

JACKSON LEWIS LLP

By: _Joanna L. Brooks_
  JoAnna L. Brooks
  Timothy C. Travelstead
  Attorneys for Defendant
  PRESIDIO INTERNATIONAL, INC.

4

**PROOF OF SERVICE**

1

2      I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4  age of eighteen (18) years and am not a party to this action.

5      On January 11, 2008, I served the attached document(s):

6  **DEFENDANT PRESIDIO INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S**
    **UNVERIFIED CLASS ACTION COMPLAINT**

7

8  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9  as follows:

10  Mark Yablonovich, Esq.
    Marc Primo, Esq.

11  Robert Byrnes, Esq.
    Initiative Legal Group LLP

12  1800 Century Park East, 2nd Floor
    Los Angeles, California 90067

13  Telephone:   310.556.5637
    Facsimile:    301.861.9051

14

15  [ X ]  BY MAIL:  United States Postal Service - by placing sealed envelopes with the postage
            thereon fully prepaid, placed for collection and mailing on this date, following ordinary

16            business practices, in the United States mail at San Francisco, California.

17  [   ]  BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service
            to the above address.

18

19  [   ]  BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
            address within 24 hours by OVERNIGHT EXPRESS service.

20  [   ]  BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the
            telephone number(s) indicated above.

21

22      I declare under penalty of perjury under the laws of the State of California that the above

23  is true and correct.

24      Executed on January 11, 2008 at San Francisco, California.

25

26

27                                *Linda A. Moore*
                                  LINDA A. MOORE

28  H:\A\AX Armani 41720\Acheson, Robert (118276)\Pleadings\Answer Final.doc

DEFENDANT PRESIDIO INTERNATIONAL'S ANSWER TO UNVERIFIED COMPLAINT       Case No. 107 CV 099461

1    INITIATIVE LEGAL GROUP LLP
     Mark Yablonovich (SBN 186670)
2    Marc Primo (SBN 216796)
     Mónica Balderrama (SBN 196424)
3    Rebecca Labat (SBN 221241)
     Linh Hua (SBN 247419)
4    Initiative Legal Group LLP
     1800 Century Park East, 2nd Floor
5    Los Angeles, California 90067
     Telephone: (310) 556-5637
6    Facsimile: (310) 861-9051
     1800 Century Park East, 2nd Floor
7    Los Angeles, California 90067
     Telephone: (310) 556-5637
8    Facsimile: (310) 861-9051

9    Attorneys for Plaintiff

10   JACKSON LEWIS LLP
     JoAnna L. Brooks (SBN 182986)
11   199 Fremont Street, 10th Floor
     San Francisco, California 94105
12   Telephone: (415) 394-9400
     Facsimile: (415) 394-9401

13

     Attorneys for Defendants
14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                  FOR THE COUNTY OF SANTA CLARA

17
     ROBERT ACHESON, individually, and on      Case No. 107 CV 099461
18   behalf of other members of the general public
     similarly situated,                       CLASS ACTION
19
20              Plaintiff,                      STIPULATION AND [PROPOSED]
                                                ORDER TO ALLOW FILING OF
21       vs.                                    FIRST AMENDED COMPLAINT

22   G.A.L.A., INC., a Delaware corporation;    [Assigned to: Hon. Mary Jo Levinger; Dept. 5]
     GIORGIO ARMANI CORPORATION, a New
23   York corporation; PRESIDIO
     INTERNATIONAL, INC., a Delaware
24   Corporation; and DOES 1 through 10, inclusive,

25                                              Complaint filed: November 21, 2007
                Defendants.
26

27

28
                                    -1-
     STIPULATION AND ORDER TO ALLOW FILING OF FIRST AMENDED COMPLAINT

(ENDORSED)
FILED

JUN 3 0 2008

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
     Lisa Wilson

**STIPULATION**

WHEREAS, on November 21, 2007, Plaintiff Robert Acheson ("Plaintiff") filed a Complaint in the present action in the Superior Court of the County of Santa Clara;

WHEREAS, on January 23, 2008, Plaintiff's Request for Dismissal of Defendants G.A.L.A., Inc. and Giorgio Armani Corporation was entered by the Court clerk;

WHEREAS, on April 29, 2008, Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency and Defendant Presidio International, Inc. alleging specific violations of the California Labor Code, including facts and theories to support the alleged violations;

WHEREAS, on May 30, 2008, the parties appeared before the Honorable Socrates Manoukian for a hearing on a discovery dispute, and Plaintiff was provided 30 days in which to file a First Amended Complaint;

WHEREAS, on June 10, 2008, the Labor and Workforce Development Agency notified Plaintiff by certified mail that it does not intend to investigate the alleged violations;

WHEREAS, the parties agree that the interests of judicial economy and efficiency are best served by allowing Plaintiff to file the proposed First Amended Complaint without the need for a noticed motion; and

WHEREAS, Plaintiff's proposed First Amended Complaint is attached as Exhibit A reflecting the additional class allegation for Defendant's violation of California Labor Code sections 226.7(a) and 512(a) (denial of meal periods), the additional class allegation for Defendant's violation of California Code of Regulations § 11070 (4)(C) (failure to pay wages for split shifts), and recovery under the Labor Code Private Attorneys General Act of 2004;

BASED ON THE FOREGOING, the parties, through their counsel of record and subject to this Court's approval, hereby STIPULATE AND AGREE as follows:

1.      Subject to this Court's approval, Plaintiff may file the attached First Amended Complaint reflecting the additional class allegation for Defendant's violation of California Labor Code sections 226.7(a) and 512(a) (denial of meal periods), the additional class allegation for

1   Defendant's violation of California Code of Regulations § 11070 (4)(C) (failure to pay wages for

2   split shifts), and recovery under the Labor Code Private Attorneys General Act of 2004;

3         2.      The First Amended Complaint shall be deemed filed and served upon the date of

4   this Court's order. Defendant will be required to file an answer, other responsive pleading,

5   including Notice of Removal and related papers, to the First Amended Complaint within 15 days

6   after service of the First Amended Complaint.

7

8      IT IS SO STIPULATED.

9                                   Respectfully submitted,

10   Dated: June **21**, 2008               Initiative Legal Group LLP

11

12

13                                   Marc Primo

14                                   Mónica Balderrama
                                      Rebecca Labat

15                                   Linh Hua
                                      Attorneys for Plaintiff Robert Acheson

16

17   Dated: June **24**, 2008               Jackson Lewis LLP

18

19

20                                   JoAnna L. Brooks
                                   Attorneys for Defendant Presidio International, Inc.

21

22                                   **ORDER**

23

24      Good cause appearing, IT IS HEREBY ORDERED.

25         JUN 3 0 2008

26   Dated: _____, 2008           Mary Jo Levinger

27                                   The Honorable Mary Jo Levinger
                                   Judge of the Superior Court of California

28

-3-

STIPULATION AND ORDER TO ALLOW FILING OF FIRST AMENDED COMPLAINT

**EXHIBIT "A"**

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
   Initiative Legal Group LLP
4  1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for Plaintiff ROBERT ACHESON
8  and Aggrieved Employees

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SANTA CLARA

11 | ROBERT ACHESON, individually, and on | **Case Number:**  107 CV 099461
12 | behalf of other members of the general public
   | similarly situated,                  | **CLASS ACTION and**
13 |                                       | **LABOR CODE PRIVATE ATTORNEYS**
   |              Plaintiff,               | **GENERAL ACTION**
14 |
15 |       vs.                             | **FIRST AMENDED COMPLAINT**
16 | G.A.L.A., INC., a Delaware corporation; | (1) Violation of California Labor Code §§ 510
17 | GIORGIO ARMANI CORPORATION, a        | and 1198 (Unpaid Overtime);
   | New York corporation; PRESIDIO
18 | INTERNATIONAL, INC., a Delaware       | (2) Violation of California Labor Code §§ 201
   | Corporation; and DOES 1 through 10,  | and 202 (Wages Not Paid Upon Termination);
19 | inclusive,
20 |              Defendants.              | (3) Violation of California Labor Code § 204
   |                                       | (Failure to Pay Wages);
21 |
22 |                                       | (4) Violation of California Labor Code
   |                                       | § 226.7(a) and 512(a) (Denial of Meal Periods);
23 |
24 |                                       | (5) Violation of California Labor Code
   |                                       | § 226.7(a) (Denial of Rest Periods);
25 |                                       | (6) Violation of California Code of Regulations
26 |                                       | § 11070 (4)(C) (Failure to Pay Wages for Split
   |                                       | Shift);
27 |                                       | (7) Violation of California Labor Code § 226(a)
28 |                                       | (Improper Wage Statements); and

-1-
FIRST AMENDED COMPLAINT

(8) Violation of <u>California Business &
Professions Code</u> §§ 17200, <u>et seq.</u>

**Jury Trial Demanded**

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1) This class action is brought pursuant to <u>California Code of Civil Procedure</u> § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000.

2) This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3) This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4) Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

5) <u>California Labor Code</u> §§ 2699 authorizes employees to sue directly for various civil penalties under the <u>Labor Code.</u>

1      6)  Plaintiff has exhausted his administrative remedies by timely requesting and obtaining

2  verification from the California Labor and Workforce Development Agency that it does not intend

3  to investigate any alleged violations.

4                                **THE PARTIES**

5      7)  Plaintiff ROBERT ACHESON (hereinafter "Acheson" or "Plaintiff") is a resident of Santa

6  Clara County in the State of California.

7      8)  Defendant G.A.L.A., INC. was and is, upon information and belief, a Delaware

8  corporation doing business in California, and at all times hereinafter mentioned, an employer

9  whose employees are engaged throughout this county, the State of California, or the various states

10  of the United States of America.

11     9)  Defendant GIORGIO ARMANI CORPORATION was and is, upon information and

12  belief, a New York corporation doing business in California, and at all times hereinafter

13  mentioned, an employer whose employees are engaged throughout this county, the State of

14  California, or the various states of the United States of America.

15     10) Defendant PRESIDIO INTERNATIONAL, INC. was and is, upon information and belief,

16  a Delaware corporation doing business in California, and at all times hereinafter mentioned, an

17  employer whose employees are engaged throughout this county, the State of California, or the

18  various states of the United States of America.

19     11) Plaintiff is unaware of the true names or capacities of Defendants sued herein under the

20  fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named

21  Defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities

22  become known.

23     12) Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the partners,

24  agents, owners, shareholders, managers or employees of G.A.L.A., INC., GIORGIO ARMANI

25  CORPORATION and/or PRESIDIO INTERNATIONAL, INC., and were acting on behalf of

26  G.A.L.A., INC., GIORGIO ARMANI CORPORATION and/or PRESIDIO INTERNATIONAL,

27  INC.

28     13) Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and

1  omissions alleged herein was performed by, or is attributable to G.A.L.A., INC., GIORGIO

2  ARMANI CORPORATION and/or PRESIDIO INTERNATIONAL, INC. and DOES 1-10

3  (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on

4  the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the

5  official policy of, Defendants.

6      14) At all times herein mentioned, Defendants, and each of them, ratified each and every act or

7  omission complained of herein.  At all times herein mentioned, Defendants, and each of them,

8  aided and abetted the acts and omissions of each and all the other Defendants in proximately

9  causing the damages herein alleged.

10     15) Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in

11  some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

12  occurrences, and transactions alleged herein.

13                    **CLASS ACTION ALLEGATIONS**

14     16) Plaintiff brings this action on his own behalf, as well as on behalf of each and all other

15  persons similarly situated, and thus, seeks class certification under California Code of Civil

16  Procedure § 382.

17     17) All claims alleged herein arise under California law for which Plaintiff seeks relief

18  authorized by California law.

19     18) The proposed class is comprised of and defined as:

20          All non-exempt or hourly paid employees who have been employed by Defendants in the

21          State of California within four years prior to the filing of this complaint until resolution of

22          this lawsuit.

23     19) There is a well defined community of interest in the litigation and the class is easily

24  ascertainable:

25          a.    Numerosity:  The members of the class (and each subclass, if any) are so numerous

26  that joinder of all members would be unfeasible and impractical.  The membership of the entire

27  class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one-

28  hundred (100) individuals and the identity of such membership is readily ascertainable by

1  inspection of Defendants' employment records.

2      b.    <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the

3  interests of each class member with whom he has a well defined community of interest, and

4  Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

5      c.    <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately, protect the

6  interests of each class member with whom he has a well-defined community of interest and

7  typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to

8  make known to the Court any relationship, conflicts or differences with any class member.

9  Plaintiff's attorneys and the proposed class counsel are versed in the rules governing class action

10  discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this

11  action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily

12  expended for the prosecution of this action for the substantial benefit of each class member.

13      d.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication

14  superior to other methods.  Class action will achieve economies of time, effort and expense as

15  compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can

16  be adjudicated in the same manner and at the same time for the entire class.

17      e.    <u>Public Policy Considerations</u>:  Employers of the state violate employment and labor

18  laws every day.  Current employees are often afraid to assert their rights out of fear of direct or

19  indirect retaliation.  Former employees are fearful of bringing actions because they believe their

20  former employers may damage their future endeavors through negative references and/or other

21  means.  Class actions provide the class members who are not named in the complaint with a type

22  of anonymity that allows for the vindication of their rights at the same time as their privacy is

23  protected.

24      20) There are common questions of law and fact as to the class (and each subclass, if any) that

25  predominate over questions affecting only individual members, including but not limited to:

26      a.    Whether Defendants' failure to pay wages, without abatement or reduction, in

27  accordance with the <u>California Labor Code</u>, was willful;

28      b.    Whether Defendants required Plaintiff and the other class members to work over

1  eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and

2  failed to pay legally required overtime compensation to Plaintiff and the other class members;

3         c.      Whether Defendants failed to promptly pay all wages due to Plaintiff and the other

4  class members upon their discharge or resignation;

5         d.      Whether Defendants deprived Plaintiff and the other class members of meal periods

6  or required Plaintiff and the class members to work during meal periods without compensation;

7         e.      Whether Defendants deprived Plaintiff and the other class members of rest periods

8  or required Plaintiff and the class members to work during rest periods without compensation;

9         f.      Whether Defendants required Plaintiff and the other class members to work split

10  shifts and failed to pay all legally required wages to Plaintiff and other class members for working

11  split shifts;

12         g.      Whether Defendants complied with wage reporting as required by the California

13  Labor Code, including but not limited to section 226;

14         h.      Whether Defendants' conduct was willful or reckless;

15         i.      Whether Defendants engaged in unfair business practices in violation of California

16  Business & Professions Code §§ 17200, et seq.; and

17         j.      The appropriate amount of damages, restitution, or monetary penalties resulting

18  from Defendants' violations of California law.

19                              **GENERAL ALLEGATIONS**

20      21) At all times set forth, Defendants employed Plaintiff and other persons as non-exempt or

21  hourly paid employees.

22      22) Defendants employed Plaintiff as an "Associate Manager," which is a non-exempt or

23  hourly paid position, from on or about June 2007 to on or about September 2007, at Santa Clara,

24  California business locations.

25      23) Defendants continue to employ non-exempt or hourly paid employees within California.

26      24) Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

27  Defendants were advised by skilled lawyers and other professionals, employees and advisors

28  knowledgeable about California labor and wage law, employment and personnel practices, and

1   about the requirements of California law.

2      25) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

3   have known that Plaintiff and other members of the class were entitled to receive certain wages for

4   overtime compensation and that they were not receiving certain wages for overtime compensation.

5      26) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

6   have known that Plaintiff and other class members were entitled to receive all the wages owed to

7   them upon discharge.

8      27) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

9   have known that Plaintiff and other class members were entitled to receive complete and accurate

10  wage statements in accordance with California law.

11     28) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

12  have known that Plaintiff and other class members were entitled to receive all meal periods or

13  payment of one hour of pay at Plaintiff's and class members' regular rate of pay when a meal

14  period was missed.

15     29) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

16  have known that Plaintiff and other class members were entitled to receive all rest periods or

17  payment of one hour of pay at Plaintiff's and class members' regular rate of pay when a rest

18  period was missed.

19     30) Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

20  Defendants knew or should have known that they had a duty to compensate Plaintiff and other

21  members of the class, and that Defendants had the financial ability to pay such compensation, but

22  willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other

23  members of the class that they were properly denied wages, all in order to increase Defendants'

24  profits.

25     31) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

26  have known that Plaintiff and other class members were entitled to receive one hour's pay at

27  minimum wage when Plaintiff and other class members worked split shifts.

28     32) California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit

-7-
FIRST AMENDED COMPLAINT

1  the right of any wage claimant to "sue directly...for any wages or penalty due him [or her] under

2  this article."

3      33) At all times herein set forth, the <u>California Labor Code</u> § 2699 was applicable to Plaintiff's

4  employment by Defendants.

5      34) At all times herein set forth, <u>California Labor Code</u> § 2699, "The Labor Code Private

6  Attorneys General Act" (hereinafter "PAGA"), provides that for any provision of law under the

7  Labor Code that provides for a civil penalty to be assessed and collected by the Labor and

8  Workforce Development Agency for violation of the Labor Code, may, as an alternative, be

9  recovered through a civil action brought by an aggrieved employee on behalf of himself and other

10  current or former employees pursuant to procedures outlines in <u>California Labor Code</u> § 2699.3.

11      35) Pursuant to <u>California Labor Code</u> §2699, a civil action under PAGA may be brought by

12  an "aggrieved employee," who is any person that was employed by the alleged violator and

13  against whom one or more of the alleged violations was committed.

14      36) Plaintiff was employed by the Defendants and the alleged violations were committed

15  against him during his time of employment and is therefore, an aggrieved employee.

16      37) Pursuant to <u>California Labor Code</u> §§ 2699.3 and 2699.5, an aggrieved employee,

17  including Plaintiff may as a matter of right amend an existing complaint to add a cause of action

18  arising under Labor Code §2699 only after the following requirements have been met:

19      a.  The aggrieved employee shall give written notice (hereinafter "Notice") by

20          certified mail to the Labor and Workforce Development Agency (hereinafter

21          "Agency") and the employer of the specific provisions of the Labor Code alleged to

22          have been violated, including the facts and theories to support the alleged violation.

23      b.  The Agency shall notify the employer and the aggrieved employee by certified mail

24          that it does not intend to investigate the alleged violation within thirty (30) calendar

25          days of the postmark date of the Notice. Upon receipt of the Notice or if no Notice

26          is provided within thirty-three (33) calendar days of the postmark date of the

27          Notice, the aggrieved employee may amend an existing complaint within sixty days

28          of receiving the Notice that the Agency does not intend to investigate the alleged

1    violation, to add a cause of action pursuant to Labor Code §2699 to recover civil

2    penalties in addition to any other penalties that the employee may be entitled to.

3    38) Plaintiff provided written notice by certified mail to the Agency and the Defendant of the

4    specific provisions of the Labor Code alleged to have been violated on April 28, 2008, including

5    the facts and theories to support the alleged violations.

6    39) The Agency notified Defendant and Plaintiff by certified mail on June 10, 2008, that it did

7    not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date

8    of the Notice.

9    40) Plaintiff has, therefore, satisfied the requirements of California Labor Code §2699.3 and

10    may amend his existing complaint and recover civil penalties, in addition to other remedies, for

11    violations of California Labor Code §§ 201, 202, 204, 226(a), 226.7(a), 510, 1198, and 512(a).

12    <u>**FIRST CAUSE OF ACTION**</u>

13    **Violation of <u>California Labor Code</u> §§ 510 and 1198**

14    **(Against all Defendants)**

15    41) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

16    allegations set out in paragraphs 1 through 40.

17    42) California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC")

18    Wage Order provide that it is unlawful to employ persons without compensating them at a rate of

19    pay either time-and-one-half or two-times that person's regular rate of pay, depending on the

20    number of hours worked by the person on a daily or weekly basis.

21    43) Specifically, the applicable IWC Wage Order provides that Defendants are and were

22    required to pay Plaintiff and the other class members employed by Defendants, and working more

23    than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-

24    one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in

25    a workweek.

26    44) The applicable IWC Wage Order further provides that Defendants are and were required to

27    pay Plaintiff and the other class members employed by Defendants, and working more than twelve

28    (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

1    45) <u>California Labor Code</u> § 510 codifies the right to overtime compensation at one-and-one-

2    half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty

3    (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to

4    overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12)

5    hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

6    46) During the relevant time period, Plaintiff and the other class members consistently worked

7    in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, or in excess of forty

8    (40) hours in a week.

9    47) During the relevant time period, Defendants willfully failed to pay all overtime wages

10   owed to Plaintiff and the other class members.

11   48) During the relevant time period, Plaintiff and the other class members regularly received

12   incentives in the form of bonuses which were not incorporated in Plaintiff's and the other class

13   members' overtime compensation.

14   49) Defendants' failure to pay Plaintiff and the other class members the unpaid balance of

15   overtime compensation, as required by California laws, violates the provisions of <u>California Labor</u>

16   <u>Code</u> §§ 510 and 1198, and is therefore unlawful.

17   50) Pursuant to <u>California Labor Code</u> § 1194, Plaintiff and other class members are entitled to

18   recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

19   Pursuant to <u>California Labor Code</u> § 2699(f) and (g), Plaintiff, the other class members, and all

20   aggrieved employees are entitled to recover civil penalties in the amount of one hundred dollars

21   ($100) for each aggrieved employee per pay period for the initial violation and two hundred

22   dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus

23   costs and attorney's fees, for violations of the <u>Labor Code</u> §§ 510 and 1198.

24                              **<u>SECOND CAUSE OF ACTION</u>**

25                    **Violation of <u>California Labor Code</u> §§ 201 and 202**

26                              **(Against all Defendants)**

27   51) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

28   allegations set out in paragraphs 1 through 50.

1    52) At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an

2    employer discharges an employee, the wages earned and unpaid at the time of discharge are due

3    and payable immediately, and that if an employee voluntarily leaves his or her employment, his or

4    her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless

5    the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in

6    which case the employee is entitled to his or her wages at the time of quitting.

7    53) During the relevant time period, Defendants willfully failed to pay Plaintiff and the other

8    class members who are no longer employed by Defendants their wages, earned and unpaid, either

9    at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

10    54) Defendants' failure to pay Plaintiff and those class members who are no longer employed

11    by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

12    hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and

13    202.

14    55) California Labor Code § 203 provides that if an employer willfully fails to pay wages

15    owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a

16    penalty from the due date, and at the same rate until paid or until an action is commenced; but the

17    wages shall not continue for more than thirty (30) days.

18    56) Plaintiff and the other class members are entitled to recover from Defendants the statutory

19    penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day

20    maximum pursuant to California Labor Code § 203.

21    57) Pursuant to California Labor Code § 2699(f) and (g), Plaintiff, the other class members,

22    and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred

23    dollars ($100) for each aggrieved employee per pay period for the initial violation and two

24    hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation,

25    plus costs and attorney's fees, for violations of the Labor Code §§ 201 and 202.

26

27

28

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code § 204**

**(Against all Defendants)**

58) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 57.

59) California Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

60) California Labor Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

61) California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

62) During the relevant time period, Defendants willfully failed to pay Plaintiff and the other class members the regular and overtime wages due to them, within any time period permissible by California Labor Code § 204.

63) Plaintiff and the other class members are entitled to recover all statutory penalties and remedies available for violations of California Labor Code § 204.

64) Pursuant to California Labor Code § 2699(f) and (g), Plaintiff, the other class members, and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of the Labor Code § 204.

## FOURTH CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §§ 226.7(a) and 512(a)

### (Against all Defendants)

65) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 64.

66) . At all times herein set forth, the California IWC Order and <u>California Labor Code</u> §§ 226.7(a) and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

67) At all times herein set forth, <u>California Labor Code</u> § 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

68) At all times herein set forth, <u>California Labor Code</u> § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

69) At all times herein set forth, <u>California Labor Code</u> § 512(a) further provides that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

70) During the relevant time period, Plaintiff and the other members of the class who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

1    71) During the relevant time period, Plaintiff and the other class members who were scheduled

2    to work for a period of time in excess of six (6) hours were required to work for periods longer

3    than five (5) hours without a meal period of not less than thirty (30) minutes.

4        72) During the relevant time period, Plaintiff and other members of the class who were

5    scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did

6    not waive their legally-mandated meal periods by mutual consent were required to work in excess

7    of ten (10) hours without receiving a second meal period of not less than thirty (30) minutes.

8        73) During the relevant time period, Defendants required Plaintiff and other members of the

9    class to work during meal periods and failed to compensate Plaintiff and members of the class for

10   work performed during meal periods.

11       74) Defendants' conduct violates applicable IWC Wage Orders, and California Labor Code §§

12   226.7(a) and 512(a).

13       75) Pursuant to California Labor Code § 226.7(b), Plaintiff and other members of the class are

14   entitled to recover from Defendants one additional hour of pay at the employee's regular hourly

15   rate of compensation for each work day that the meal period was not provided.

16       76) Pursuant to California Labor Code § 2699(f) and (g), Plaintiff, the other class members,

17   and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred

18   dollars ($100) for each aggrieved employee per pay period for the initial violation and two

19   hundred dollars ($200) for each aggrieved employee per pay period 226.7(a) and 512(a).

20                              **FIFTH CAUSE OF ACTION**

21                     **Violation of <u>California Labor Code</u> § 226.7(a)**

22                          **(Against all Defendants)**

23       77) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

24   allegations set out in paragraphs 1 through 76.

25       78) At all times herein set forth, the California IWC Order and California Labor Code §

26   226.7(a) were applicable to Plaintiff's and other class members' employment by Defendants.

27       79) At all times herein set forth, California Labor Code § 226.7(a) provides that no employer

28   shall require an employee to work during any rest period mandated by an applicable order of the

                                   -14-

1 | California IWC.

2 |    80) During the relevant time period, Defendants required Plaintiff and other members of the

3 | class to work in excess of four (4) hours without providing a ten (10) minute rest period.

4 |    81) During the relevant time period, Defendants required Plaintiff and other members of the

5 | class to work an additional four (4) hours without providing a second ten (10) minute rest period.

6 |    82) During the relevant time period, Defendants willfully required Plaintiff and other members

7 | of the class to work during rest periods and failed to compensate Plaintiff and members of the

8 | class for work performed during rest periods."

9 |    83) Defendants' conduct violates applicable IWC Wage Orders and California Labor Code §

10 | 226.7(a).

11 |    84) Pursuant to California Labor Code § 226.7(b), Plaintiff and other members of the class are

12 | entitled to recover from Defendants one additional hour of pay at the employees' regular rate of

13 | compensation for each work day that the rest period was not provided.

14 |    85) Pursuant to California Labor Code § 2699(f) and (g), Plaintiff, the other class members,

15 | and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred

16 | dollars ($100) for each aggrieved employee per pay period for the initial violation and two

17 | hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation,

18 | plus costs and attorney's fees, for violations of the Labor Code § 226.7(a).

19 | **SIXTH CAUSE OF ACTION**

20 | **Violation of California Code of Regulations § 11070 (4)(C)**

21 | **(Against all Defendants)**

22 |    86) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

23 | allegations set out in paragraphs 1 through 85.

24 |    87) Section 4(C) of the California Code of Regulations § 11070 and IWC Wage Order 7-2001

25 | provides that "[w]hen an employee works for a split shift, one (1) hour's pay at the minimum

26 | wage shall be paid in addition to the minimum wage for that workday, except when the employee

27 | resides at the place of employment." Section 2(M) defines "split shift" as a "work schedule,

28 | which is interpreted by non-paid working periods established by the employer, other than bona

1    fide rest or meal periods."

2        88) During the relevant time period, Plaintiff and the other class members did not reside at

3    their place of employment with Defendants.

4        89) During the relevant time period, Defendants have required Plaintiff and other class

5    members to work split shifts.  Defendants have failed to pay the required compensation for the

6    split shift in the amount of one hour at the minimum wage for each day that the employee was

7    required to work a split shift.

8        90) Defendants have committed and continue to commit the acts alleged herein knowingly and

9    willfully, with the wrongful and deliberate intention of injuring Plaintiff and the other class

10   members, from improper motives amount to malice, and in conscious disregard of Plaintiff's and

11   other class members' rights.

12       91) Defendants' failure to pay Plaintiff and the other class members wages for working split

13   shifts, as required by California laws, violates Section 4(C) of the California Code of Regulations

14   § 11070 and IWC Wage Order 7-2001, and is therefore unlawful.

15       92) Pursuant to California Labor Code § 1194, Plaintiff and other class members are entitled to

16   recover their unpaid minimum wage compensation, as well as interest, costs, and attorneys' fees.

17                              **SEVENTH CAUSE OF ACTION**

18                      **Violation of California Labor Code § 226(a)**

19                              **(Against all Defendants)**

20       93) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

21   allegations set out in paragraphs 1 through 92.

22       94) Defendants have intentionally and willfully failed to provide employees with complete and

23   accurate wage statements that fully comply with California Labor Code § 226(a) requirements.

24       95) As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the

25   other class members have suffered injury and damage to their statutorily-protected rights.

26       96) Specifically, Plaintiff and the other class members have been injured by Defendants'

27   intentional violation of California Labor Code § 226(a) because they were denied both their legal

28   right to receive, and their protected interest in receiving, accurate, itemized wage statements under

1 | California Labor Code § 226(a).

2 |    97) Plaintiff and the other class members are entitled to recover from Defendants the greater of

3 | their actual damages caused by Defendants' failure to comply with California Labor Code §

4 | 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

5 |    98) Plaintiff and the other class members are also entitled to an award of costs and reasonable

6 | attorneys' fees pursuant to California Labor Code § 226(e).

7 |    99) Plaintiff and the other class members are also entitled to injunctive relief to ensure

8 | compliance with this section, pursuant to California Labor Code § 226(g).

9 |    100)     Pursuant to California Labor Code § 2699(f) and (g), Plaintiff, the other class

10 | members, and all aggrieved employees are entitled to recover civil penalties in the amount of one

11 | hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and

12 | two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

13 | violation, plus costs and attorney's fees, for violations of the Labor Code § 226(a).

14 | **EIGHTH CAUSE OF ACTION**

15 | **Violation of California Business & Professions Code §§ 17200, et seq.**

16 | **(Against all Defendants)**

17 |    101)     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

18 | material allegations set out in paragraphs 1 through 100.

19 |    102)     Defendants' conduct, as alleged in this complaint, has been, and continues to be,

20 | unfair, unlawful, and harmful to the Plaintiff, the other members of the class, and the general

21 | public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning

22 | of Code of Civil Procedure § 1021.5.

23 |    103)     Defendants' activities as alleged herein are violations of California law, and

24 | constitute unlawful business acts and practices in violation of California Business & Professions

25 | Code §§ 17200, et seq.

26 |    104)     A violation of California Business & Professions Code §§ 17200, et seq. may be

27 | predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and

28 | practice of requiring non-exempt or hourly paid employees, including Plaintiff and class members,

1   to work overtime without paying them proper compensation violates <u>California Labor Code</u> §§

2   510 and 1198.  Additionally, Defendants' policy and practice of requiring non-exempt or hourly

3   employees, including Plaintiff and class members, to work through their rest periods without

4   paying them proper compensation violates <u>California Labor Code</u> §§ 226.7(a) and 512(a).

5   Defendants' policy and practice of failing to pay Plaintiff and those class members who are no

6   longer employed by Defendants their wages earned and unpaid at the time of discharge, or within

7   seventy-two hours of their leaving Defendants' employ, is a violation of <u>California Labor Code</u> §§

8   201 and 202.

9      105)     Plaintiff and the putative class members have been personally aggrieved by

10   Defendants' unlawful business acts and practices alleged herein by the loss of money or property.

11      106)     Pursuant to <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>, Plaintiff and

12   the putative class members are entitled to restitution of the wages withheld and retained by

13   Defendants during a period that commences four years prior to the filing of this complaint; a

14   permanent injunction requiring Defendants to pay all outstanding wages due to class members; an

15   award of attorneys' fees pursuant to <u>California Code of Civil Procedure</u> § 1021.5 and other

16   applicable laws; and an award of costs.

17                    **<u>REQUEST FOR JURY TRIAL</u>**

18      Plaintiff requests a trial by jury.

19                     **<u>PRAYER FOR RELIEF</u>**

20      Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment

21   against Defendants, jointly and severally, as follows:

22                     <u>Class Certification</u>

23   1.  That this action be certified as a class action;

24   2.  That Plaintiff be appointed as the representative of the Class; and

25   3.  That counsel for Plaintiff be appointed as Class Counsel.

26                 <u>As to the First Cause of Action</u>

27   1.  For general unpaid wages at overtime wage rates and such general and special damages as

28   may be appropriate;

1    2.   For pre-judgment interest on any unpaid overtime compensation commencing from the

2    date such amounts were due;

3    3.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California

4    Labor Code § 1194(a);

5    4.   For all civil penalties and reasonable attorney's fees and cost of suit incurred herein

6    pursuant to California Labor Code § 2699(f) and (g); and

7    5.   For such other and further relief as the Court may deem equitable and appropriate.

8                          As to the Second Cause of Action

9    1.   For all actual, consequential and incidental losses and damages, according to proof;

10   2.   For statutory penalties pursuant to California Labor Code § 203 for Plaintiff and all other

11   class members who have left Defendants' employ;

12   3.   For reasonable attorneys' fees and for costs of suit incurred herein;

13   4.   For all civil penalties and reasonable attorney's fees and cost of suit incurred herein

14   pursuant to California Labor Code § 2699(f) and (g); and

15   5.   For such other and further relief as the Court may deem equitable and appropriate.

16                          As to the Third Cause of Action

17   1.   For all actual, consequential and incidental losses and damages, according to proof;

18   2.   For statutory penalties pursuant to California Labor Code § 204 for Plaintiff and all other

19   class members;

20   3.   For pre-judgment interest on any untimely paid compensation, from the date such amounts

21   were due;

22   4.   For reasonable attorneys' fees and costs of suit incurred herein;

23   5.   For all civil penalties and reasonable attorney's fees and cost of suit incurred herein

24   pursuant to California Labor Code § 2699(f) and (g); and

25   6.   For such other and further relief as the Court may deem equitable and appropriate.

26                          As to the Fourth Cause of Action

27   1.   For all actual, consequential, and incidental losses and damages, according to proof;

28   2.   For wages pursuant to California Labor Code § 226.7(b);

3.  For reasonable attorneys' fees and costs of suit incurred herein;

4.  For all civil penalties and reasonable attorney's fees and cost of suit incurred herein pursuant to California Labor Code § 2699(f) and (g); and

5.  For such other and further relief as the Court may deem appropriate.

### As to the Fifth Cause of Action

1.  For all actual, consequential, and incidental losses and damages, according to proof;

2.  For wages pursuant to California Labor Code § 226.7(b);

3.  For reasonable attorneys' fees and costs of suit incurred herein;

4.  For all civil penalties and reasonable attorney's fees and cost of suit incurred herein pursuant to California Labor Code § 2699(f) and (g); and

5.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

1.  For general unpaid wages for working split shifts and such general and special damages as may be appropriate;

2.  For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

3.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

4.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

1.  For all actual, consequential and incidental losses and damages, according to proof;

2.  For statutory penalties pursuant to California Labor Code § 226(e);

3.  For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

4.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 226(e);

5.  For all civil penalties and reasonable attorney's fees and cost of suit incurred herein pursuant to California Labor Code § 2699(f) and (g); and

6. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

1. For restitution of unpaid wages to all class members and prejudgment interest from the day such amounts were due and payable;

2. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of <u>California Business & Professions Code</u> §§ 17200 <u>et seq.</u>;

3. For reasonable attorneys' fees and costs of suit incurred herein pursuant to <u>California Code of Civil Procedure</u> § 1021.5;

4. For injunctive relief to ensure compliance with this section, pursuant to <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>; and

5. For such other and further relief as the Court may deem equitable and appropriate.

Dated: June 27, 2008

Respectfully submitted,

Initiative Legal Group LLP

By: Mark Yablonovich
Marc Primo
Mónica Balderrama
Rebecca Labat
Linh Hua
Attorneys for Plaintiff and Aggrieved
Employees

**PROOF OF SERVICE**

1

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18)
   and not a party to this action.  My business address is: Initiative Legal Group LLP, 1800 Century Park
4  East, 2nd Floor, Los Angeles, California 90067.

5       On June 27, 2008, I served the within document(s) described below as:

6  **STIPULATION  AND [PROPOSED] ORDER TO ALLOW FILING OF**
   **FIRST AMENDED COMPLAINT**
7

8  on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes
   addressed as follows:
9

   Joanna L. Brooks
10 Timothy C. Travelstead
   JACKSON LEWIS LLP
11 199 Fremont Street, 10th Floor
   San Francisco, CA 94105
12 415.394.9401 facsimile

13

14 (X)    **MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelopes were
          mailed with postage thereon fully prepaid.
15 ( )    **PERSONAL:**  I caused such envelope to be handed delivered by a hand to the individuals at
          the addresses listed.
16 ( )    **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to
          an overnight courier service (Federal Express), for delivery to the above addressee(s).
17 ( )    **FACSIMILE:**  I caused the above-referenced document(s) to be transmitted to the above-
          named person at the telephone numbers above.
18 (X)    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the
          above is true and correct.
19

20       **EXECUTED** this document on June 27, 2008, at Los Angeles, California.

21

22                                        _____
                                                 Karen Acio
23

24

25

26

27

28

───────────────────────────────────────────────

PROOF OF SERVICE

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Marc Primo (SBN 216796), Linh Hua (247219)<br>Initiative Legal Group, LLP<br>1800 Century Park East, Second Floor<br>Los Angeles, CA 90067 | 310.556.5637 | |

ATTORNEY FOR *(Name)*:  **Plaintiff Robert Acheson**

Insert name of court and name of judicial district and branch court, if any:

**Santa Clara County Superior Courts - Downtown**

PLAINTIFF/PETITIONER:  **Robert Acheson**

DEFENDANT/ RESPONDENT:   **G.A.L.A., Inc., et al.**

| **REQUEST FOR DISMISSAL** | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>    ☐ Motor Vehicle    ☐ Other<br>☐ Family Law<br>☐ Eminent Domain<br>☑ Other *(specify)* :  Employment Law | **107 CV 099461** |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:

   a. (1) ☐ With prejudice   (2) ☑ Without prejudice

   b. (1) ☐ Complaint    (2) ☐ Petition
   
   (3) ☐ Cross-complaint filed by *(name)*:                              on *(date)*:
   
   (4) ☐ Cross-complaint filed by *(name)*:                              on *(date)*:
   
   (5) ☐ Entire action of all parties and all causes of action
   
   (6) ☑ Other *(specify)*:*  Defendant G.A.L.A., Inc. and Defendant Giorgio Armani, Corp.

Date:  01.22.08

Linh Hua
........................................................................
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only or of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► *(signature)*
(SIGNATURE)

Attorney or party without attorney for:
☑ Plaintiff/Petitioner          ☐ Defendant/Respondent
☐ Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date:  01.22.08

Linh Hua
........................................................................
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint·or Response (Family Law) seeking affirmative relief ·is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► *(signature)*
(SIGNATURE)

Attorney or party without attorney for:
☑ Plaintiff/Petitioner          ☐ Defendant/Respondent
☐ Cross - complainant

*(To be completed by clerk)*

3. ☐ Dismissal entered as requested on *(date)*:

4. ☐ Dismissal entered on *(date)*:                          as to only *(name)*:

5. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

6. ☐ a. Attorney or party without attorney notified on *(date)*:
      b. Attorney or party without attorney not notified. Filing party failed to provide
         ☐ a copy to conformed ☐ means to return conformed copy

Date:                              Clerk, by _____ , Deputy

Page 1 of 1

| Form Adopted for Mandatory use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>— Marc Primo (SBN 216796), Linh Hua (247419)<br>Initiative Legal Group LLP<br>1800 Century Park East, Second Floor<br>Los Angeles, CA 90067<br>ATTORNEY FOR *(Name)*:  Plaintiff Robert Acheson | TELEPHONE NO.:<br>310.556.5637 | FOR COURT USE ONLY |
|---|---|---|

Insert name of court and name of judicial district and branch court, if any:

Santa Clara County Superior Court - Downtown

PLAINTIFF/PETITIONER:  Robert Acheson

DEFENDANT/RESPONDENT:  G.A.L.A., Inc., et al.

| NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE<br>☐ Personal Injury, Property Damage, or Wrongful Death<br>    ☐ Motor Vehicle    ☐ Other<br>☐ Family Law<br>☐ Eminent Domain<br>☑ Other *(specify):*  Employment Law | CASE NUMBER:<br><br>107 CV 099461 |
|---|---|

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the Request for Dismissal. *(Attach a copy completed by the clerk.)*

Date:  01.22.08

Linh Hua ........................................................    ▶        *(signature)*
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                                    (SIGNATURE)

---

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred. My residence or business address is:

2. ☑  I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. ☑  I deposited the envelope with the United States Postal Service.
   b. ☐  I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit:  01.23.08
   d. Place of deposit *(city and state):*  Los Angeles, California
   e. Addressed as follows *(name and address)*:

   Joanna L. Brooks, Esq., Timothy C. Travelstead, Esq.
   Jackson Lewis LLP, 199 Fremont Street, 10th Floor, San Francisco, CA 94105

3. ☐  I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by personally delivering copies to the person served as shown below:
   Name:                    Date:            Time:            Address:

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date:  01.23.08
   Karen Acio ......................................    ▶        *(signature)*
   (TYPE OR PRINT NAME)                                          (SIGNATURE OF DECLARANT)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-120 [Rev. January 1, 2007] | **NOTICE OF ENTRY OF DISMISSAL**<br>**AND PROOF OF SERVICE** | Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

 **INITIATIVE LEGAL GROUP** LLP

### Via Facsimile

| | |
|---|---|
| **To:** | Joanna L. Brooks |
| | Timothy C. Travelstead |
| | JACKSON LEWIS LLP |
| | 199 Fremont Street, 10th Floor |
| | San Francisco, CA 94105 |
| | 415.394.9401 facsimile |
| | |
| **From:** | Karen Acio |
| | Legal Assistant to |
| | Monica Balderrama, Esq. |
| | Rebecca Labat, Esq. |
| | Linh Hua, Esq. |
| | 310.556.5637 main |
| | 310.861.9051 facsimile |
| | |
| **Date:** | March 28, 2008 |
| | |
| **Subject:** | Acheson v. G.A.L.A. et al. (Case No. 107 CV 099461) |
| | |
| | **CASE MANAGEMENT STATEMENT** |

**Total Pages:** 6 (including cover)

This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the use of the addressee(s) named below. If you are not the intended recipient of this facsimile or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address below via U.S. Postal Service. Thank you.

1800 Century Park East, 2nd floor ■ Los Angeles, California 90067
310.556.5637 Main ■ 310.861.9051 Fax ■ www.InitiativeLegal.com

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Marc Primo (216796), Monica Balderrama (196424), Linh Hua (247419)<br>Initiative Legal Group LLP<br>1800 Century Park East, Second Floor<br>Los Angeles, CA 90067<br>  TELEPHONE NO.: 310.556.5637   FAX NO. *(Optional):* 310.861.9051<br>E-MAIL ADDRESS *(Optional):* MBalderrama@InitiativeLegal.com<br>  ATTORNEY FOR *(Name):* Plaintiff Robert Acheson | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Robert Acheson

DEFENDANT/RESPONDENT: G.A.L.A., Inc., et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☑ UNLIMITED CASE   ☐ LIMITED CASE<br>  (Amount demanded     (Amount demanded is $25,000<br>  exceeds $25,000)     or less) | 107CV099461 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 15, 2008    Time: 2:15 p.m.    Dept: 5    Div.:    Room:

Address of court *(if different from the address above):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff Robert Acheson
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 11.21.07
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   *(describe, including causes of action):*
      Plaintiff alleges 6 causes of action: (1) Violation of CLC § 501,1198 (unpaid overtime), (2) Violation
      of CLC § 201,202 (wages not paid upon termination), (3) Violation of § 204 (failure to pay wages),
      (4) Violation of CLC § 226.7(a)(denial of rest breaks), (5) Violation of § 226(a) (improper wage
      statements); (6) Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (Unfair Competition Laws).

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Robert Acheson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: G.A.L.A., Inc., et al. | 107CV099461 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges Defendant denied Plaintiff and putative class members proper overtime compensation. Plaintiff also alleges Defendant violated record keeping laws, failed to pay waiting time penalties, failed to pay all wages upon termination of employment, failed to provide rest breaks or compensation for missed rest breaks. Plaintiff also alleges these acts jointly and severally constitute unfair business practices. Plaintiff will seek leave to amend his Complaint to include allegations for Defendant's failure to properly provide meal periods or compensation for missed periods.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* It is premature to specify days as class cert. will greatly increase length of trial.
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: Robert Acheson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: G.A.L.A., Inc., et al. | 107CV099461 |

10. d.    The party or parties are willing to participate in (check all that apply):

    (1) ☑ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other (specify):

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement (name):

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other (specify):

    Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

       (1) Name of case:

       (2) Name of court:

       (3) Case number:

       (4) Status:

      ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**

    ☑ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

    Plaintiff's Motion for Leave to Amend Complaint; Plaintiff's Motion for Class Certification; Plaintiff's Motion to Compel Defendant's Responses to Special Interrogatory No. 1

CM-110

| PLAINTIFF/PETITIONER: Robert Acheson | CASE NUMBER: |
| DEFENDANT/RESPONDENT: G.A.L.A., Inc., et al. | 107CV099461 |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| Plaintiff | Written Discovery | July 2008 |
| Plaintiff | Deposition of Defendant's Corporate Representative (PMQ) | August 2008 |

   c. ☑ The following discovery issues are anticipated *(specify):*
   Production of witness names and contact information

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

20. **Meet and confer**
   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*
   The parties have agreed to schedule and complete a mediation within the next few months.

21. **Case management orders**
   Previous case management orders in this case are *(check one):*   ☑ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 03.28.08

| Linh Hua | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

CM-110 [Rev. January 1, 2007]            **CASE MANAGEMENT STATEMENT**            Page 4 of 4

## PROOF OF SERVICE

1

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3     I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park
4 East, 2nd Floor, Los Angeles, California 90067.

5     On March 28, 2008, I served the within document(s) described below as:

6 **CASE MANAGEMENT STATEMENT**

7
on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes
8 address as follows:

9     Joanna L. Brooks
      Timothy C. Travelstead
10    JACKSON LEWIS LLP
      199 Fremont Street, 10th Floor
11    San Francisco, CA 94105
12    415.394.9401 facsimile

13 (X) **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were
      mailed with postage thereon fully prepaid.
14 ( ) **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at
      the addresses listed.
15 ( ) **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to
      an overnight courier service (Federal Express), for delivery to the above addressee(s).
16 (X) **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-
17    named person at the telephone numbers above.
   ( ) **ELECTRONIC MAIL:** By agreement.
18 (X) **(STATE)** I declare under penalty of perjury under the laws of the State of California that the
      above is true and correct.
19

20     **EXECUTED** this document on March 28, 2008, at Los Angeles, California.

21

22                                      _____
23                                              Karen Acio

24

25

26

27

28

PROOF OF SERVICE

1  INITIATIVE LEGAL GROUP LLP
   Mark Yablonovich (SBN 186670)
2  Marc Primo (SBN 216796)
   Mónica Balderrama (SBN 196424)
3  Rebecca Labat (SBN 221241)
   Linh Hua (SBN 247419)
4  Initiative Legal Group LLP
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051
   1800 Century Park East, 2nd Floor
7  Los Angeles, California 90067
   Telephone: (310) 556-5637
8  Facsimile: (310) 861-9051

9  Attorneys for Plaintiff

10 JACKSON LEWIS LLP
   JoAnna L. Brooks (SBN 182986)
11 199 Fremont Street, 10th Floor
   San Francisco, California 94105
12 Telephone: (415) 394-9400
   Facsimile: (415) 394-9401

13

   Attorneys for Defendants
14

15          SUPERIOR COURT OF THE STATE OF CALIFORNIA

16              FOR THE COUNTY OF SANTA CLARA

17
   ROBERT ACHESON, individually, and on        Case No. 107 CV 099461
18 behalf of other members of the general public
   similarly situated,                         CLASS ACTION
19
20              Plaintiff,                      STIPULATION AND [PROPOSED]
                                                PROTECTIVE ORDER CONCERNING
21       vs.                                    DISCOVERY AND CONFIDENTIAL
                                                INFORMATION
22 G.A.L.A., INC., a Delaware corporation;
   GIORGIO ARMANI CORPORATION, a New
23 York corporation; PRESIDIO
   INTERNATIONAL, INC., a Delaware
24 Corporation; and DOES 1 through 10, inclusive,

25
                Defendants.
26

27

28

                               -1-

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will likely involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Furthermore, the parties desire to memorialize their agreement regarding inadvertent production of privileged materials and/or materials protected by the attorney work product doctrine. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2.     DEFINITIONS

2.1     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic data, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     Confidential Information or Items: information (regardless of how generated, stored or maintained) or tangible things that (a) reveal confidential and/or proprietary information regarding Defendant, or its parent or affiliates; and/or (b) reveal personal, identifying and/or confidential information about any third party, including such types of information as are protected by the California constitutional right of privacy; and/or (c) reveal information that pertains in any way to allegations of employee misconduct of any manner on the part of Plaintiff; and/or (d) reveal personal, medical and/or financial information about any Party.

2.4     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 <u>Privileged Material</u>: all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter that are subject the attorney-client privilege and/or the attorney work product doctrine.

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their internal support staffs).

2.10 <u>House Counsel</u>: attorneys who are employees of a Party (as well as their internal support staffs).

2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected

1  Material.

2      4.    <u>DURATION</u>

3          Even after the termination of this litigation, the confidentiality obligations imposed

4  by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

5  order otherwise directs.

6      5.    <u>DESIGNATING PROTECTED MATERIAL</u>

7          5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

8  Party or non-party that designates information or items for protection under this Order must take

9  care to limit any such designation to specific material that qualifies under the appropriate

10  standards.  Mass, indiscriminate, or routinized designations are prohibited.

11          If it comes to a Party's or a non-party's attention that information or items that it

12  designated for protection do not qualify for protection at all, or do not qualify for the level of

13  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

14  withdrawing the mistaken designation.

15          5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

16  Order (<i>see, e.g.</i>, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

17  material that qualifies for protection under this Order must be clearly so designated before the

18  material is disclosed or produced.

19          Designation in conformity with this Order requires:

20          (a)    <u>for information in documentary form</u> (apart from transcripts of

21  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

22  "CONFIDENTIAL" at the top, bottom or right margin of each page that contains protected

23  material or, alternatively, on the first page of a multi-page document, if the entire document is

24  protected.  If only a portion or portions of the material on a page qualifies for protection, the

25  Producing Party should endeavor to identify the protected portion(s) (<i>e.g.</i>, by making appropriate

26  markings in the margins) and specify, for each portion, the level of protection being asserted

27  (either "CONFIDENTIAL").

28          A Party or non-party that makes original documents or materials available for

-4-

1  inspection need not designate them for protection until after the inspecting Party has indicated

2  which material it would like copied and produced.  During the inspection and before the

3  designation, all of the material made available for inspection shall be deemed

4  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

5  produced, the Producing Party must determine which documents, or portions thereof, qualify for

6  protection under this Order, then, before producing the specified documents, the Producing Party

7  must affix the legend "CONFIDENTIAL" at the top, bottom or right margin of each page that

8  contains Protected Material.  If only a portion or portions of the material on a page qualifies for

9  protection, the Producing Party also should endeavor to identify the protected portion(s) (*e.g.*, by

10  making appropriate markings in the margins).

11                (b)    for testimony given in deposition or in other pretrial or trial

12  proceedings, that the Party or non-party offering or sponsoring, or giving the testimony identify on

13  the record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

14  and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is

15  impractical to identify separately each portion of testimony that is entitled to protection, and when

16  it appears that substantial portions of the testimony may qualify for protection, the Party or non-

17  party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition

18  or proceeding is concluded) a right to, during the time allocated for the witness to review and

19  execute the deposition transcript, identify the specific portions of the testimony as to which

20  protection is "CONFIDENTIAL" during this review period.

21            Transcript pages containing Protected Material must be separately bound by the

22  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

23  instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

24                (c)    for information produced in some form other than documentary, and

25  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

26  the container or containers in which the information or item is stored the legend

27  "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing

28  Party, to the extent practicable, should identify the protected portions.

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

6.3   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. Because the burden of

-6-

1    establishing the appropriateness of the confidentiality designation ultimately falls on the

2    Designating Party, in the event that the challenging party files and serves a reply brief in support

3    of its motion, the Designating Party shall, unless otherwise ordered, be entitled to file and serve a

4    sur-reply brief of the same length permitted for reply briefs.

5           Until the court rules on the challenge, all parties shall continue to afford the

6    material in question the level of protection to which it is entitled under the Producing Party's

7    designation.

8       7.      ACCESS TO AND USE OF PROTECTED MATERIAL

9       7.1     Basic Principles. A Receiving Party may use Protected Material that is

10    disclosed or produced by another Party or by a non-party in connection with this case only for

11    prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

12    disclosed only to the categories of persons and under the conditions described in this Order. When

13    the litigation has been terminated, a Receiving Party must comply with the provisions of section

14    11, below (FINAL DISPOSITION).

15           Protected Material must be stored and maintained by a Receiving Party at a

16    location and in a secure manner that ensures that access is limited to the persons authorized under

17    this Order.

18       7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

19    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

20    disclose any information or item designated CONFIDENTIAL only to:

21           (a)     the Receiving Party's Counsel in this action;

22           (b)     the officers, directors, and employees of the Receiving Party to

23    whom disclosure is reasonably necessary for this litigation;

24           (c)     experts (as defined in this Order) of the Receiving Party to whom

25    disclosure is reasonably necessary for this litigation;

26           (d)     the Court and its personnel;

27           (e)     court reporters, their staffs, and professional vendors to whom

28    disclosure is reasonably necessary for this litigation;

1           (f)     during their depositions, witnesses in the action to whom disclosure

2  is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that

3  reveal Protected Material must be separately bound by the court reporter and may not be disclosed

4  to anyone except as permitted under this Stipulated Protective Order; or

5           (g)     the author of the document or the original source of the information.

6     8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

7  OTHER LITIGATION

8        If a Receiving Party is served with a subpoena or an order issued in other litigation

9  that would compel disclosure of any information or items designated in this action as

10  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax,

11  if possible) immediately and in no event more than three court days after receiving the subpoena

12  or order.  Such notification must include a copy of the subpoena or court order.

13        The Receiving Party also must immediately inform in writing the party who caused

14  the subpoena or order to issue in the other litigation that some or all the material covered by the

15  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

16  deliver a copy of this Stipulated Protective Order promptly to the party in the other action that

17  caused the subpoena or order to issue.

18        The purpose of imposing these duties is to alert the interested parties to the

19  existence of this Protective Order and to afford the Designating Party in this case an opportunity to

20  try to protect its confidentiality interests in the court from which the subpoena or order issued.

21  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

22  of its confidential material and nothing in these provisions should be construed as authorizing or

23  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

24     9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

26  Protected Material to any person or in any circumstance not authorized under this Stipulated

27  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

28  of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

1  Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all

2  the terms of this Order.

3      10.    <u>FILING PROTECTED MATERIAL</u>

4          Without written permission from the Designating Party or a court order secured

5  after appropriate notice to all interested persons, a Party may not file in the public record in this

6  action any Protected Material.

7      11.    <u>PRIVILEGED MATERIAL</u>

8          The parties shall be permitted but not obligated to review materials for privilege

9  and/or work product protection prior to producing them in this matter.  If a Producing Party

10  discovers that it has produced Privileged Material, it may notify the Receiving Party, which will

11  promptly destroy or return all copies of such Privileged Material.  Furthermore, if the Receiving

12  Party has already disclosed the Privileged Materials prior to receiving this notice, the Receiving

13  Party must take reasonable steps to retrieve the materials or ensure their destruction.  Unless

14  otherwise agreed by the parties in writing, no party shall be permitted to retain Privileged

15  Materials after receiving notification under this section, even if the parties dispute the privilege

16  and/or work product status of the materials.  If the parties subsequently agree or the Court orders

17  that such materials should be disclosed, the Producing Party will produce new copies of the

18  materials.

19      12.    <u>FINAL DISPOSITION</u>

20          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

21  days after the final termination of this action, each Receiving Party must return all Protected

22  Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

23  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

24  the Protected Material.  With permission in writing from the Designating Party, the Receiving

25  Party may destroy some or all of the Protected Material instead of returning it.  Whether the

26  Protected Material is returned or destroyed, the Receiving Party must submit a written certification

27  to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty

28  day deadline that identifies (by category, where appropriate) all the Protected Material that was

1  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

2  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

3  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

4  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

5  even if such materials contain Protected Material.  Any such archival copies that contain or

6  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

7  (DURATION), above.

8         13.    MISCELLANEOUS

9              13.1    Right to Further Relief.  Nothing in this Order abridges the right of any

10 person to seek its modification by the Court in the future.

11 ///

12 ///

13 ///

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER

1         13.2   <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this

2    Protective Order no Party waives any right it otherwise would have to object to disclosing or

3    producing any information or item on any ground not addressed in this Stipulated Protective

4    Order.  Similarly, no Party waives any right to object on any ground to use of any of the material

5    covered by this Protective Order at trial, in evidence or otherwise.

6

7                                                            Respectfully submitted,

8        *march*

    Dated: February 25, 2008

9                                                            Initiative Legal Group LLP

10

11                                                           Marc Primo

12                                                           Mónica Balderrama

                                                        Rebecca Labat

13                                                            Linh Hua

                                                       Attorneys for Plaintiff

14       *March*

    Dated: February 18, 2008

15                                                           Jackson Lewis LLP

16

17                                                           JoAnna L. Brooks

18                                                           Attorneys for Defendant

19                                                **ORDER**

20        Good cause appearing, IT IS HEREBY ORDERED.

21   Dated: _____, 2008

22

23                                                The Honorable Kevin McKenney

                                           Judge of the Superior Court of California

24

25

26

27

28

## PROOF OF SERVICE

1

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Initiative Legal Group LLP, 1800 Century Park

4  East, 2nd Floor, Los Angeles, California 90067.

5          On March 26, 2008, I served the within document(s) described below as:

6  **STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING**
7  **DISCOVERY AND CONFIDENTIAL INFORMATION**

8  on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes
   address as follows:

9
   Joanna L. Brooks
10 Timothy C. Travelstead
   JACKSON LEWIS LLP
11 199 Fremont Street, 10th Floor
   San Francisco, CA 94105
12 415.394.9401 facsimile

13

14 (X)    **MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelopes were
          mailed with postage thereon fully prepaid.
15 ( )    **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at
          the addresses listed.
16 ( )    **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to
          an overnight courier service (Federal Express), for delivery to the above addressee(s).
17 (X)    **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-
          named person at the telephone numbers above.
18 ( )    **ELECTRONIC MAIL:** By agreement.
19 (X)    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the
          above is true and correct.

20         **EXECUTED** this document on March 26, 2008, at Los Angeles, California.

21

22         _____

23                    Karen Acio

24

25

26

27

28

_____

PROOF OF SERVICE

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
4  Initiative Legal Group LLP
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for Plaintiff ROBERT ACHESON

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF SANTA CLARA

11

| | |
|---|---|
| 12  ROBERT ACHESON, individually, and on behalf of other members of the general public 13 similarly situated, | **Case Number:** 107 CV 099461 |
| | **CLASS ACTION** |
| 14              Plaintiff, | [Assigned to Hon. Mary Jo Levinger; Department 5] |
| 15       vs. | |
| 16  G.A.L.A., INC., a Delaware corporation; 17 GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO 18 INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, 19 inclusive, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE** |
| 20              Defendants. | [Filed concurrently with Plaintiff's Memorandum of Points and Authorities; Separate Statement; and Declaration of Linh 21 Hua in Support Thereof; and [Proposed] Order] |
| 22 | Date:   May 30, 2008 |
| 23 | Time:   10:00 a.m. Dept.:   7 |

24

25

26

27

28

-1-

1  **TO THE HONORABLE COURT, DEFENDANT AND ITS ATTORNEYS OF**

2  **RECORD:**

3      **PLEASE TAKE NOTICE** that on May 30, 2008 at 10:00 a.m. or as soon thereafter as the

4  matter may be heard in Department 7 of the above-captioned court, located at 191 N. First Street,

5  San Jose, California 95113, Plaintiff Robert Acheson ("Plaintiff") will, and hereby does, move for

6  an order compelling Defendant Presidio International, Inc. ("Defendant") to further respond to

7  Plaintiff's Special Interrogatories, Set One to which Defendant failed to fully and adequately

8  respond (the "Motion").

9      This Motion is made pursuant to California Code of Civil Procedure section 2030.300, on

10  the grounds that Defendant has made boilerplate objections and has unjustifiably refused to

11  respond in violation of its obligations under the Discovery Act.  Plaintiff requests an order

12  compelling Defendant to respond fully to the disputed discovery request, without objections.

13      **PLEASE TAKE FURTHER NOTICE THAT** Plaintiff will, and hereby does, move the

14  Court, pursuant to California Code of Civil Procedure section 2030.300(d), for an award of

15  monetary sanctions against Defendant and its attorneys, Jackson Lewis, in the amount of

16  $4,119.50 for reimbursement of the costs and reasonable attorneys' fees incurred in meeting and

17  conferring on this discovery issue, drafting and preparing this Motion and any Reply papers, and

18  appearing at the hearing of this Motion.

19  ///

20  ///

21  ///

22

23

24

25

26

27

28

-2-

Notice of Motion and Motion to Compel Special Interrogatories, Set One

1     The Motion will be based upon this Notice, the following Memorandum of Points and

2  Authorities, the Declaration of Linh Hua, the Separate Statement in Support of the Motion, the

3  pleadings and papers on file herein and upon any other matters that may be presented to the Court

4  at the hearing.

5

6  Dated: April 22, 2008         Respectfully submitted,

7                            INITIATIVE LEGAL GROUP, LLP

8

9                       By: _____

10                         Marc Primo

11                         Mónica Balderrama

                            Rebecca Labat

12                         Linh Hua

                            Attorneys for Plaintiff Robert Acheson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion to Compel Special Interrogatories, Set One

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
   Initiative Legal Group LLP
4  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
5  Telephone: (310) 556-5637
   Facsimile: (310) 861-9051
6

7  Attorneys for Plaintiff ROBERT ACHESON

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF SANTA CLARA

11

| 12 ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated, | **Case Number:** 107 CV 099461 |
|---|---|
| 13 | **CLASS ACTION** |
| 14       Plaintiff, | [Assigned to Hon. Mary Jo Levinger; Department 5] |
| 15    vs. | |
| 16 G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE** |
| 17 | |
| 18 | |
| 19 | |
| 20       Defendants. | |
| 21 | Date:   May 30, 2008 |
| 22 | Time:   10:00 a.m. |
| | Dept.:   7 |

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

PAGE

3   I.     INTRODUCTION ................................................................................................1

4   II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................2

5   III.   MEET AND CONFER EFFORTS .....................................................................3

6   IV.    LEGAL ARGUMENT ........................................................................................4

7          A.   California's Civil Discovery Act Permits A Wide Scope Of Discovery ..................4

8               1.   California's Civil Discovery Act Specifically Permits Plaintiff To

9                    Obtain The Requested Names And Contact Information......................................5

10         B.   Defendant's Boilerplate Objections Are Unsupported And Without Merit...............6

11              1.   Disclosure Of Putative Class Members' Contact Information Does Not

12                   Violate Privacy Rights .........................................................................6

13              2.   The Uniform Trade Secrets Act Is Inapplicable To Plaintiff's Special

14                   Interrogatory No. 1 ..............................................................................9

15              3.   A Request For The Names And Contact Information Of Putative Class

16                   Members Is Not Overly Broad, Unduly Burdensome, Nor Oppressive.............10

17              4.   Plaintiff's Discovery Goes To Class Certification And Is Not

18                   Premature ...........................................................................................11

19              5.   Special Interrogatory No. Is Not Compound, And Defendant Must Still

20                   Respond To The Extent Possible .......................................................13

21         C.   Defendant And Its Counsel Should Be Sanctioned For Abusing The

22              Discovery Process ................................................................................13

23  V.     CONCLUSION .................................................................................................14

24

25

26

27

28

i

## TABLE OF AUTHORITIES

PAGE

### STATE CASES

Belaire-West Landscape, Inc. v. Superior Court (Rodriguez)
(2007) 149 Cal. App. 4th 554............................................................................1, 7, 8, 12

Carabini v. Superior Court
(1994) 26 Cal. App. 4th 239.....................................................................................12

Emerson Electric Co. v. Superior Court
(1997) 16 Cal. 4th 1101.............................................................................................4

Glenfed Development Corp. v. Superior Court
(1997) 53 Cal. App. 4th 1113....................................................................................5

People v. Dixon
(2007) 148 Cal. App. 4th 414....................................................................................5

Pioneer Electronics (USA), Inc. v. Superior Court (Olmstead)
(2007) 40 Cal. 4th 360.....................................................................................1, 7, 12

Puerto v. Superior Court
(2008) 158 Cal. App. 4th 1242.........................................................................1, 4, 5, 8

Sav-On Drug Stores, Inc. v. Superior Court
(2004) 34 Cal. 4th 319.............................................................................................12

West Pico Furniture Co. of Los Angeles v. Superior Court
(1961) 56 Cal. 2d 407.............................................................................................10

### FEDERAL CASES

Hill v. Eddie Bauer
(C.D. Cal. 2007) 242 F.R.D. 556 ............................................................................12

Ragge v. MCA/Universal Studios
(C.D. Cal. 1995) 165 F.R.D. 601 ..............................................................................7

1

## TABLE OF AUTHORITIES

2                                                                    <u>PAGE</u>

3                              **STATUTES**

4   California Business and Professions Code §§ 17200, et seq.................................................. 2

5   California Civil Code § 1799.1 ......................................................................... 6, 7

6   California Civil Code § 1799.1(b)(2) ...................................................................... 6

7   California Civil Code §§ 3426, et seq. ................................................................... 9

8   California Civil Code § 3426.1(d)(1)-(2) ............................................................... 9

9   California Code of Civil Procedure § 382 .............................................................. 12

10  California Code of Civil Procedure § 2017.010 ................................................ 4, 5, 6

11  California Code of Civil Procedure § 2030.220(b) ............................................... 13

12  California Code of Civil Procedure § 2030.300(d) .......................................... 13, 14

13  California Code of Civil Procedure § 2031.320(b) ............................................... 13

14  California Labor Code § 201 .............................................................................. 2

15  California Labor Code § 202 .............................................................................. 2

16  California Labor Code § 204 .............................................................................. 2

17  California Labor Code § 226(a) ......................................................................... 2

18  California Labor Code § 226.7(a) ...................................................................... 2

19  California Labor Code § 510 .............................................................................. 2

20  California Labor Code § 1198 ............................................................................ 2

21

22

23

24

25

26

27

28

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

1

2        Plaintiff Robert Acheson ("Plaintiff"), a former employee of Defendant Presidio

3   International, Inc. ("Defendant"), individually and on behalf of others similarly situated,

4   respectfully seeks the names and contact information of all putative class members who were or

5   are employed by Defendant.

6   I.    INTRODUCTION

7        Plaintiff brings forth this putative wage and hour class action and, by Special Interrogatory

8   No. 1, dutifully seeks to obtain discoverable facts with which to move for class certification.

9   Specifically, Plaintiff seeks the names and contact information of putative class members who

10  were subject to the same or similar alleged Labor Code violations as Plaintiff in their employment

11  with Defendant during the relevant statutory period.

12       Plaintiff's request for the full names, last known addresses, and telephone numbers of

13  putative class members is routinely and fundamentally permitted by California's Civil Discovery

14  Act.  Such information is necessary to gather evidence regarding Defendant's alleged violations,

15  particularly for those violations in which Defendant has not maintained or has failed to provide

16  documentary evidence through the exchange of formal discovery.  Despite Plaintiff's agreement to

17  enter into a stipulated protective order to mitigate Defendant's privacy concerns, Defendant,

18  nonetheless, refuses to respond to Plaintiff's Special Interrogatory No. 1.

19       The California Supreme Court and California Court of Appeal have both recently held that

20  putative class members are potential percipient witnesses in class action cases whose identities and

21  locations are properly discoverable (see, infra, Pioneer, Belaire-West, and Puerto).  Defendant's

22  refusal to produce the names and contact information of putative class members is in direct

23  contravention of clear California precedence set forth in Belaire-West Landscape, Inc. v. Superior

24  Court (Rodriguez) (2007) 149 Cal. App. 4th 554, 562, Pioneer Electronics (USA), Inc. v. Superior

25  Court (Olmstead) (2007) 40 Cal. 4th 360, and Puerto v. Superior Court (2008) 158 Cal. App. 4th

26  1242.

27       Accordingly, after Plaintiff's exhaustive efforts to informally resolve this issue, and for the

28  reasons set forth more specifically below, Plaintiff respectfully requests this Court to grant his

1  Motion to Compel Further Responses to Plaintiff's Special Interrogatories, Set One seeking the

2  names and contact information of all putative class members.

3  **II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY**

4          On November 21, 2007, Plaintiff filed a Class Action Complaint in the Superior Court of

5  California for Santa Clara County, alleging class-wide claims against Defendant for the following

6  violations: (1) Violation of California Labor Code sections 510 and 1198 (Unpaid Overtime); (2)

7  Violation of California Labor Code sections 201 and 202 (Wages Not Paid Upon Termination);

8  (3) Violation of California Labor Code section 204 (Failure to Pay Wages); (4) Violation of

9  California Labor Code section 226.7(a) (Denial of Rest Periods); (5) Violation of California Labor

10 Code section 226(a) (Improper Wage Statements); and (6) Violation of California Business &

11 Professions Code sections 17200, et seq.

12         On or about January 28, 2008, Plaintiff served Special Interrogatories, Set One on

13 Defendant, seeking the full name, last known address, and telephone number for all putative class

14 members four years prior to filing the Complaint until the present.[1]

15         On February 13, 2008, Defendant requested that Plaintiff enter into a protective order

16 regarding discovery.[2]  In response to Defendant's request and in an effort to encourage the

17 exchange of information and judicial economy, Plaintiff agreed to enter into a protective order

18 regarding discovery.[3]  On February 27, 2008, Plaintiff provided Defendant a drafted Stipulation

19 and [Proposed] Protective Order Concerning Discovery and Confidential Information ("Protective

20 Order").[4]

21         On March 3, 2008, Defendant served Plaintiff, via U.S. Mail, its responses to Plaintiff's

22 Special Interrogatories, Set One, which consisted of pure objections.[5]  On March 18, 2008,

23

24 [1]   See Declaration of Linh Hua, ("Hua Decl.") ¶ 2, submitted concurrently herewith, Exh. A.

25 [2]   See Id. at ¶ 3.

26 [3]   See Id.

27 [4]   See Id. at ¶ 4, Exh. B.

28 [5]   See Id. at ¶ 5.

1    Defendant signed and agreed to the terms of the Protective Order. [6] On March 25, 2008, pursuant

2    to the parties' earlier agreement, Plaintiff lodged the Protective Order for both parties.[7] The

3    Protective Order was signed by the Honorable Mary Jo Levinger on March 28, 2008 and entered

4    on April 1, 2008.[8]

5          After many attempts to informally resolve this discovery dispute, Plaintiff now timely files

6    his Motion within 50 days from the date of Defendant's mail-served responses to Plaintiff's

7    Special Interrogatory No. 1.

8    **III.    MEET AND CONFER EFFORTS**

9          Plaintiff's counsel contacted Defendant's counsel on March 18, 2008 for a scheduled

10   telephonic meet and confer to discuss Defendant's objections to Special Interrogatory No. 1.[9]

11   During this meet and confer session, Defendant indicated that it would provide only the names and

12   employee identification numbers of putative class members.[10] Plaintiff did not agree that such

13   limited information was fully responsive to Special Interrogatory No. 1, and it would not allow for

14   Plaintiff to gather essential information during pre-certification discovery.[11] Plaintiff expressed

15   that a motion to compel further responses would be filed should Defendant refuse to provide fully

16   substantive responses.[12]

17         On April 2, 2008, Plaintiff sent a letter to Defendant providing a thorough analysis of the

18   legal authorities governing Plaintiff's right to information sought in Special Interrogatory No. 1.[15]

19

20

21   [6]    See Id. at ¶ 6.

22   [7]    See Id. at ¶ 7.

     [8]    See Id., Exh. C.

23   [9]    See Id.

24   [10]    See Id.

     [11]    See Id.

25   [12]    See Id.

26   [15]    See Id. at ¶ 8, Exh. D.

27

28

1  Plaintiff asked that Defendant supplement its objections with substantive responses by April 9,

2  2008.[16]

3          On April 17, 2008, counsel for both parties discussed via telephone their respective

4  positions of Defendant's response to Plaintiff's Special Interrogatory No. 1.[17]  Defendant

5  continued to hold its position that it would not provide the contact information of putative class

6  members.[18]  Defendant also confirmed during that conversation that Defendant would be available

7  on May 30, 2008 for a hearing on this Motion.[19]  On April 17, 2008, Defendant faxed a letter

8  responding to Plaintiff's April 2, 2008 letter.[20]  Defendant reiterates unwillingness to provide the

9  requested information.[21]  To date, Defendant has not provided any substantive responses to

10  Plaintiff's Special Interrogatory No. 1.[22]

11  **IV.    LEGAL ARGUMENT**

12          **A.    California's Civil Discovery Act Permits A Wide Scope Of Discovery.**

13          The California Civil Discovery Act makes abundantly clear the wide scope of permissible

14  discovery:

15                  Unless otherwise limited by order of the court in accordance with
                this title, *any party may obtain discovery regarding any matter,*
16                *not privileged, that is relevant to the subject matter involved in*
                *the pending action* or *to the determination of any motion made in*
17                *that action,* if the matter either is itself admissible in evidence or
                appears   reasonably   calculated   to   lead   to   the   discovery   of
18                admissible evidence.

19
    Cal. Civ. Proc. Code § 2017.010 (emphasis added).
20
            California's legislature deliberately drafted statutes allowing an "expansive scope of
21
    discovery" with the intent "to educate the parties concerning their claims and defenses so as to
22

23  [16]    See Id. at ¶ 8.

24  [17]    See Id. at ¶ 9.

25  [18]    See Id.

    [19]    See Id.
26  [20]    See Id. at ¶ 10, Exh. E.

27  [21]    See Id. at ¶ 10.
    [22]    See Id. at ¶ 8.
28

1  encourage settlements and to expedite and facilitate trial." <u>Puerto v. Superior Court</u> (2008) 158

2  Cal. App. 4th 1242, 1249, <u>citing Emerson Electric Co. v. Superior Court</u> (1997) 16 Cal. 4th 1101,

3  1107-8. The discovery procedures are also "designed to minimize the opportunities for fabrication

4  and forgetfulness." <u>Puerto</u>, <u>supra</u>, at 1249, <u>citing Glenfed Development Corp. v. Superior Court</u>

5  (1997) 53 Cal. App. 4th 1113, 1119.

6         Plaintiff's Special Interrogatory No. 1 requests the full name, last known address, and

7  telephone number of each putative class member, and it is well within the scope of permissible

8  discovery under California's Civil Discovery Act. The information sought is highly relevant to

9  each of the claims alleged in Plaintiff's Class Action Complaint and his anticipated class

10 certification motion as it would allow Plaintiff to gather information from putative class members

11 in evaluating the widespread impact of Defendant's wage and hour violations.

12        The names and contact information of potential percipient witnesses who shared factually

13 similar circumstances with Plaintiff in their employment with Defendant is a crucial element in

14 pre-certification discovery. It allows both of the parties equal access to additional facts underlying

15 Plaintiff's class allegations and allows putative class members to provide facts that were not

16 necessarily documented or maintained by Defendant.

17              **1.    California's Civil Discovery Act Specifically Permits**
                        **Plaintiff To Obtain The Requested Names And Contact Information.**
18

19        California's Civil Discovery Act specifically deems Plaintiff's requested information

20 discoverable:

21              Discovery may relate to the claim or defense of the party seeking
                discovery or of any other party to the action. ***Discovery may be***
22              ***obtained of the identity and location of persons having***
                ***knowledge of any discoverable matter,*** as well as of the existence,
23              description, nature, custody, condition, and location of any
                document, tangible thing, or land or other property.
24

25 <u>Cal. Civ. Proc. Code</u> § 2017.010 (emphasis added).

26        Our discovery system is "founded on the understanding that parties use discovery to obtain

27 names and contact information," and "[c]entral to the discovery process is the identification of

28 potential witnesses" for the purpose of further investigations. <u>Puerto</u>, <u>supra</u>, at 1249-50. The

1  "disclosure of the names and addresses of potential witnesses is a routine and essential part of

2  pretrial discovery." <u>Puerto</u>, <u>supra</u>, at 1249-50, <u>citing</u> <u>People v. Dixon</u> (2007) 148 Cal. App. 4th

3  414, 443.

4       Certainly in drafting and approving California's Civil Discovery Act, the legislature knew

5  that witnesses would have knowledge of discoverable facts necessary in the litigation of lawsuits,

6  particularly in putative class action lawsuits where such witnesses could be class members.

7  Therefore, contrary to Defendant's objections, Plaintiff's Special Interrogatory No. 1 does not

8  exceed his right to the discovery of putative class members' names and contact information.

9  Plaintiff's request is not only relevant to the alleged claims, it is specifically permitted by statute.

10      It would be unjust to allow only Defendant the right to utilize and monopolize this

11  essential mass of information which both of the parties require in the further investigation of class

12  allegations.  Defendant's refusal to provide the requested information is in blatant disregard of our

13  discovery system and serves to deliberately hinder use of the class action device.

14      **B.    Defendant's Boilerplate Objections Are Unsupported And Without Merit.**

15      Despite Plaintiff's agreement to enter into a protective order and Plaintiff's continual

16  efforts to informally resolve this issue, Defendant has failed to provide any responsive information

17  to Plaintiff's Special Interrogatory No. 1.  Defendant's improper objections are discussed *infra*.

18      **1.    Disclosure Of Putative Class Members' Contact Information**
         **Does Not Violate Privacy Rights.**

19

20      Defendant objects to providing the names and contact information of the putative class

21  members on the ground that it is protected by the right of privacy.  Despite the Protective Order

22  into which the parties entered, Defendant continues to refuse to provide the requested information

23  on grounds of privacy.

24      Defendant also specifically objects to Plaintiff's Special Interrogatory No. 1 under

25  California Civil Code section1799.1.  Under <u>California Civil Code</u> section 1799.1, Defendant, as a

26  business entity, shall not disclose any contents of its business records, unless the disclosure is

27  discoverable.  <u>Cal. Civ. Code</u> § 1799.1(b)(2).  Under <u>California Code of Civil Procedure</u> section

28  2017.010, "discovery may be obtained of the identity and location of persons having knowledge of

1   any discoverable matter." <u>Cal. Civ. Proc. Code</u> § 2017.010.  In that putative class members act as

2   percipient witnesses and can provide relevant facts to the class allegations, Plaintiff's request for

3   the names and contact information of putative class members is not restricted under <u>California</u>

4   <u>Civil Code</u> section 1799.1.

5           Defendant has ignored the fact that the right of privacy is not an absolute bar to discovery.

6   Rather, courts balance the need for the information against the claimed privacy right.  <u>Ragge v.</u>

7   <u>MCA/Universal Studios</u> (C.D. Cal. 1995) 165 F.R.D. 601, 604.  Here, Plaintiff is entitled to

8   discover information in support of his anticipated motion for class certification, such as the names

9   and contact information of putative class members, each of whom is a percipient witness.  This

10  interrogatory does not seek any personal, financial, proprietary, medical or privileged information.

11          In <u>Belaire-West Landscape, Inc. v. Superior Court (Rodriguez)</u> (2007) 149 Cal. App. 4th

12  554, 562, the court addressed the privacy concerns implicated by the disclosure of putative class

13  members' phone numbers and addresses to plaintiff's counsel in a wage and hour class action.

14  The court relied upon the privacy analysis set forth in the California Supreme Court case, <u>Pioneer</u>

15  <u>Electronics (USA), Inc. vs. Superior Court (Olmstead)</u> (2007) 40 Cal. 4th 360.  According to

16  <u>Pioneer</u>, a court must examine (1) whether the claimant of the privacy right possesses a legally

17  protected privacy interest, (2) whether the claimant has a reasonable expectation of privacy, and

18  (3) whether the invasion of privacy is serious in nature, scope, and actual or potential impact.  If a

19  claimant meets all of these criteria, the court must then balance the privacy interest against other

20  competing or countervailing interests.  <u>Belaire-West</u>, <u>supra</u>, at 558-559.

21          Similar to <u>Pioneer</u> (where the putative class members consisted of individuals who had

22  complained to Pioneer that its DVD players were defective), the court in <u>Belaire-West</u> found that

23  although the current and former employees possessed a legally protected interest, the employees

24  did not have a reasonable expectation of privacy, given that current and former employees could

25  be reasonably expected to want their information disclosed to a class action plaintiff who might

26  ultimately recover for them unpaid wages which they were owed.  The court reasoned that, just as

27  in <u>Pioneer</u>, "the information, while personal, was not particularly sensitive, as it was contact

28  information, not medical or financial details."  <u>Belaire-West</u>, <u>supra</u>, at 562.

1    Because there was no serious invasion of privacy, the <u>Belaire-West</u> court found that the

2  need to engage in a balancing of interests was obviated. <u>Id.</u> After engaging in a balancing

3  analysis, the court found that the balance of interests supported disclosure of the contact

4  information. <u>Id.</u> In reaching that conclusion, the court reasoned that the current and former

5  employees were potential percipient witnesses to the employer's employment and wage practices,

6  and as such their identities and locations were properly discoverable. <u>Id.</u> In addition, the court

7  found that the balancing of opposing interests tilted even more in favor of disclosure because the

8  case involved the fundamental public policy of ensuring the prompt payment of wages due to

9  employees. <u>Id.</u>

10    As in <u>Belaire-West</u>, Plaintiff here is merely requesting the names and contact information

11  of percipient witnesses to Defendant's wage and hour policies and practices. Also, similar to

12  <u>Belaire-West</u>, current and former employees can reasonably be expected to want their information

13  disclosed to a class action plaintiff who might ultimately recover for them unpaid wages which are

14  owed to them. Finally, like <u>Belaire-West</u>, Plaintiff here has requested only the names and contact

15  information of percipient witnesses, not medical or financial details. No serious invasion of

16  privacy would result from disclosure of the contact information for the purpose of litigating a

17  wage and hour putative class action. The need to engage in a balancing test is unnecessary.

18    Further supporting the production of names and contact information of putative class

19  members, the Court of Appeal for the Second Appellate District in <u>Puerto</u>, <u>supra</u>, stated, "the trial

20  court articulated no justification for placing in the hands of witnesses absolute and unreviewable

21  veto power over petitioner's access to contact information to permit them to pursue legitimate

22  discovery into their civil claims, and upon performing the appropriate privacy analysis we

23  perceive no basis for affording these witnesses' addresses and telephone numbers protections in

24  excess of those afforded to vastly more private consumer and employment records." <u>Puerto</u>,

25  <u>supra</u>, at 1259. The Court of Appeal overruled the trial court's decision and ordered the defendant

26  in that case to disclose the contact information of putative class members. Similarly, this Court

27  should order Defendant to provide substantive responses to Plaintiff's Special Interrogatory No. 1

28  and disclose the names and contact information of putative class members.

**2.**   **The Uniform Trade Secrets Act Is Inapplicable To Plaintiff's Special Interrogatory No. 1.**

Defendant objects to Special Interrogatory No. 1 on the ground that it allegedly requests disclosure of confidential or competitively sensitive proprietary information that is privileged and protected from discovery by <u>California Civil Code</u> sections 3426, <u>et seq.</u> (Uniform Trade Secrets Act). Defendant does not provide authority for its objection that putative class members' names and contact information are properly defined under the Uniform Trade Secrets Act as either a "formula, pattern, compilation, program, device, method, technique, or process" in which it is "reasonable under the circumstances to maintain its secrecy." <u>Cal. Civ. Code</u> § 3246.1(d)(1)-(2).

Defendant's conclusory statement that the requested information derives independent economic value could easily apply to every piece of information exchanged through formal discovery in that such information could support Plaintiff's claims and anticipated motions. Defendant's argument would improperly classify all information in the process of formal discovery as a "trade secret" under Uniform Trade Secrets Act. This argument both misinterprets the protections under the Uniform Trade Secrets Act and contravenes the legislative purpose of the Civil Discovery Act.

Plaintiff's claims are brought in the context of a putative class action based on Defendant's violation of California's wage and hour laws and Unfair Competition laws. Plaintiff's putative class action does not allege claims related to Defendant's trade secrets, and this interrogatory does not seek information protected under the Uniform Trade Secrets Act. Rather, Plaintiff seeks to obtain properly discoverable information related to his wage and hour claims by requesting that Defendant provide the names and contact information of percipient witnesses and putative class members who serve as a necessary gateway to further investigation of the class allegations.

The information requested in Plaintiff's Special Interrogatory No. 1 is not protected under California's Uniform Trade Secrets Act, and Defendant's objection is without merit.

1
       **3.**    **A Request For The Names And Contact Information Of Putative Class**
              **Members Is Not Overly Broad, Unduly Burdensome, Nor Oppressive.**

2

3
       Defendant further objects on the grounds that Plaintiff's Special Interrogatory No. 1 is

4
overly broad, unduly burdensome and oppressive.  Defendant's objections do not provide a basis

5
to withhold the requested information.

6
       In West Pico Furniture Co. of Los Angeles v. Superior Court (1961) 56 Cal. 2d 407, the

7
plaintiff requested the names, addresses, duties, and dates pertaining to all employees who

8
participated in various transactions between the parties.  At issuance of a peremptory writ of

9
mandate, the respondent court was required to vacate its order sustaining defendant's objections to

10
specified interrogatories.

11
       The California Supreme Court stated:

12
          Oppression must not be equated with burden.  The objection based

13
          upon *burden must be sustained by evidence showing the quantum of work required*, while to support an objection of *oppression*

14
          there *must be some showing either of an intent to create an unreasonable burden* or that the ultimate effect of the *burden is*

15
          *incommensurate with the result* sought…[There is] a legislative acknowledgement that some burden is inherent in all demands for

16
          discovery.  The objection of burden is valid only when that burden is demonstrated to result in injustice.

17

18
West Pico Furniture Co., supra, at 417 (emphasis added).

19
       Similarly here, Defendant failed to support its objections with any evidence to show the

20
quantum of work required in providing substantive responses to Plaintiff's Special Interrogatory

21
No. 1.  Defendant also failed to support its objections with evidence that the interrogatory was

22
allegedly oppressive.  In fact, Defendant's response to Plaintiff's Special Interrogatory No. 1 was

23
devoid of any supplemental documents pertaining to or providing grounds for its boilerplate

24
objections.  There is no indication of the alleged time or expense required of Defendant in

25
providing the information requested in Plaintiff's Special Interrogatory No. 1.  Indeed, contrary to

26
Defendant's position, the requested information is readily ascertainable through Defendant's

27
employment records.

28

Memorandum of Points and Authorities In Support Of Plaintiff's Motion to Compel
Special Interrogatories, Set One

1    Additionally, Defendant's conclusory statement that the interrogatory is overly broad

2  ignores Plaintiff's efforts to narrowly tailor Special Interrogatory No. 1. With regard to time, it is

3  limited to four years prior to the filing of the Complaint through the present. With regard to

4  geography, it is limited to the individuals employed by Defendant within the State of California.

5  With regard to classification, it is limited to employees who are or were classified as non-exempt

6  or hourly employees.

7    Defendant further objects that the request is overly broad because a contemplated

8  amendment to Plaintiff's Complaint to add claims would negate the need to exchange discovery to

9  support claims that have already been alleged. Despite Plaintiff's contemplated filing of an

10  amended complaint, the claims alleged in Plaintiff's current, operative Complaint are properly

11  pleaded and require additional facts from percipient witnesses and putative class members for

12  further investigation. In particular, where Defendant may fail to maintain records of rest breaks,

13  the violation of which is a claim properly alleged in the operative Complaint, the litigation of this

14  matter would benefit from the exchange of information retained by putative class members

15  regarding their work experience with Defendant. The potential amendment of the Complaint does

16  not permit Defendant to refuse compliance with California's Civil Discovery Act.

17    Defendant's boilerplate objections that Special Interrogatory No. 1 is overly broad, unduly

18  burdensome and oppressive are without merit.

19    **4.    Plaintiff's Discovery Goes To Class Certification
        And Is Not Premature.**

20

21    Defendant objects on the ground that Plaintiff's Special Interrogatory No. 1 is allegedly

22  premature. Ironically, Defendant prematurely "determined" that Plaintiff is not representative of

23  the entire class of employees he seeks to represent and is not entitled to a class list of those

24  employees. Additionally, Defendant fails to provide any support or authority with its objection

25  that the Court must first make a legal determination regarding the status of individuals as *putative*

26  *class members* prior to Plaintiff's request for the names and contact information for those

27  individuals.

28

1    This case has been fashioned as a class action, and Plaintiff must satisfy the requirements

2  of California Code of Civil Procedure section 382, including "numerosity," "typicality,"

3  "commonality," and "adequacy" in order for the court to grant class certification. If a purported

4  class representative is not permitted to conduct certification-related discovery before the motion

5  for certification, the class action device would cease to exist, which is a result contrary to public

6  policy. See, e.g., Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal. 4th 319, 340

7  (California has a "clear public policy . . . that is specifically directed at the enforcement of

8  California's minimum wage and overtime laws for the benefit of workers" and "a public policy

9  which encourages the use of the class action device.").

10    A plaintiff has an absolute right to conduct discovery on class certification issues. See

11  Carabini v. Superior Court (1994) 26 Cal. App. 4th 239. Defendant's objection to the adequacy of

12  Plaintiff's representation is an issue that is properly dealt with during a certification motion, not

13  stated as an objection to Plaintiff's Special Interrogatory No. 1. See Carabini, supra, at 244

14  ("[E]ach party should have an opportunity to conduct discovery on class action issues before its

15  documents in support of or in opposition to the motion must be filed."). Given that Plaintiff is

16  preparing for class certification and must establish numerosity, commonality, typicality, and

17  adequate representation, the type of discovery sought here is authorized and permitted pre-

18  certification discovery. See Hill v. Eddie Bauer (C.D. Cal. 2007) 242 F.R.D. 556, 562.

19    As a matter of law, Plaintiff is entitled to class certification discovery and the identities of

20  class members prior to class certification. Pioneer, supra, 40 Cal. 4th at 373 ("contact information

21  regarding the identity of potential class members is generally discoverable, so that the lead

22  plaintiff may learn the names of other persons who might assist in prosecuting the case."); Belaire-

23  West, supra, 149 Cal. App. 4th at 561 ("[C]urrent and former [ ] employees [can] reasonably be

24  expected to want their information disclosed to a class action plaintiff who may ultimately recover

25  for them unpaid wages that they are owed."). The information specifically sought here will

26  establish whether there are common questions of law and fact that predominate the class claims.

27    Plaintiff's Special Interrogatory No. 1 seeks the names and contact information of putative

28  class members for the purpose of pursuing further investigation of the class allegations. Plaintiff's

1   request is properly brought as part of pre-certification discovery, and it directly impacts Plaintiff's

2   ability to establish typicality and commonality for class certification. Defendant's objections act

3   to unilaterally prohibit Plaintiff's ability to pursue a class action, despite statutory and common

4   law provisions, leaving only the option for each putative class member to separately pursue his or

5   her own claims with individualized discovery requests.

6       Therefore, Defendant's objections are improper and further responses should be ordered.

7       **5.    Special Interrogatory No. 1 Is Not Compound, And Defendant Must
            Still Respond To The Extent Possible.**

8

9       Defendant objects to Special Interrogatory No. 1 on the ground that it is compound;

10  however, Plaintiff's interrogatory does not present a compound question by specifically indicating

11  the type of information sought in Special Interrogatory No. 1, namely, putative class members'

12  full names, last known addresses, and telephone numbers. By specifying the exact identifying

13  information that Plaintiff seeks, Plaintiff has properly narrowed the scope of the interrogatory, and

14  a complete response by Defendant would not result in inconsistent information. Notwithstanding

15  its objection, the request is intelligible, and Defendant is still obligated to answer the interrogatory

16  "to the extent possible." Cal. Civ. Proc Code § 2030.220(b).

17      Defendant's objection on the ground that Special Interrogatory No. 1 is compound is,

18  therefore, without merit.

19      **C.    Defendant And Its Counsel Should Be Sanctioned
            For Abusing The Discovery Process.**

20

21      California Code of Civil Procedure section 2030.300(d) (governing motions to compel

22  responses to interrogatories) provides for mandatory imposition of monetary sanctions against any

23  party who unsuccessfully opposes a motion to compel without substantial justification. Cal. Civ.

24  Proc. Code sections 2030.300(d), 2031.320(b). Defendant and defense counsel have unreasonably

25  withheld the discoverable information without providing any good cause or substantial

26  justification. See, generally, Separate Statement in support of this Motion. Defendant and

27  Defense counsel have yet to provide any further responses to Plaintiff's Special Interrogatory No.

28  1 and have made it clear that no such responses will be forthcoming without court intervention.

1  Defendant and its counsel's refusal to provide the requested information substantially prejudices

2  Plaintiff by denying him the information necessary to move for class certification.  Accordingly,

3  and as further set forth in the accompanying Declaration of Linh Hua, Defendant and its counsel

4  should be ordered to pay monetary sanctions in the amount of $4,119.50 to reimburse Plaintiff for

5  the costs and attorneys' fees incurred in bringing this motion.[23]

6  **V.    CONCLUSION**

7        For the foregoing reasons, Plaintiff respectfully requests that this Court compel Defendant

8  to provide further substantive responses to Plaintiff's Special Interrogatory No. 1 and issue an

9  order awarding monetary sanctions against Defendant and its attorneys of record, or any other

10  relief this Court deems just and proper, pursuant to <u>California Code of Civil Procedure</u> section

11  2030.300(d).

12

13  Dated: April 22, 2008                    Respectfully submitted,

14                                            INITIATIVE LEGAL GROUP, LLP

15

16                                    By: _____

17                                            Marc Primo
                                               Mónica Balderrama
18                                            Rebecca Labat
                                               Linh Hua
19                                            Attorneys for Plaintiff Robert Acheson

20

21

22

23

24

25

26

27  _____
    [23]    See <u>Id.</u> at ¶ 12-13.
28

Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
Mónica Balderrama (SBN 196424)
Rebecca Labat (SBN 221241)
Linh Hua (SBN 247419)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff ROBERT ACHESON

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | **Case Number:** 107 CV 099461<br><br>**CLASS ACTION**<br><br>[Assigned to Hon. Mary Jo Levinger; Department 5]<br><br>**DECLARATION OF LINH HUA IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**<br><br>Date:   May 30, 2008<br>Time:  10:00 a.m.<br>Dept.:  7 |

## DECLARATION OF LINH HUA

I, Linh Hua, declare as follows:

1.      I am a member of the State Bar of California, duly admitted to practice law before this Court in the State of California. I am an attorney with the law firm Initiative Legal Group LLP ("ILG"), counsel for Plaintiff Robert Acheson ("Plaintiff"). Unless the context indicates otherwise, I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently to them, without intending to waive any attorney-client privilege.

2.      On January 28, 2008, Plaintiff served Defendant Presidio International, Inc. ("Defendant"), via U.S. Mail, with Special Interrogatories, Set One. Special Interrogatories, Set One, contained only Special Interrogatory No. 1, which requested the names and contact information for putative class members. A true and correct copy of Plaintiff's Special Interrogatories, Set One is attached as Exhibit "A."

3.      On February 13, 2008, Defendant requested that Plaintiff enter into a protective order regarding discovery. In response to Defendant's request and in an effort to encourage the exchange of information and judicial economy, Plaintiff agreed to enter into a protective order.

4.      On February 27, 2008, Plaintiff provided to Defendant a drafted Stipulation and [Proposed] Protective Order Concerning Discovery and Confidential Information ("Protective Order").

5.      On March 3, 2008, Defendant served, via U.S. Mail, responses to Plaintiff's Special Interrogatories, Set One. Defendant's responses contained boilerplate objections and premature, unsupported determinations regarding class certification. A true and correct copy of Defendant Presidio International, Inc.'s Responses to Plaintiff's Special Interrogatories, Set One is attached as Exhibit "B."

6.      On March 18, 2008, Defendant signed and agreed to the terms of the Protective Order. Plaintiff's counsel also contacted Defendant's counsel on March 18, 2008 for a scheduled telephonic meet and confer to discuss Defendant's objections to Special Interrogatory No. 1. During this meet and confer session, Defendant indicated that it would provide only the names and employee identification numbers of putative class members. Plaintiff did not agree that such

1  limited information was fully responsive to Special Interrogatory No. 1, and it would not allow for

2  Plaintiff to gather essential information during pre-certification discovery. Plaintiff expressed that

3  a motion to compel further responses would be filed should Defendant refuse to provide fully

4  substantive responses.

5      7.    On March 25, 2008, pursuant to its earlier agreement, Plaintiff lodged Protective

6  Order for both parties. The Protective Order was signed by the Honorable Mary Jo Levinger on

7  March 28, 2008 and entered on April 1, 2008. A true and correct copy of the Stipulation and

8  Protective Order Concerning Discovery and Confidential Information is attached as Exhibit "C."

9      8.    On April 2, 2008, Plaintiff sent a letter to Defendant providing a thorough analysis

10  of the legal authorities governing Plaintiff's entitlement to information sought in Special

11  Interrogatory No. 1. A true and correct copy of the Plaintiff's April 2, 2008 letter is attached as

12  Exhibit "D." Plaintiff asked that Defendant supplement its meritless objections with substantive

13  responses by April 9, 2008. Defendant did not, and has not, provided any substantive responses to

14  Plaintiff's Special Interrogatory No. 1.

15      9.    On April 17, 2008, counsel for both parties discussed via telephone their respective

16  positions of Defendant's response to Plaintiff's Special Interrogatory No. 1. Defendant continued

17  to hold its position that it would not provide the contact information of putative class members. It

18  was also confirmed during that conversation that Defendant would be available on May 30, 2008

19  for a hearing on this Motion.

20      10.   On April 17, 2008, Defendant faxed a letter responding to Plaintiff's April 2, 2008

21  letter. A true and correct copy of the Defendant's April 17, 2008 letter is attached as Exhibit "E."

22  In that letter, Defendant reiterates its position that it is unwilling to provide the information

23  requested in Plaintiff's Special Interrogatory No. 1.

24  ///

25  ///

26  ///

27

28

11.    Plaintiff now requests the Court's intervention and order for Defendant to produce the names and contact information of putative class members, in response to Special Interrogatory, Set One, No. 1.

12.    I spent approximately 7 hours meeting and conferring regarding the discovery at issue, performing legal research, and preparing this Motion and all supporting papers. I anticipate spending another 2.5 hours preparing any reply papers and attending the hearing of this Motion. My billable rate is $290 per hour. Mónica Balderrama, the partner on the case, has a billable rate of $495 per hour. She spent approximately 1 hour reviewing and revising this Motion and all supporting papers. It is anticipated that she will spend another .5 hours reviewing and revising any reply papers. Rebecca Labat, my direct supervising attorney, has a billable rate of $390 per hour. She spent approximately .8 hours reviewing and revising this Motion and all supporting papers. The costs accrued in preparing and filing this Motion is approximately $150. It is anticipated that an additional $160 will accrue for preparing any reply and attending the hearing of this Motion.

13.    Accordingly, Defendant and Defense Counsel should be ordered to pay monetary sanctions in the amount of $4,119.50 to reimburse Plaintiff for the costs and attorneys' fees incurred and anticipated in bringing this Motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __22__ day of April, 2008, at Los Angeles, California.

_____
Linh Hua

Declaration of Linh Hua In Support Of Plaintiff's Motion To Compel Special Interrogatories, Set One

# EXHIBIT A

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
   Initiative Legal Group LLP
4  1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for Plaintiff ROBERT ACHESON

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF LOS ANGELES**

11  ROBERT ACHESON, individually, and on       Case No. 107 CV 099461
12  behalf of other members of the general public
    similarly situated,                        CLASS ACTION
13
                   Plaintiff,                   PLAINTIFF'S SPECIAL
14                                              INTERROGATORIES, SET ONE
           vs.
15
16  G.A.L.A., INC., a Delaware corporation;
    GIORGIO ARMANI CORPORATION, a
17  New York corporation; PRESIDIO
    INTERNATIONAL, INC., a Delaware
18  Corporation; and DOES 1 through 10,
19  inclusive,
20         Defendants.                          Complaint Filed:    November 21, 2007

21

22  PROPOUNDING PARTY:        PLAINTIFF ROBERT ACHESON

23  RESPONDING PARTY:         DEFENDANT PRESIDIO INTERNATIONAL, INC.

24  SET NO:                   ONE

25

26       TO DEFENDANT PRESIDIO INTERNATIONAL, INC. AND TO ITS ATTORNEYS

27  OF RECORD:

28

                                     -1-

1    PLAINTIFF ROBERT ACHESON ("Plaintiff") hereby requests that DEFENDANT

2  PRESIDIO INTERNATIONAL, INC. respond fully, separately, and under oath, pursuant to the

3  provisions of <u>California Code of Civil Procedure</u> section 2030.210, to the following Special

4  Interrogatory within thirty (30) days after service.

5  **SPECIAL INTERROGATORY NO. 1:**

6    Provide the full name, last known address, and telephone numbers of each and every

7  COVERED EMPLOYEE who was employed by PRESIDIO INTERNATIONAL, INC. during the

8  RELEVANT TIME PERIOD.  For purposes of this interrogatory, the term "COVERED

9  EMPLOYEE" means and refers to all non-exempt or hourly persons employed by PRESIDIO

10 INTERNATIONAL, INC. in the State of California at any time during the period commencing

11 four (4) years prior to the filing of the COMPLAINT to present; the term "PRESIDIO

12 INTERNATIONAL, INC." means and refers to defendant PRESIDIO INTERNATIONAL, INC.

13 and any of its parents, subsidiaries, successors and predecessors, directors, officers, agents,

14 investigators, personnel and employees; the term "COMPLAINT" means and refers to Plaintiff's

15 Complaint filed in this action on November 11, 2007; the term "RELEVANT TIME PERIOD"

16 means and refers to the period of time commencing four (4) years prior to the filing of the

17 COMPLAINT to the present.

18

19 Dated:    January 28, 2008                          Respectfully submitted,

20                                                     Initiative Legal Group LLP

21

22                                                     By:  _____

23                                                     Mark Yablonovich
                                                       Marc Primo
24                                                     Mónica Balderrama
                                                       Rebecca Labat
25                                                     Linh Hua
                                                       Attorneys for Plaintiff Robert Acheson
26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On January 28, 2008, I served the within document(s) described below as:

**PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes address as follows:

Joanna L. Brooks
Timothy C. Travelstead
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

(X)  **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

( )  **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at the addresses listed.

( )  **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

(.)  **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

( )  **ELECTRONIC MAIL:** By agreement.

(X)  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on January 28, 2008, at Los Angeles, California.

_____
Karen Acio

# EXHIBIT B

1  JOANNA L. BROOKS (SBN 182986)
   TIMOTHY C. TRAVELSTEAD (SBN 215260)
2  PUNAM SARAD (SBN 217091)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA  94105
4  Telephone    415.394.9400
   Facsimile:    415.394.9401
5
   Attorneys for Defendant
6  PRESIDIO INTERNATIONAL, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  ROBERT ACHESON, individually, and on        Case No. 107 CV 099461
    behalf of other members of the general public
12  similarly situated,                         **DEFENDANT PRESIDIO
                                                INTERNATIONAL, INC.'S
13                  Plaintiff,                   RESPONSES TO PLAINTIFF'S
                                                SPECIAL INTERROGATORIES, SET
14       v.                                      ONE

15  G.A.L.A., INC., a Delaware corporation;
    GIORGIO ARMANI CORPORATION, a New
16  York corporation; PRESIDIO
    INTERNATIONAL, INC., a Delaware
17  Corporation; and DOES 1 through 10, inclusive,
                                                Complaint Filed:    November 21, 2007
18                  Defendants.                  Trial Date:        None Set

19

20

21  PROPOUNDING PARTY:    Plaintiff ROBERT ACHESON

22  RESPONDING PARTY:    Defendant PRESIDIO INTERNATIONAL, INC.

23  SET NUMBER:          One

24       Comes now Defendant PRESIDIO INTERNATIONAL, INC. ("DEFENDANT") and

25  responds to Plaintiff's Special Interrogatories, Set Number One as follows:

26                      **GENERAL OBJECTIONS**

27       Responding Party objects to these interrogatories on the following grounds:

28       1.    Responding Party has not completed its investigation of the facts of this case and

                                        1

DEFENDANT PRESIDIO INTERNATIONAL, INC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES          Case No. 107 CV 099461

1    has not completed discovery in this action.  Therefore, all responses contained herein are based

2    only upon such information and documents as are presently available to and specifically known to

3    Responding Party, and relate only to those documents and information which are presently in

4    Responding Party's possession and control.  Responding Party specifically anticipates further

5    discovery, independent investigation and research which will supply additional facts and

6    documents, some of which may be responsive to these Interrogatories.  The following responses

7    are given without prejudice to Responding Party's right to introduce subsequently discovered

8    evidence at the trial of this action and objects to these interrogatories to the extent that it purports

9    to demand otherwise.

10        2.        Responding Party objects to these Interrogatories to the extent that they may be

11   construed to call for information or documents protected by the attorney-client privilege, the work

12   product doctrine, or any other applicable privilege or right of privacy.  In particular, and without

13   limitation, Responding Party will not furnish any documents or information constituting or

14   reflecting the mental impressions, conclusions, opinions, legal theories, or other work product of

15   counsel, constituting, containing, or concerning communications between or among counsel,

16   Responding Party and its consultants, or prepared in anticipation of or for use in this litigation.

17        3.        Responding Party objects to these Interrogatories to the extent that the

18   interrogatory is burdensome, oppressive, onerous, argumentative, vague, ambiguous, overly

19   broad, or constitutes an abuse of the discovery process.

20        4.        Responding Party objects to these Interrogatories to the extent that the

21   interrogatory is compound, complex, and/or unintelligible.

22        5.        Responding Party objects to these Interrogatories to the extent that the

23   interrogatory is unduly burdensome in light of the cost to investigate and respond to the

24   propounded interrogatory.

25        6.        Responding Party objects to these Interrogatories to the extent that the

26   interrogatory calls for a legal conclusion.

27        7.        Responding Party objects to these Interrogatories to the extent that the

28   interrogatory seeks information which is within the possession or control of Propounding Party or

DEFENDANT PRESIDIO INTERNATIONAL, INC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES          Case No. 107 CV 099461

1    its agents or employees, or which is equally or more accessible to Propounding Party than to

2    Responding Party.

3        8.      Responding Party objects to these Interrogatories to the extent that the

4    interrogatory may necessitate the preparation or the making of a compilation, abstract, audit, or

5    summary of or from documents which Responding Party has produced to Propounding Party, and

6    as such need not be answered. Responding Party also objects to these Interrogatories to the extent

7    that it requires Responding Party to prepare summaries or compilations of information already

8    made available through production of documents or any other means.

9        9.      Responding Party objects to certain interrogatories on the grounds that it has made

10   or will make a substantial volume of materials available to Propounding Party, and as a result, the

11   information sought in the interrogatories is equally available to Propounding Party.

12       10.     In responding to these Interrogatories at this time, Responding Party does not

13   concede the relevancy or materiality of these interrogatories or the subject matter to which it

14   refers. Each and every response by this Respondent is subject to, and does not waive; (1) all

15   objections as to the competency, confidentiality, materiality, privilege, or admissibility as

16   evidence or for any other purpose, of any of the answers given, or the subject matter thereof, in

17   any subsequent proceeding, including the trial of this action or any other action; and (2) the right

18   to object to any discovery proceedings involving or related to the subject matter of the

19   Interrogatories, whether or not such objections are separately set forth.

20       11.     Responding Party further objects on the grounds that this first set of Interrogatories

21   is extraordinarily burdensome and oppressive.

22       12.     Responding Party objects to these Interrogatories to the extent that it requires

23   speculation as to specific knowledge held by any former employees, which information is

24   normally, and will be in this case, developed through further discovery.

25       13.     Responding Party objects to these Interrogatories to the extent it purports to seek

26   the identification of each and every person who might conceivably have information that is

27   relevant to each interrogatory.

28       ///

3

1    **SPECIAL INTERROGATORY NO. 1:**

2    Provide the full name, last known address, and telephone numbers of each and every

3    COVERED EMPLOYEE who was employed by PRESIDIO INTERNATIONAL, INC., during

4    the RELEVANT TIME PERIOD.  For purposes of this interrogatory, the term "COVERED

5    EMPLOYEE" means and refers to all non-exempt or hourly persons employed by PRESIDIO

6    INTERNATIONAL, INC., in the State of California at any time during the period commencing

7    four (4) years prior to the filing of the COMPLAINT to present; the term "PRESIDIO

8    INTERNATIONAL, INC." means and refers to defendant PRESIDIO INTERNATIONAL, INC.

9    and any of its parent, subsidiaries, successors and predecessors, directors, officers, agents,

10    investigators, personnel and employees; the term "COMPLAINT" means and refers to Plaintiff's

11    Complaint filed in this action on November 11, 2007; the term "RELEVANT TIME PERIOD"

12    means and refers to the period of time commencing four (4) years prior to the filing of the

13    COMPLAINT to the present.

14    **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

15    DEFENDANT objects to this request on the grounds that it is overly broad, unduly

16    burdensome and oppressive to the extent Plaintiff seeks information regarding individuals who

17    have yet to be recognized by this Court as putative class members.  DEFENDANT further objects

18    to this request on the grounds that it is compound.  DEFENDANT further objects to this request

19    to the extent it calls for the disclosure of confidential or competitively sensitive proprietary

20    information that is privileged and protected from discovery or information protected from

21    disclosure by California Civil Code Section 3426 et seq.  DEFENDANT further objects to this

22    Request to the extent it seeks information the release of which would be a violation of any

23    individual's right of privacy under Article I, Section 1 of the California Constitution, or Section

24    1799.1 of the California Civil Code, or any other constitutional, statutory or common law right of

25    privacy of any person.  DEFENDANT further objects to this request on the grounds it is

26    premature.  Plaintiff is not entitled to a class list consisting of all non-exempt or hourly persons

27    employed by PRESIDIO INTERNATIONAL, INC., in the State of California at any time during

28    the period commencing four (4) years prior to the filing of the COMPLAINT to present.  Plaintiff

4

1    is not representative of the entire class of employees he seeks to represent.

2    Dated: March 3, 2008

3                                          JACKSON LEWIS LLP

4

5                                  By:    _JoAnna L. Brooks_

6                                         JoAnna L. Brooks
                                          Attorneys for Defendant
7                                         PRESIDIO INTERNATIONAL, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          5

## <u>VERIFICATION</u>

I, Rich Stanley, declare:

I am Senior Director of Store Operations for Presidio International, Inc. in the above-entitled action. I have read the foregoing DEFENDANT PRESIDIO INTERNATIONAL, INC.'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET NO. ONE and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at _111 8th Ave., NY._ , New York on the _27th_ day of February, 2008.

Rich Stanley
Senior Director of Store Operations
Presidio International, Inc.

1

## PROOF OF SERVICE

2    I, JoAnna L. Brooks, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5    On March 3, 2008, I served the attached document(s):

6    **DEFENDANT PRESIDIO INTERNATIONAL INC.'S**
     **RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL**
7    **INTERROGATORIES**

8    in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9    as follows:

10   Mark Yablonovich, Esq.
     Marc Primo, Esq.
11   Initiative Legal Group LLP
     1800 Century Park East, 2nd Floor
12   Los Angeles, CA 90067
     Telephone: (310)556-5637

13

14

15   [ X ]  <u>BY MAIL:</u>  United States Postal Service by placing sealed envelopes with the postage
            thereon fully prepaid, placed for collection and mailing on this date, following ordinary
16          business practices, in the United States mail at San Francisco, California.

17   [  ]   <u>BY HAND DELIVERY:</u>  I caused such envelope(s) to be delivered by Messenger Service
            to the above address.

18   [  ]   <u>BY OVERNIGHT DELIVERY:</u>  I caused such envelope(s) to be delivered to the above
            address within 24 hours by OVERNIGHT EXPRESS service.
19

20   [ X ]  <u>BY FACSIMILE:</u>  I caused such documents to be transmitted by facsimile to the
            telephone number(s) indicated above.

21   I declare under penalty of perjury under the laws of the State of California that the above

22   is true and correct.

23   Executed on March 3, 2008 at San Francisco, California.

24

25

26                                            _JoAnna L. Brooke_
                                                JoAnna L. Brooks
27

28   H:\A\AX Armani 41720\Acheson. Robert (118276)\Discovery\Presidio's response to plaintiff's SPROGS (1).doc

6
DEFENDANT PRESIDIO INTERNATIONAL, INC.'S RESPONSE
TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES          Case No. 107 CV 099461

# EXHIBIT C

Mar 26 08 10:39a                                                    p.3

(ENDORSED)
# FILED

APR - 1 2008

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY ~~Lisa Wilson~~          DEPUTY

1 | INITIATIVE LEGAL GROUP LLP
Mark Yablonovich (SBN 186670)
2 | Marc Primo (SBN 216796)
Mónica Balderrama (SBN 196424)
3 | Rebecca Labat (SBN 221241)
Linh Hua (SBN 247419)
4 | Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
5 | Los Angeles, California 90067
Telephone: (310) 556-5637
6 | Facsimile: (310) 861-9051
1800 Century Park East, 2nd Floor
7 | Los Angeles, California 90067
Telephone: (310) 556-5637
8 | Facsimile: (310) 861-9051.

9 | Attorneys for Plaintiff

10 | JACKSON LEWIS LLP
JoAnna L. Brooks (SBN 182986)
11 | 199 Fremont Street, 10th Floor
San Francisco, California 94105
12 | Telephone: (415) 394-9400
Facsimile: (415) 394-9401
13 |

Attorneys for Defendants

14 |

15 |          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16 |              **FOR THE COUNTY OF SANTA CLARA**

17 |

18 | ROBERT ACHESON; individually, and on      Case No. 107 CV 099461
behalf of other members of the general public
19 | similarly situated,                       CLASS ACTION

20 |          Plaintiff,                        STIPULATION AND [~~PROPOSED~~]
PROTECTIVE ORDER CONCERNING
21 |      vs.                                  DISCOVERY AND CONFIDENTIAL
INFORMATION
22 | G.A.L.A., INC., a Delaware corporation;
GIORGIO ARMANI CORPORATION, a New
23 | York corporation; PRESIDIO
INTERNATIONAL, INC., a Delaware
24 | Corporation; and DOES 1 through 10, inclusive,
25 |
         Defendants.
26 |

27 |

28 |

-1-
STIPULATION AND PROTECTIVE ORDER

1        1.    <u>PURPOSES AND LIMITATIONS</u>

2            Disclosure and discovery activity in this action will likely involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5    Furthermore, the parties desire to memorialize their agreement regarding inadvertent production of

6    privileged materials and/or materials protected by the attorney work product doctrine.

7    Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated

8    Protective Order.  The parties acknowledge, as set forth in Section 10, below, that this Stipulated

9    Protective Order creates no entitlement to file confidential information under seal.

10       2.    <u>DEFINITIONS</u>

11           2.1    <u>Party</u>: any party to this action, including all of its officers, directors,

12   employees, consultants, retained experts, and outside counsel (and their support staff).

13           2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

14   medium or manner generated, stored, or maintained (including, among other things, documents,

15   electronic data, testimony, transcripts, or tangible things) that are produced or generated in

16   disclosures or responses to discovery in this matter.

17           2.3    <u>Confidential Information or Items</u>: information (regardless of how

18   generated, stored or maintained) or tangible things that (a) reveal confidential and/or proprietary

19   information regarding Defendant, or its parent or affiliates; and/or (b) reveal personal, identifying

20   and/or confidential information about any third party, including such types of information as are

21   protected by the California constitutional right of privacy; and/or (c) reveal information that

22   pertains in any way to allegations of employee misconduct of any manner on the part of Plaintiff;

23   and/or (d) reveal personal, medical and/or financial information about any Party.

24           2.4    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

25   from a Producing Party.

26           2.5    <u>Producing Party</u>: a Party or non-party that produces Disclosure or

27   Discovery Material in this action.

28

-2-

STIPULATION AND PROTECTIVE ORDER

2.6   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7   Privileged Material: all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter that are subject the attorney-client privilege and/or the attorney work product doctrine.

2.8   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.9   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their internal support staffs).

2.10   House Counsel: attorneys who are employees of a Party (as well as their internal support staffs).

2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected

-3-

1  Material.

2      4.    <u>DURATION</u>

3          Even after the termination of this litigation, the confidentiality obligations imposed

4  by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

5  order otherwise directs.

6      5.    <u>DESIGNATING PROTECTED MATERIAL</u>

7          5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

8  Party or non-party that designates information or items for protection under this Order must take

9  care to limit any such designation to specific material that qualifies under the appropriate

10  standards.  Mass, indiscriminate, or routinized designations are prohibited.

11          If it comes to a Party's or a non-party's attention that information or items that it

12  designated for protection do not qualify for protection at all, or do not qualify for the level of

13  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

14  withdrawing the mistaken designation.

15          5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

16  Order (*see, e.g.,* second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

17  material that qualifies for protection under this Order must be clearly so designated before the

18  material is disclosed or produced.

19          Designation in conformity with this Order requires:

20          (a)    <u>for information in documentary form</u> (apart from transcripts of

21  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

22  "CONFIDENTIAL" at the top, bottom or right margin of each page that contains protected

23  material or, alternatively, on the first page of a multi-page document, if the entire document is

24  protected.  If only a portion or portions of the material on a page qualifies for protection, the

25  Producing Party should endeavor to identify the protected portion(s) (*e.g.,* by making appropriate

26  markings in the margins) and specify, for each portion, the level of protection being asserted

27  (either "CONFIDENTIAL").

28          A Party or non-party that makes original documents or materials available for

-4-
STIPULATION AND PROTECTIVE ORDER

1  inspection need not designate them for protection until after the inspecting Party has indicated

2  which material it would like copied and produced.  During the inspection and before the

3  designation, all of the material made available for inspection shall be deemed

4  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

5  produced, the Producing Party must determine which documents, or portions thereof, qualify for

6  protection under this Order, then, before producing the specified documents, the Producing Party

7  must affix the legend "CONFIDENTIAL" at the top, bottom or right margin of each page that

8  contains Protected Material.  If only a portion or portions of the material on a page qualifies for

9  protection, the Producing Party also should endeavor to identify the protected portion(s) (e.g., by

10  making appropriate markings in the margins).

11              (b)      for testimony given in deposition or in other pretrial or trial

12  proceedings, that the Party or non-party offering or sponsoring, or giving the testimony identify on

13  the record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

14  and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is

15  impractical to identify separately each portion of testimony that is entitled to protection, and when

16  it appears that substantial portions of the testimony may qualify for protection, the Party or non-

17  party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition

18  or proceeding is concluded) a right to, during the time allocated for the witness to review and

19  execute the deposition transcript, identify the specific portions of the testimony as to which

20  protection is "CONFIDENTIAL" during this review period.

21              Transcript pages containing Protected Material must be separately bound by the

22  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

23  instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

24              (c)      for information produced in some form other than documentary, and

25  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

26  the container or containers in which the information or item is stored the legend

27  "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing

28  Party, to the extent practicable, should identify the protected portions.

-5-

STIPULATION AND PROTECTIVE ORDER

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  Because the burden of

-6-

1  establishing the appropriateness of the confidentiality designation ultimately falls on the

2  Designating Party, in the event that the challenging party files and serves a reply brief in support

3  of its motion, the Designating Party shall, unless otherwise ordered, be entitled to file and serve a

4  sur-reply brief of the same length permitted for reply briefs.

5          Until the court rules on the challenge, all parties shall continue to afford the

6  material in question the level of protection to which it is entitled under the Producing Party's

7  designation.

8      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9          7.1    Basic Principles.  A Receiving Party may use Protected Material that is

10  disclosed or produced by another Party or by a non-party in connection with this case only for

11  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

12  disclosed only to the categories of persons and under the conditions described in this Order.  When

13  the litigation has been terminated, a Receiving Party must comply with the provisions of section

14  11, below (FINAL DISPOSITION).

15          Protected Material must be stored and maintained by a Receiving Party at a

16  location and in a secure manner that ensures that access is limited to the persons authorized under

17  this Order.

18          7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

19  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

20  disclose any information or item designated CONFIDENTIAL only to:

21              (a)    the Receiving Party's Counsel in this action;

22              (b)    the officers, directors, and employees of the Receiving Party to

23  whom disclosure is reasonably necessary for this litigation;

24              (c)    experts (as defined in this Order) of the Receiving Party to whom

25  disclosure is reasonably necessary for this litigation;

26              (d)    the Court and its personnel;

27              (e)    court reporters, their staffs, and professional vendors to whom

28  disclosure is reasonably necessary for this litigation;

1    (f)    during their depositions, witnesses in the action to whom disclosure

2  is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that

3  reveal Protected Material must be separately bound by the court reporter and may not be disclosed

4  to anyone except as permitted under this Stipulated Protective Order; or

5    (g)    the author of the document or the original source of the information.

6    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

7  OTHER LITIGATION

8    If a Receiving Party is served with a subpoena or an order issued in other litigation

9  that would compel disclosure of any information or items designated in this action as

10  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax,

11  if possible) immediately and in no event more than three court days after receiving the subpoena

12  or order.  Such notification must include a copy of the subpoena or court order.

13    The Receiving Party also must immediately inform in writing the party who caused

14  the subpoena or order to issue in the other litigation that some or all the material covered by the

15  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

16  deliver a copy of this Stipulated Protective Order promptly to the party in the other action that

17  caused the subpoena or order to issue.

18    The purpose of imposing these duties is to alert the interested parties to the

19  existence of this Protective Order and to afford the Designating Party in this case an opportunity to

20  try to protect its confidentiality interests in the court from which the subpoena or order issued.

21  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

22  of its confidential material and nothing in these provisions should be construed as authorizing or

23  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

24    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

26  Protected Material to any person or in any circumstance not authorized under this Stipulated

27  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

28  of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

-8-

STIPULATION AND PROTECTIVE ORDER

1  Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all

2  the terms of this Order.

3        10.    FILING PROTECTED MATERIAL

4        Without written permission from the Designating Party or a court order secured

5  after appropriate notice to all interested persons, a Party may not file in the public record in this

6  action any Protected Material.

7        11.    PRIVILEGED MATERIAL

8        The parties shall be permitted but not obligated to review materials for privilege

9  and/or work product protection prior to producing them in this matter.  If a Producing Party

10  discovers that it has produced Privileged Material, it may notify the Receiving Party, which will

11  promptly destroy or return all copies of such Privileged Material.  Furthermore, if the Receiving

12  Party has already disclosed the Privileged Materials prior to receiving this notice, the Receiving

13  Party must take reasonable steps to retrieve the materials or ensure their destruction.  Unless

14  otherwise agreed by the parties in writing, no party shall be permitted to retain Privileged

15  Materials after receiving notification under this section, even if the parties dispute the privilege

16  and/or work product status of the materials.  If the parties subsequently agree or the Court orders

17  that such materials should be disclosed, the Producing Party will produce new copies of the

18  materials.

19        12.    FINAL DISPOSITION

20        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

21  days after the final termination of this action, each Receiving Party must return all Protected

22  Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

23  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

24  the Protected Material.  With permission in writing from the Designating Party, the Receiving

25  Party may destroy some or all of the Protected Material instead of returning it.  Whether the

26  Protected Material is returned or destroyed, the Receiving Party must submit a written certification

27  to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty

28  day deadline that identifies (by category, where appropriate) all the Protected Material that was

1  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

2  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

3  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

4  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

5  even if such materials contain Protected Material.  Any such archival copies that contain or

6  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

7  (DURATION), above.

8         13.    MISCELLANEOUS

9            13.1    Right to Further Relief.  Nothing in this Order abridges the right of any

10  person to seek its modification by the Court in the future.

11  ///

12  ///

13  ///

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this

Protective Order no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Stipulated Protective

Order.  Similarly, no Party waives any right to object on any ground to use of any of the material

covered by this Protective Order at trial, in evidence or otherwise.

Respectfully submitted,

Dated: ~~February~~ *March* 25, 2008          Initiative Legal Group LLP

Marc Primo
Mónica Balderrama
Rebecca Labat
Linh Hua
Attorneys for Plaintiff

Dated: ~~February~~ *March* 18, 2008          Jackson Lewis LLP

JoAnna L. Brooks
Attorneys for Defendant

**ORDER**

Good cause appearing, IT IS HEREBY ORDERED, *as ordered as*
*waive compliance w/MCRc 2.550 & 2.551*

Dated: 3/28, 2008

The Honorable ~~Kevin McKenny~~ Mary Jo Levinger
Judge of the Superior Court of California

-11-
STIPULATION AND PROTECTIVE ORDER

Mar 26 08 10:44a                                                                      p.14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

    On March 26, 2008, I served the within document(s) described below as:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes address as follows:

Joanna L. Brooks
Timothy C. Travelstead
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
415.394.9401 facsimile

(X)    **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

( )    **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at the addresses listed.

( )    **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

(X)    **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

( )    **ELECTRONIC MAIL:** By agreement.

(X)    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    **EXECUTED** this document on March 26, 2008, at Los Angeles, California.

_____
Karen Acio

PROOF OF SERVICE

03/26/2008 WED 10:16  [TX/RX NO 5143]  Ø015

# EXHIBIT D

**INITIATIVE LEGAL GROUP LLP**

LINH HUA
310.556.5637 Main
LHua@InitiativeLegal.com

April 2, 2008

<u>VIA U.S. MAIL AND FACSIMILE (415.394.9401)</u>

JoAnna L. Brooks
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105

Subject:       <u>Acheson v. G.A.L.A., Inc, et al.</u>

Dear Ms. Brooks,

This letter is intended to continue our meet and confer efforts to resolve the dispute over Defendant Presidio International, Inc.'s ("Defendant") objections and response to Plaintiff's Special Interrogatory No. 1, seeking the names and contact information of prospective class members.

During our last telephonic meet and confer session on March 18, 2008, Defendant agreed to provide the full names and employee identification numbers for all individuals for whom Plaintiff Robert Acheson ("Plaintiff") had requested the contact information. However, merely providing the names and employee identification numbers of prospective class members is both an incomplete response to our interrogatory and insufficient information for Plaintiff to gather essential evidence to which he is entitled during pre-certification discovery.

## I.       SPECIAL INTERROGATORY NO. 1

Plaintiff's Special Interrogatory, No. 1 requests that Defendant provide the full name, last known address, and telephone number of each and every non-exempt or hourly person employed by Defendant in the State of California at any time during the period commencing four years prior to the filing of the Complaint to the present.

Defendant makes a number of boilerplate objections and, as such, Defendant's response is inadequate. Plaintiff, therefore, requests that Defendant supplement its response to Special Interrogatory No. 1.

A.    **Objections Based Upon Overly Broad, Unduly Burdensome, and Oppressive Grounds Are Insufficient to Not Provide A Substantive Response.**

Defendant objects to Special Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome and oppressive to the extent Plaintiff seeks information regarding individuals who have yet to be recognized by this Court as putative class members. First, Defendant has failed to provide any support for its objection that the interrogatory is overly broad on its face. Instead, Defendant makes only a conclusory statement that the interrogatory is overly broad. In fact, the interrogatory is narrow in scope. With regard to time, it is limited to four years prior to the filing of the Complaint through the present. With regard to geography, it is limited to the individuals employed by Defendant within the State of California. With regard to classification, it is limited to employees who are or were classified as non-exempt or hourly employees.

Defendant also has failed to provide any support for its objection that an adequate, substantive response to this interrogatory would be unduly burdensome or oppressive. See Columbia Broadcasting System, Inc. v. Superior Court (1968) 263 Cal. App. 2d 12, 19 (noting that in determining whether the burden is unjust, a weighing process is required where the amount of work is so great and the utility of the information sought so minimal that it would defeat the ends of justice to require the responding party to answer). This boilerplate objection does not demonstrate that the estimated time or expense involved in responding to Plaintiff's interrogatory is unreasonable.

Furthermore, Defendant fails to provide any support that such discovery is restricted prior to a legal determination by the Court that certain individuals are considered *putative* class members. Plaintiff's Class Action Complaint includes class allegations and is brought as a putative class action; therefore, Plaintiff is entitled to pre-certification discovery. Defendant has not provided authority to support otherwise.

Defendant's boilerplate objections that Special Interrogatory No. 1 is overly broad, unduly burdensome and oppressive are, therefore, without merit.

B.    **Special Interrogatory No. 1 is Not Compound.**

Defendant objects to Special Interrogatory No. 1 on the ground that it is compound; however, Plaintiff's interrogatory does not present a compound question by specifically requesting putative class members' full names, last known addresses, and telephone numbers. By specifying the exact identifying information that Plaintiff seeks, Plaintiff has properly narrowed the scope of the interrogatory, and a complete response by Defendant would not result in inconsistent information. Notwithstanding its objection, Defendant is still obligated to answer the interrogatory to the extent possible.

Defendant's objection on the ground that Special Interrogatory No. 1 is compound is, therefore, without merit.

### C.    Defendant's Objection Based Upon Privilege Under the Uniform Trade Secrets Act is Inapplicable.

Defendant objects to Special Interrogatory No. 1 on the grounds that it allegedly requests disclosure of confidential or competitively sensitive proprietary information that is privileged and protected from discovery by California Civil Code Section 3426, et seq. (Uniform Trade Secrets Act). However, Defendant does not explain or provide support for its objection that the Uniform Trade Secrets Act protects against disclosure of putative class members' full names, last known addresses, and telephone numbers.

Plaintiff's claims are brought in the context of a putative class action for Defendant's violation of California's wage and hour laws and Unfair Competition laws. Plaintiff's putative class action does not bring forth claims related to Defendant's trade secrets and this interrogatory does not seek information protected under the Uniform Trade Secrets Act. Rather, Plaintiff seeks to obtain evidence directly related to his wage and hour claims by requesting that Defendant provide putative class members' full names, last known addresses, and telephone numbers.

Defendant's objection that Special Interrogatory No. 1 is covered by the Uniform Trade Secrets Act is, therefore, without merit.

### D.    Boilerplate Privacy Objection Is An Insufficient Basis to Refuse to Respond.

Defendant further objects to Special Interrogatory No. 1 on the grounds of privacy under constitutional, statutory, or common law grounds.

California's Discovery Act permits parties to obtain "discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter is itself admissible evidence or appears reasonably calculated to lead to the discovery of admissible evidence." Cal. Code of Civ. Proc. § 2017.010. Specifically, under California's Discovery Act, Plaintiff may obtain "the identity and location of persons having knowledge of any discoverable matter." Id.

Unlike a proper privilege objection, Defendant objects to Special Interrogatory No. 1 on the grounds of privacy, which is not an absolute bar to discovery. Plaintiff is entitled to discover information in support of his anticipated Motion for Class Certification, such as the names and contact information of putative class members, each of whom is a percipient witness. The request does not seek any personal, financial, proprietary, medical, or privileged information.

The identification of potential witnesses is "[c]entral to the discovery process" and a necessary "starting point for further discovery." Puerto v. Superior Court (Wild Oats Markets) (2008) 158 Cal. App. 4th 1242, 1248. "One key legislative purpose of the discovery statutes is 'to educate the parties concerning their claims and defenses so as to encourage settlements and to expedite and facilitate trial.'" Puerto, supra, at 1248, citing Emerson Elec. Co. v. Superior Court (Grayson) (1997) 16 Cal. 4th 1101, 1107.

Although Defendant has agreed to provide the full names and employee identification numbers of putative class members, similarly in Puerto, where the court directed defendant to disclose the contact information of witnesses with percipient knowledge, Plaintiff is also entitled to putative class members' contact information as a "fundamentally routine" part of discovery. Puerto, supra, at 1248.

In Belaire-West Landscape, Inc. v. Superior Court (Rodriguez) (2007) 149 Cal. App. 4th 554, 562, the court addressed the privacy concerns raised by the disclosure of putative class members' phone numbers and addresses to plaintiff's counsel in a wage and hour matter. The court relied upon the privacy analysis set forth in the California Supreme Court case, Pioneer Electronics (USA), Inc. vs. Superior Court (Olmstead) (2007) 40 Cal. 4th 360. According to Pioneer, a court must examine (1) whether the claimant of the privacy right possesses a legally protected privacy interest, (2) whether the claimant has a reasonable expectation of privacy, and (3) whether the invasion of privacy is serious in nature, scope, and actual or potential impact. If a claimant meets all of these criteria, the court must then balance the privacy interest against other competing or countervailing interests. See Belaire-West, supra, at 558-559.

Like Pioneer (where the putative class members consisted of individuals who had complained to Pioneer that its DVD players were defective), the court in Belaire-West found that although the current and former employees possessed a legally protected interest, the employees did not have a reasonable expectation of privacy, given that current and former employees could be reasonably expected to want their information disclosed to a class action plaintiff who might ultimately recover for them unpaid wages they were owed. Similarly, the court found no serious invasion of privacy resulting from disclosure of the contact information with an opt-out notice. Id. at 561-562. The court reasoned that, just as in Pioneer, "...the information, while personal, was not particularly sensitive, as it was contact information, not medical or financial details." Id. at 562.

The Belaire-West court, after engaging in a balancing analysis, found that the balance of interests supported disclosure of the contact information. Id. In reaching that conclusion, the court reasoned that the current and former employees were potential percipient witnesses to the employer's employment and wage practices, and as such their identities and locations were properly discoverable. Id. In addition, the court found that the balancing of opposing interests tilted even more in favor of disclosure because the case involved the fundamental public policy of ensuring the prompt payment of wages due to employees. Id.

As in Belaire-West, Plaintiff is merely requesting the names and contact information of percipient witnesses to Defendant's wage and hour policies and practices. Furthermore, like Belaire-West, current and former employees of Defendant could reasonably be expected to want their information disclosed to a class action plaintiff who might ultimately recover their unpaid wages. Finally, like Belaire-West, Plaintiff has requested only the names and contact information of percipient witnesses—not medical or financial details. Accordingly, no serious invasion of privacy would result from disclosure of the contact information. Even so, under Belaire-West, the balance of interests in this case supports disclosure because current and former employees of Defendants are percipient witnesses to Defendant's wage

and hour practices and because this case concerns the fundamental public policy of ensuring the prompt payment of wages due to employees.

Defendant's objection on the grounds of privacy is, therefore, without merit.

### E.     Defendant's "Premature" Objection Is Specious.

Defendant objects to Special Interrogatory No. 1 on the grounds that it is premature; however, Defendant provides no support as to why it believes the interrogatory to be premature.

A plaintiff has an absolute right to conduct discovery on class certification issues. Carabini v. Superior Court (1994) 26 Cal. App. 4th 239. If the purported class representative is not permitted to conduct certification-related discovery before the motion for certification, such would be contrary to public policy in defeating class action procedures. Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal. 4th 319, 340. Given that Plaintiff is preparing for class certification and must establish numerosity, commonality, typicality, and adequate representation, the type of discovery sought here is authorized and permitted pre-certification. See Hill v. Eddie Bauer (C.D. Cal. 2007) 242 F.R.D. 556, 562.

By requesting the names and contact information of putative class members and percipient witnesses from Defendant, Plaintiff has requested information directly relevant to establishing the requirements for class certification. Defendant has not provided any support as to why pre-certification discovery is premature or objectionable.

Defendant's objection that the interrogatory is premature is without merit.

### F.     Defendant's Purported "Merits Determination" Objection Is Misplaced.

Defendant states in response to Plaintiff's Special Interrogatory No. 1 that Plaintiff is purportedly not representative of the entire class of employees he seeks to represent; however, no such court adjudication has been made. Defendant cannot respond to discovery requests with its own purported legal determination on Plaintiff's anticipated motion for class certification. It is within the Court's powers to determine whether Plaintiff is a proper class representative based on facts and evidence presented by the parties. As such, Plaintiff seeks to gather facts and evidence to establish class certification prerequisites from this very interrogatory.

Defendant's response that Plaintiff is not representative of the class he seeks to represent is premature and without merit.

## II.     CONCLUSION

Plaintiff has already agreed to enter into a Joint Stipulation and Protective Order to protect any privacy interests that may be involved in obtaining the identities and contact information of putative class members. Defendant's agreement to provide only the full names and

employee identification numbers is an incomplete response to Special Interrogatory No. 1 and obstructs Plaintiff's right to conduct discovery.

For the foregoing reasons, Plaintiff requests that Defendant provide a supplemental response to Special Interrogatory No. 1 by April 9, 2008.  Otherwise, we will have no choice but to seek court intervention.  If you would like to discuss any of the above issues, please do not hesitate to contact me.

Sincerely,

Linh Hua

```
          ***********************
          *** FAX TX REPORT ***
          ***********************


          TRANSMISSION OK

       JOB NO.                  3831
       DESTINATION ADDRESS      14153949401
       PSWD/SUBADDRESS
       DESTINATION ID
       ST. TIME                 04/02 10:13
       USAGE T                  01'28
       PGS.                     7
       RESULT                   OK
```

**INITIATIVE LEGAL GROUP LLP**


### Via Facsimile

To:      Joanna L. Brooks
         Timothy C. Travelstead
         JACKSON LEWIS LLP
         199 Fremont Street, 10th Floor
         San Francisco, CA 94105
         415.394.9401 facsimile

From:    Karen Acio
         Legal Assistant to
         Monica Balderrama, Esq.
         Rebecca Labat, Esq.
         Linh Hua, Esq.
         310.556.5637 main
         310.861.9051 facsimile

Date:    April 2, 2008

Subject: Acheson v. G.A.L.A. et al. (Case No. 107 CV 099461)


Total Pages: 7 (including cover)

# ▓ INITIATIVE LEGAL GROUP LLP

### <u>Via Facsimile</u>

**To:**       Joanna L. Brooks
             Timothy C. Travelstead
             JACKSON LEWIS LLP
             199 Fremont Street, 10th Floor
             San Francisco, CA 94105
             415.394.9401 facsimile

**From:**     Karen Acio
             Legal Assistant to
             Monica Balderrama, Esq.
             Rebecca Labat, Esq.
             Linh Hua, Esq.
             310.556.5637 main
             310.861.9051 facsimile

**Date:**     April 2, 2008

**Subject:**  <u>Acheson v. G.A.L.A. et al.</u> (Case No. 107 CV 099461)

**Total Pages: 7** (including cover)

This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended only for the use of the addressee(s) named below. If you are not the intended recipient of this facsimile or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address below via U.S. Postal Service. Thank you.

# EXHIBIT E

# jackson lewis
### Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

| | | |
|---|---|---|
| **Jackson Lewis LLP** | ATLANTA, GA | LONG ISLAND, NY | PROVIDENCE, RI |
| **199 Fremont Street** | BIRMINGHAM, AL | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| **10th Floor** | BOSTON, MA | MIAMI, FL | RICHMOND, VA |
| | CHICAGO, IL | MINNEAPOLIS, MN | SACRAMENTO, CA |
| **San Francisco, California 94105** | CLEVELAND, OH | MORRISTOWN, NJ | SAN FRANCISCO, CA |
| | DALLAS, TX | NEW YORK, NY | SEATTLE, WA |
| **Tel 415 394-9400** | DENVER, CO | ORANGE COUNTY, CA | STAMFORD, CT |
| **Fax 415 394-9401** | GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| | HARTFORD, CT | PITTSBURGH, PA | WHITE PLAINS, NY |
| **www.jacksonlewis.com** | HOUSTON, TX | PORTLAND, OR | |

April 17, 2008

**VIA FACSIMILE & U.S. MAIL**

Linh Hua, Esq.
Initiative Legal Group, LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067

Re:     Acheson v. G.A.L.A., Inc. et al.

Dear Ms. Hua:

We are in receipt of your correspondence dated April 2, 2008 concerning Presidio's International, Inc.'s ("Presidio") response to Special Interrogatory No. 1 as set forth in Plaintiff's Special Interrogatories, Set One. Following is Presidio's response to that correspondence.

Special Interrogatory No. 1 requests "the full name, last known address, and telephone numbers of each and every COVERED EMPLOYEE who was employed by PRESIDIO INTERNATIONAL, INC., during the RELEVANT TIME PERIOD. For purposes of this interrogatory, the term "COVERED EMPLOYEE" means and refers to all non-exempt or hourly persons employed by PRESIDIO INTERNATIONAL, INC., in the State of California at any time during the period commencing four (4) years prior to the filing of the COMPLAINT to present; the term "PRESIDIO INTERNATIONAL, INC." means and refers to defendant PRESIDIO INTERNATIONAL, INC. and any of its parent, subsidiaries, successors and predecessors, directors, officers, agents, investigators, personnel and employees; the term "COMPLAINT" means and refers to Plaintiff's Complaint filed in this action on November 11, 2007; the term "RELEVANT TIME PERIOD" means and refers to the period of time commencing four (4) years prior to the filing of the COMPLAINT to the present."

Presidio objected to this request as overly broad, unduly burdensome, compound, seeking confidential information and seeking information protected by the an individual's right to privacy. Each of these objections are addressed below.



Linh Hua, Esq.

Initiative Legal Group, LLP

April 17, 2008

Page 2

### Special Interrogatory No. 1 Seeks Disclosure of Information Protected by the Right to Privacy and is Premature

Special Interrogatory No. 1 violates the privacy rights of the "COVERED EMPLOYEES." The request seeks private and confidential information about "COVERED EMPLOYEES" without any protections for their privacy rights.

That putative class members in employment litigation have a privacy interest in their contact information is clear. In *Pioneer Electronics, Inc. v. Superior Court* (2007) 40 Cal.4th 360, the California Supreme Court held that persons who had voluntarily disclosed their contact information during the purchase of a DVD player nonetheless still had sufficient privacy interest in their contact information such that they must be given the opportunity to object before their contact information is disclosed to a plaintiff's counsel in a class action.

In *Belaire-West Landscape, Inc. v. Superior Court* (2007)149 Cal.App.4th 554, the Court of Appeals applied this ruling to the employment context and ruled that "the privacy concerns here are more significant than those in Pioneer" because the employees did not voluntarily disclose their contact information as part of a commercial transaction; rather they had to disclose their contact information as a condition of employment. (*Id.* at 561.) Therefore, the *Belaire* court ruled, putative class members' privacy interests must be protected in such litigation by giving them the opportunity to block any disclosure of their contract information to plaintiff's counsel.

In both the *Pioneer* and *Belaire* cases cited above, the issue was not **whether the putative class members should be given an opportunity to object** to the disclosure of such information. Rather, the court focused on the **appropriate manner by which the putative class member should be given such an opportunity.** In this case, it is undisputed that the putative class members have not been give any opportunity to object or assent to the disclosure of their contact information. Thus, Plaintiff's request for the contact information is premature and violates putative class members' right to privacy.

### Special Interrogatory No. 1 is Compound

Code of Civil Procedure section 2030.060(f) states " [n]o specially prepared interrogatory shall contain subparts, or a compound, conjunctive, or disjunctive question." Special Interrogatory No. 1 is compound and violates Code of Civil section 23030.060(f). It seeks three different categories of information. Specifically, Plaintiff is seeking the names of class members, their addresses and their telephone numbers.

### Responding to Special Interrogatory No. 1 Would be Unduly Burdensome as the Interrogatory is Overbroad

The class in this case has not yet been defined. In fact, the general nature of the allegations at issue in this case are still somewhat amorphous as Plaintiff contemplates filing an amended complaint to add claims. Plaintiff seeks information concerning all potential class members. Since the universe of claims in this case has not yet been defined and the class has not yet been ascertained it is unduly



Linh Hua, Esq.

Initiative Legal Group, LLP

April 17, 2008

Page 3

burdensome to request Presidio to obtain the names and contact information for individuals who may not have any pertinent information concerning this case.

### Special Interrogatory No. 1 Seeks Information which is Confidential and Proprietary

Section 3426 et seq. of the Civil Code protects information which derives independent economic value from not being generally known and is subject to reasonable efforts to maintain its secrecy from disclosure. Civ. Code §§3426.1(d), 3426.2. In this case, Presidio has undertaken efforts not to disclose information regarding its current and former employees. That information obviously has economic value which is why Plaintiff seeks such information.

Special Interrogatory No. 1 seeks confidential information protected by the right to privacy. Additionally, the request is premature and unduly burdensome particularly given the procedural posture of this case. Consequently, for the reasons set forth in its response to the interrogatory and this correspondence, Presidio is unable to provide a further response to the interrogatory.

Very truly yours,

JACKSON LEWIS LLP

Punam Sarad

PS/bv

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
4  Initiative Legal Group LLP
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for Plaintiff ROBERT ACHESON

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SANTA CLARA

11

12  ROBERT ACHESON, individually, and on      **Case Number:** 107 CV 099461
    behalf of other members of the general public
13  similarly situated,                       **CLASS ACTION**

14          Plaintiff,                         [Assigned to Hon. Mary Jo Levinger;
                                               Department 5]
15     vs.
                                              **PLAINTIFF'S SEPARATE STATEMENT
16  G.A.L.A., INC., a Delaware corporation;    IN SUPPORT OF MOTION TO COMPEL
17  GIORGIO ARMANI CORPORATION, a             DEFENDANT PRESIDIO
    New York corporation; PRESIDIO            INTERNATIONAL, INC.'S FURTHER
18  INTERNATIONAL, INC., a Delaware           RESPONSES TO SPECIAL
    Corporation; and DOES 1 through 10,       INTERROGATORIES, SET ONE**
19  inclusive,
20          Defendants.                        Date:   May 30, 2008
                                               Time:   10:00 a.m.
21                                             Dept.:  7

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────────
Plaintiff's Separate Statement In Support Of Motion to Compel Special Interrogatories, Set One

1         Pursuant to Rule 3.1020 of the <u>California Rules of Court</u>, Plaintiff Robert Acheson

2    ("Plaintiff") respectfully submits this Separate Statement in support of his Motion to Compel the

3    further responses of Defendant Presidio International, Inc. ("Defendant") to Plaintiff's Special

4    Interrogatories, Set One, No. 1, propounded on or about January 28, 2008.

5    **SPECIAL INTERROGATORY NO. 1:**

6         Provide the full name, last known address, and telephone numbers of each and every

7    COVERED EMPLOYEE who was employed by PRESIDIO INTERNATIONAL, INC. during the

8    RELEVANT TIME PERIOD.  For purposes of this interrogatory, the term "COVERED

9    EMPLOYEE" means and refers to all non-exempt or hourly persons employed by PRESIDIO

10    INTERNATIONAL, INC. in the State of California at any time during the period commencing

11    four (4) years prior to the filing of the COMPLAINT to present; the term "PRESIDIO

12    INTERNATIONAL, INC." means and refers to defendant PRESIDIO INTERNATIONAL, INC.

13    and any of its parents, subsidiaries, successors and predecessors, directors, officers, agents,

14    investigators, personnel and employees; the term "COMPLAINT" means and refers to Plaintiff's

15    Complaint filed in this action on November 11, 2007; the term "RELEVANT TIME PERIOD"

16    means and refers to the period of time commencing four (4) years prior to the filing of the

17    COMPLAINT to the present.

18    **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

19         DEFENDANT objects to this request on the grounds that it is overly broad, unduly

20    burdensome and oppressive to the extent Plaintiff seeks information regarding individuals who

21    have yet to be recognized by this Court as putative class members.  DEFENDANT further objects

22    to this request on the grounds that it is compound.  DEFENDANT further objects to this request to

23    the extent it call for the disclosure of confidential or competitively sensitive proprietary

24    information that is privileged and protected from discovery or information protected from

25    disclosure by California Civil Code Section 3426 et seq. DEFENDANT further objects to this

26    Request to the extent it seeks information the release of which would be a violation of any

27    individual's right of privacy under Article I, Section 1 of the California Constitution, or Section

28    1799.1 of the California Civil Code, or any other constitutional, statutory or common law right of

1  privacy of any person.  DEFENDANT further objects to this request on the grounds it is

2  premature.  Plaintiff is not entitled to a class list consisting of all non-exempt or hourly persons

3  employed by PRESIDIO INTERNATIONAL, INC., in the State of California at any time during

4  the period commencing four (4) years prior to the filing of the COMPLAINT to present.  Plaintiff

5  is not representative of the entire class of employees he seeks to represent.

6  **REASONS TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORY**

7  **NO. 1**

8      A.    **California's Civil Discovery Act Permits A Wide Scope Of Discovery.**

9          The California Civil Discovery Act makes abundantly clear the wide scope of permissible

10  discovery:

11          > Unless otherwise limited by order of the court in accordance with
           > this title, *any party may obtain discovery regarding any matter,*
12         > *not privileged, that is relevant to the subject matter involved in*
           > *the pending action* or *to the determination of any motion made in*
13         > *that action,* if the matter either is itself admissible in evidence or
           > appears reasonably calculated to lead to the discovery of
14         > admissible evidence.

15

16  Cal. Civ. Proc. Code § 2017.010 (emphasis added).

17          California's legislature deliberately drafted statutes allowing an "expansive scope of

18  discovery" with the intent "to educate the parties concerning their claims and defenses so as to

19  encourage settlements and to expedite and facilitate trial." Puerto v. Superior Court (2008) 158

20  Cal. App. 4th 1242, 1249, citing Emerson Electric Co. v. Superior Court (1997) 16 Cal. 4th 1101,

21  1107-8. The discovery procedures are also "designed to minimize the opportunities for fabrication

22  and forgetfulness." Puerto, supra, at 1249, citing Glenfed Development Corp. v. Superior Court

23  (1997) 53 Cal. App. 4th 1113, 1119.

24          Plaintiff's Special Interrogatory No. 1 requests the full name, last known address, and

25  telephone number of each putative class member, and it is well within the scope of permissible

26  discovery under California's Civil Discovery Act.  The information sought is highly relevant to

27  each of the claims alleged in Plaintiff's Class Action Complaint and his anticipated class

28

1  certification motion as it would allow Plaintiff to gather information from putative class members

2  in evaluating the widespread impact of Defendant's wage and hour violations.

3       The names and contact information of potential percipient witnesses who shared factually

4  similar circumstances with Plaintiff in their employment with Defendant is a crucial element in

5  pre-certification discovery.  It allows both of the parties equal access to additional facts underlying

6  Plaintiff's class allegations and allows putative class members to provide facts that were not

7  necessarily documented or maintained by Defendant.

8       **1.    California's Civil Discovery Act Specifically Permits**
              **Plaintiff To Obtain The Requested Names And Contact Information.**

9

10      California's Civil Discovery Act specifically deems Plaintiff's requested information

11  discoverable:

12          Discovery may relate to the claim or defense of the party seeking
            discovery or of any other party to the action. ***Discovery may be***
13          ***obtained of the identity and location of persons having***
            ***knowledge of any discoverable matter,*** as well as of the existence,
14          description, nature, custody, condition, and location of any
            document, tangible thing, or land or other property.
15

16  Cal. Civ. Proc. Code § 2017.010 (emphasis added).

17      Our discovery system is "founded on the understanding that parties use discovery to obtain

18  names and contact information," and "[c]entral to the discovery process is the identification of

19  potential witnesses" for the purpose of further investigations.  Puerto, supra, at 1249-50.  The

20  "disclosure of the names and addresses of potential witnesses is a routine and essential part of

21  pretrial discovery."  Puerto, supra, at 1249-50, citing People v. Dixon (2007) 148 Cal. App. 4th

22  414, 443.

23      Certainly in drafting and approving California's Civil Discovery Act, the legislature knew

24  that witnesses would have knowledge of discoverable facts necessary in the litigation of lawsuits,

25  particularly in putative class action lawsuits where such witnesses could be class members.

26  Therefore, contrary to Defendant's objections, Plaintiff's Special Interrogatory No. 1 does not

27  exceed his right to the discovery of putative class members' names and contact information.

28  Plaintiff's request is not only relevant to the alleged claims, it is specifically permitted by statute.

1      It would be unjust to allow only Defendant the right to utilize and monopolize this

2  essential mass of information which both of the parties require in the further investigation of class

3  allegations.  Defendant's refusal to provide the requested information is in blatant disregard of our

4  discovery system and serves to deliberately hinder use of the class action device.

5      **B.    Defendant's Boilerplate Objections Are Unsupported And Without Merit.**

6      Despite Plaintiff's agreement to enter into a protective order and Plaintiff's continual

7  efforts to informally resolve this issue, Defendant has failed to provide any responsive information

8  to Plaintiff's Special Interrogatory No. 1.  Defendant's improper objections are discussed *infra*.

9          **1.    Disclosure Of Putative Class Members' Contact Information
                    Does Not Violate Privacy Rights.**
10

11      Defendant objects to providing the names and contact information of the putative class

12  members on the ground that it is protected by the right of privacy.  Despite the Protective Order

13  into which the parties entered, Defendant continues to refuse to provide the requested information

14  on grounds of privacy.

15      Defendant also specifically objects to Plaintiff's Special Interrogatory No. 1 under

16  California Civil Code section1799.1.  Under California Civil Code section 1799.1, Defendant, as a

17  business entity, shall not disclose any contents of its business records, unless the disclosure is

18  discoverable.  Cal. Civ. Code § 1799.1(b)(2).  Under California Code of Civil Procedure section

19  2017.010, "discovery may be obtained of the identity and location of persons having knowledge of

20  any discoverable matter." Cal. Civ. Proc. Code § 2017.010.  In that putative class members act as

21  percipient witnesses and can provide relevant facts to the class allegations, Plaintiff's request for

22  the names and contact information of putative class members is not restricted under California

23  Civil Code section 1799.1.

24      Defendant has ignored the fact that the right of privacy is not an absolute bar to discovery.

25  Rather, courts balance the need for the information against the claimed privacy right.  Ragge v.

26  MCA/Universal Studios (C.D. Cal. 1995) 165 F.R.D. 601, 604.  Here, Plaintiff is entitled to

27  discover information in support of his anticipated motion for class certification, such as the names

28

1  and contact information of putative class members, each of whom is a percipient witness. This

2  interrogatory does not seek any personal, financial, proprietary, medical or privileged information.

3       In Belaire-West Landscape, Inc. v. Superior Court (Rodriguez) (2007) 149 Cal. App. 4th

4  554, 562, the court addressed the privacy concerns implicated by the disclosure of putative class

5  members' phone numbers and addresses to plaintiff's counsel in a wage and hour class action.

6  The court relied upon the privacy analysis set forth in the California Supreme Court case, Pioneer

7  Electronics (USA), Inc. vs. Superior Court (Olmstead) (2007) 40 Cal. 4th 360.  According to

8  Pioneer, a court must examine (1) whether the claimant of the privacy right possesses a legally

9  protected privacy interest, (2) whether the claimant has a reasonable expectation of privacy, and

10  (3) whether the invasion of privacy is serious in nature, scope, and actual or potential impact.  If a

11  claimant meets all of these criteria, the court must then balance the privacy interest against other

12  competing or countervailing interests. Belaire-West, supra, at 558-559.

13       Similar to Pioneer (where the putative class members consisted of individuals who had

14  complained to Pioneer that its DVD players were defective), the court in Belaire-West found that

15  although the current and former employees possessed a legally protected interest, the employees

16  did not have a reasonable expectation of privacy, given that current and former employees could

17  be reasonably expected to want their information disclosed to a class action plaintiff who might

18  ultimately recover for them unpaid wages which they were owed.  The court reasoned that, just as

19  in Pioneer, "the information, while personal, was not particularly sensitive, as it was contact

20  information, not medical or financial details." Belaire-West, supra, at 562.

21       Because there was no serious invasion of privacy, the Belaire-West court found that the

22  need to engage in a balancing of interests was obviated.  Id.  After engaging in a balancing

23  analysis, the court found that the balance of interests supported disclosure of the contact

24  information.  Id.  In reaching that conclusion, the court reasoned that the current and former

25  employees were potential percipient witnesses to the employer's employment and wage practices,

26  and as such their identities and locations were properly discoverable.  Id.  In addition, the court

27  found that the balancing of opposing interests tilted even more in favor of disclosure because the

28

1   case involved the fundamental public policy of ensuring the prompt payment of wages due to

2   employees. Id.

3       As in Belaire-West, Plaintiff here is merely requesting the names and contact information

4   of percipient witnesses to Defendant's wage and hour policies and practices. Also, similar to

5   Belaire-West, current and former employees can reasonably be expected to want their information

6   disclosed to a class action plaintiff who might ultimately recover for them unpaid wages which are

7   owed to them. Finally, like Belaire-West, Plaintiff here has requested only the names and contact

8   information of percipient witnesses, not medical or financial details. No serious invasion of

9   privacy would result from disclosure of the contact information for the purpose of litigating a

10  wage and hour putative class action. The need to engage in a balancing test is unnecessary.

11      Further supporting the production of names and contact information of putative class

12  members, the Court of Appeal for the Second Appellate District in Puerto, supra, stated, "the trial

13  court articulated no justification for placing in the hands of witnesses absolute and unreviewable

14  veto power over petitioner's access to contact information to permit them to pursue legitimate

15  discovery into their civil claims, and upon performing the appropriate privacy analysis we

16  perceive no basis for affording these witnesses' addresses and telephone numbers protections in

17  excess of those afforded to vastly more private consumer and employment records." Puerto,

18  supra, at 1259. The Court of Appeal overruled the trial court's decision and ordered the defendant

19  in that case to disclose the contact information of putative class members. Similarly, this Court

20  should order Defendant to provide substantive responses to Plaintiff's Special Interrogatory No. 1

21  and disclose the names and contact information of putative class members.

22          2.    **The Uniform Trade Secrets Act Is Inapplicable To
                  Plaintiff's Special Interrogatory No. 1.**

23

24      Defendant objects to Special Interrogatory No. 1 on the ground that it allegedly requests

25  disclosure of confidential or competitively sensitive proprietary information that is privileged and

26  protected from discovery by California Civil Code sections 3426, et seq. (Uniform Trade Secrets

27  Act). Defendant does not provide authority for its objection that putative class members' names

28  and contact information are properly defined under the Uniform Trade Secrets Act as either a

1    "formula, pattern, compilation, program, device, method, technique, or process" in which it is

2    "reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3246.1(d)(1)-(2).

3        Defendant's conclusory statement that the requested information derives independent

4    economic value could easily apply to every piece of information exchanged through formal

5    discovery in that such information could support Plaintiff's claims and anticipated motions.

6    Defendant's argument would improperly classify all information in the process of formal

7    discovery as a "trade secret" under Uniform Trade Secrets Act. This argument both misinterprets

8    the protections under the Uniform Trade Secrets Act and contravenes the legislative purpose of the

9    Civil Discovery Act.

10        Plaintiff's claims are brought in the context of a putative class action based on Defendant's

11    violation of California's wage and hour laws and Unfair Competition laws. Plaintiff's putative

12    class action does not allege claims related to Defendant's trade secrets, and this interrogatory does

13    not seek information protected under the Uniform Trade Secrets Act. Rather, Plaintiff seeks to

14    obtain properly discoverable information related to his wage and hour claims by requesting that

15    Defendant provide the names and contact information of percipient witnesses and putative class

16    members who serve as a necessary gateway to further investigation of the class allegations.

17        The information requested in Plaintiff's Special Interrogatory No. 1 is not protected under

18    California's Uniform Trade Secrets Act, and Defendant's objection is without merit.

19        **3.    A Request For The Names And Contact Information Of Putative Class Members Is Not Overly Broad, Unduly Burdensome, Nor Oppressive.**

20

21        Defendant further objects on the grounds that Plaintiff's Special Interrogatory No. 1 is

22    overly broad, unduly burdensome and oppressive. Defendant's objections do not provide a basis

23    to withhold the requested information.

24        In West Pico Furniture Co. of Los Angeles v. Superior Court (1961) 56 Cal. 2d 407, the

25    plaintiff requested the names, addresses, duties, and dates pertaining to all employees who

26    participated in various transactions between the parties. At issuance of a peremptory writ of

27    mandate, the respondent court was required to vacate its order sustaining defendant's objections to

28    specified interrogatories.

-7-

1    The California Supreme Court stated:

2        Oppression must not be equated with burden.  The objection based
      upon ***burden must be sustained by evidence showing the quantum***
3    ***of work required***, while to support an objection of ***oppression***
      there ***must be some showing either of an intent to create an***
4    ***unreasonable burden*** or that the ultimate effect of the ***burden is***
      ***incommensurate with the result*** sought...[There is] a legislative
5    acknowledgement that some burden is inherent in all demands for
      discovery.  The objection of burden is valid only when that burden
6    is demonstrated to result in injustice.

7

8    <u>West Pico Furniture Co.</u>, <u>supra</u>, at 417 (emphasis added).

9        Similarly here, Defendant failed to support its objections with any evidence to show the

10   quantum of work required in providing substantive responses to Plaintiff's Special Interrogatory

11   No. 1.  Defendant also failed to support its objections with evidence that the interrogatory was

12   allegedly oppressive.  In fact, Defendant's response to Plaintiff's Special Interrogatory No. 1 was

13   devoid of any supplemental documents pertaining to or providing grounds for its boilerplate

14   objections.  There is no indication of the alleged time or expense required of Defendant in

15   providing the information requested in Plaintiff's Special Interrogatory No. 1.  Indeed, contrary to

16   Defendant's position, the requested information is readily ascertainable through Defendant's

17   employment records.

18       Additionally, Defendant's conclusory statement that the interrogatory is overly broad

19   ignores Plaintiff's efforts to narrowly tailor Special Interrogatory No. 1.  With regard to time, it is

20   limited to four years prior to the filing of the Complaint through the present.  With regard to

21   geography, it is limited to the individuals employed by Defendant within the State of California.

22   With regard to classification, it is limited to employees who are or were classified as non-exempt

23   or hourly employees.

24       Defendant further objects that the request is overly broad because a contemplated

25   amendment to Plaintiff's Complaint to add claims would negate the need to exchange discovery to

26   support claims that have already been alleged.  Despite Plaintiff's contemplated filing of an

27   amended complaint, the claims alleged in Plaintiff's current, operative Complaint are properly

28   pleaded and require additional facts from percipient witnesses and putative class members for

-8-

1 further investigation.  In particular, where Defendant may fail to maintain records of rest breaks,

2 the violation of which is a claim properly alleged in the operative Complaint, the litigation of this

3 matter would benefit from the exchange of information retained by putative class members

4 regarding their work experience with Defendant.  The potential amendment of the Complaint does

5 not permit Defendant to refuse compliance with California's Civil Discovery Act.

6       Defendant's boilerplate objections that Special Interrogatory No. 1 is overly broad, unduly

7 burdensome and oppressive are without merit.

8           **4.**   **Plaintiff's Discovery Goes To Class Certification**
**And Is Not Premature.**
9

10       Defendant objects on the ground that Plaintiff's Special Interrogatory No. 1 is allegedly

11 premature.  Ironically, Defendant prematurely "determined" that Plaintiff is not representative of

12 the entire class of employees he seeks to represent and is not entitled to a class list of those

13 employees.  Additionally, Defendant fails to provide any support or authority with its objection

14 that the Court must first make a legal determination regarding the status of individuals as *putative*

15 class members prior to Plaintiff's request for the names and contact information for those

16 individuals.

17       This case has been fashioned as a class action, and Plaintiff must satisfy the requirements

18 of California Code of Civil Procedure section 382, including "numerosity," "typicality,"

19 "commonality," and "adequacy" in order for the court to grant class certification.  If a purported

20 class representative is not permitted to conduct certification-related discovery before the motion

21 for certification, the class action device would cease to exist, which is a result contrary to public

22 policy.  See, e.g., Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal. 4th 319, 340

23 (California has a "clear public policy . . . that is specifically directed at the enforcement of

24 California's minimum wage and overtime laws for the benefit of workers" and "a public policy

25 which encourages the use of the class action device.").

26       A plaintiff has an absolute right to conduct discovery on class certification issues.  See

27 Carabini v. Superior Court (1994) 26 Cal. App. 4th 239.  Defendant's objection to the adequacy of

28 Plaintiff's representation is an issue that is properly dealt with during a certification motion, not

1  stated as an objection to Plaintiff's Special Interrogatory No. 1. See Carabini, supra, at 244

2  ("[E]ach party should have an opportunity to conduct discovery on class action issues before its

3  documents in support of or in opposition to the motion must be filed."). Given that Plaintiff is

4  preparing for class certification and must establish numerosity, commonality, typicality, and

5  adequate representation, the type of discovery sought here is authorized and permitted pre-

6  certification discovery. See Hill v. Eddie Bauer (C.D. Cal. 2007) 242 F.R.D. 556, 562.

7          As a matter of law, Plaintiff is entitled to class certification discovery and the identities of

8  class members prior to class certification. Pioneer, supra, 40 Cal. 4th at 373 ("contact information

9  regarding the identity of potential class members is generally discoverable, so that the lead

10  plaintiff may learn the names of other persons who might assist in prosecuting the case."); Belaire-

11  West, supra, 149 Cal. App. 4th at 561 ("[C]urrent and former [ ] employees [can] reasonably be

12  expected to want their information disclosed to a class action plaintiff who may ultimately recover

13  for them unpaid wages that they are owed."). The information specifically sought here will

14  establish whether there are common questions of law and fact that predominate the class claims.

15          Plaintiff's Special Interrogatory No. 1 seeks the names and contact information of putative

16  class members for the purpose of pursuing further investigation of the class allegations. Plaintiff's

17  request is properly brought as part of pre-certification discovery, and it directly impacts Plaintiff's

18  ability to establish typicality and commonality for class certification. Defendant's objections act

19  to unilaterally prohibit Plaintiff's ability to pursue a class action, despite statutory and common

20  law provisions, leaving only the option for each putative class member to separately pursue his or

21  her own claims with individualized discovery requests.

22          Therefore, Defendant's objections are improper and further responses should be ordered.

23          **5.    Special Interrogatory No. 1 Is Not Compound, And Defendant Must Still Respond To The Extent Possible.**

24

25          Defendant objects to Special Interrogatory No. 1 on the ground that it is compound;

26  however, Plaintiff's interrogatory does not present a compound question by specifically indicating

27  the type of information sought in Special Interrogatory No. 1, namely, putative class members'

28  full names, last known addresses, and telephone numbers. By specifying the exact identifying

1   information that Plaintiff seeks, Plaintiff has properly narrowed the scope of the interrogatory, and

2   a complete response by Defendant would not result in inconsistent information.  Notwithstanding

3   its objection, the request is intelligible, and Defendant is still obligated to answer the interrogatory

4   "to the extent possible." Cal. Civ. Proc Code § 2030.220(b).

5          Defendant's objection on the ground that Special Interrogatory No. 1 is compound is,

6   therefore, without merit.

7

8   Dated: April 22 , 2008                    Respectfully submitted,

9                                             INITIATIVE LEGAL GROUP, LLP

10

11                                            By: _____
                                                  Marc Primo
12                                                Mónica Balderrama
                                                  Rebecca Labat
13                                                Linh Hua
                                                  Attorneys for Plaintiff Robert Acheson
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
Initiative Legal Group LLP
4  1800 Century Park East, 2nd Floor
Los Angeles, California 90067
5  Telephone: (310) 556-5637
Facsimile: (310) 861-9051
6

7  Attorneys for Plaintiff ROBERT ACHESON

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF SANTA CLARA

11

| 12 | ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated, | **Case Number:** 107 CV 099461 |
|---|---|---|
| 13 | | **CLASS ACTION** |
| 14 | Plaintiff, | [Assigned to Hon. Mary Jo Levinger; Department 5] |
| 15 | vs. | |
| 16 | G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE** |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | Defendants. | |
| 21 | | Date:  May 30, 2008 |
| 22 | | Time:  10:00 a.m. |
| | | Dept.:  7 |

23

24

25

26

27

28

-1-

Order Re: Plaintiff's Motion to Compel Special Interrogatories, Set One

1      The Court, having heard and considered Plaintiff's Motion to Compel Further Responses,

2  Defendants' Opposition, and all related papers on May 30, 2008, and

3      GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that Plaintiff's

4  Motion to Compel the Further Responses of Defendant Presidio International, Inc. to Plaintiff's

5  Special Interrogatories, Set One, No. 1 is GRANTED.

6      FURTHER GOOD CAUSE HAVING BEEN SHOWN, IT IS ORDERED that Plaintiff's

7  Request for Sanctions in the amount of $4,119.50 for the bringing of said motion is GRANTED.

8

9      IT IS SO ORDERED.

10

11  Dated:  _____        _____

12                                                     Hon. Socrates Manoukian

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
4  Initiative Legal Group LLP
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for Plaintiff ROBERT ACHESON

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SANTA CLARA

11

12  ROBERT ACHESON, individually, and on          Case Number:  107 CV 099461
    behalf of other members of the general public
13  similarly situated,                           CLASS ACTION

14              Plaintiff,                         [Assigned to Hon. Mary Jo Levinger;
                                                   Department 5]
15       vs.
                                                   PROOF OF SERVICE
16  G.A.L.A., INC., a Delaware corporation;
17  GIORGIO ARMANI CORPORATION, a
    New York corporation; PRESIDIO               Date:   May 30, 2008
18  INTERNATIONAL, INC., a Delaware              Time:   10:00 a.m.
    Corporation; and DOES 1 through 10,          Dept.:  7
19  inclusive,

20              Defendants.

21

22

23

24

25

26

27

28

_____
                           Proof of Service

1 **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3     I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18)
4 and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

5
6     On April 22, 2008, I served the within document(s) described below as:

7 **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

8
9 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

10
11 **PLAINTIFF'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

12 **DECLARATION OF LINH HUA IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL**
13 **INTERROGATORIES, SET ONE**

14 **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

15
16 on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes address as follows:

17     Joanna L. Brooks
18     Timothy C. Travelstead
    JACKSON LEWIS LLP
19     199 Fremont Street, 10th Floor
    San Francisco, CA 94105
20     415.394.9401 facsimile

21 (X)   **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were
22     mailed with postage thereon fully prepaid.
  ( )   **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at
23     the addresses listed.
  (X)   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the
24     above is true and correct.

25     **EXECUTED** this document on April 22, 2008, at Los Angeles, California.

26
27     _____
28     Karen Acio

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
   Initiative Legal Group LLP
4  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
5  Telephone: (310) 556-5637
   Fax: (310) 861-9051
6

7  Attorneys for Plaintiff Robert Acheson

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SANTA CLARA

10

11 | ROBERT ACHESON, individually, and on | Case No. 107 cv 099461
   | behalf of other members of the general public |
12 | similarly situated, | **CLASS ACTION**
13 |                    Plaintiff, | **PLAINTIFF ROBERT ACHESON'S**
14 |                                | **STATEMENT OF DAMAGES**
   |         vs. |
15 |
16 | G.A.L.A., INC., a Delaware corporation; |
   | GIORGIO ARMANI CORPORATION, a New |
17 | York corporation; PRESIDIO |
   | INTERNATIONAL, INC., a Delaware |
18 | Corporation; and DOES 1 through 10, |
   | inclusive, |
19 |
   |                    Defendants. | Complaint Filed:    November 21, 2007
20 |
21

22

23

24

25

26

27

28

1    Plaintiff Robert Acheson ("Plaintiff") responds and objects to Defendant Presidio

2  International, Inc.'s ("Defendant") Request for Statement of Damages as follows:

3    Plaintiff objects to Defendant Presidio International, Inc.'s Request for Statement of Damages

4  on the grounds it is irrelevant, vague and ambiguous, and wholly inapplicable to this putative class

5  action.  California Code of Civil Procedure section 425.11 permits a defendant to request a statement

6  of damages when a complaint is filed "in an action to recover damages for ***personal injury or***

7  ***wrongful death***."  Cal. Civ. Proc. Code § 425.11(b) (emphasis added).

8    Plaintiff's Class Action Complaint, filed on November 21, 2007, alleges California wage and

9  hour violations, including: (1) Violation of California Labor Code sections 510 and 1198 (Unpaid

10  Overtime); (2) Violation of California Labor Code sections 201 and 202 (Wages Not Paid Upon

11  Termination); (3) Violation of California Labor Code section 204 (Failure to Pay Wages); (4)

12  Violation of California Labor Code section 226.7(a) (Denial of Rest Periods); (5) Violation of

13  California Labor Code section 226(a) (Improper Wage Statements); and (6) Violation of California

14  Business & Professions Code sections 17200, et seq.  Plaintiff does ***not*** seek recovery of damages for

15  personal injury or wrongful death.

16    Defendant does not provide applicable statutory grounds for which to request a Statement of

17  Damages.  California Code of Civil Procedure section 425.11 is both inapplicable and irrelevant to

18  this action.  Notwithstanding Plaintiff's objection, Plaintiff provides as follows:

19  ///

20  ///

21  ///

22

23

24

25

26

27

28

1   Plaintiff is currently investigating and engaging in formal discovery with Defendant. At this

2   time, copious amounts of relevant and discoverable information from witnesses, documents and/or

3   other sources have not yet been produced by Defendant. Furthermore, at this stage of pre-

4   certification litigation, Plaintiff is not required to assess either the merits or the damages of this

5   putative class action.

6   Plaintiff reserves the right to further respond, if deemed necessary, to this statement of

7   damages.

8

9   DATED: May 23, 2008                    INITIATIVE LEGAL GROUP, LLP

10

11                                          Mark Yablonovich

12                                          Marc Primo

13                                          Mónica Balderrama

14                                          Rebecca Labat

15                                          Linh Hua

                                            Attorneys for Plaintiff Robert Acheson

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ROBERT ACHESON'S STATEMENT OF DAMAGES

1

## PROOF OF SERVICE

2
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
      I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18)

4
and not a party to this action.  My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

5
      On May 23, 2008, I served the within document(s) described below as:

6
**PLAINTIFF ROBERT ACHESON'S STATEMENT OF DAMAGES**

7

8
on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

9
     Joanna L. Brooks

10
     Timothy C. Travelstead
     JACKSON LEWIS LLP

11
     199 Fremont Street, 10th Floor
     San Francisco, CA 94105

12

13
(X)    **MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

14
( )    **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at the addresses listed.

15
( )    **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

16
( )    **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

17
(X)    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19
**EXECUTED** this document on May 23, 2008, at Los Angeles, California.

20

21
                             Nicole Lord

22

23

24

25

26

27

28

---

PROOF OF SERVICE

# ⊞ INITIATIVE LEGAL GROUP LLP

## Via Facsimile

**To:** Joanna L. Brooks
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
415.394.9401 facsimile

**From:** Karen Acio
Legal Assistant to
Monica Balderrama, Esq.
Rebecca Labat, Esq.
Linh Hua, Esq.
310.556.5637 main
310.861.9051 facsimile

**Date:** May 28, 2008

**Subject:** Acheson v. G.A.L.A. et al. (Case No. 107 CV 099461)

**PLAINTIFF ROBERT ACHESON'S NOTICE OF INTENT TO
APPEAR BY TELEPHONE FOR PLAINTIFF'S MOTION TO
COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S
FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET
ONE**

**Total Pages:** 7 (including cover)

1    Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
2    Mónica Balderrama (SBN 196424)
Rebecca Labat (SBN 221241)
3    Linh Hua (SBN 247419)
Initiative Legal Group LLP
4    1800 Century Park East, 2nd Floor
5    Los Angeles, California 90067
Telephone: (310) 556-5637
6    Facsimile: (310) 861-9051

7    Attorneys for Plaintiff Robert Acheson

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF SANTA CLARA**

11

12    ROBERT ACHESON, individually, and on
behalf of other members of the general public
13    similarly situated,

14           Plaintiff,

15        vs.

16

17    G.A.L.A., INC., a Delaware corporation;
GIORGIO ARMANI CORPORATION, a
New York corporation; PRESIDIO
18    INTERNATIONAL, INC., a Delaware
Corporation; and DOES 1 through 10,
19    inclusive,

20          Defendants.

21

22

23

24

25

26

27

28

|  |
|---|
| Case Number:  107 CV 099461 |
| **CLASS ACTION** |
| [Assigned to Hon. Mary Jo Levinger; Department 5] |
| **PLAINTIFF ROBERT ACHESON'S NOTICE OF INTENT TO APPEAR BY TELEPHONE FOR PLAINTIFF'S MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE** |
| [Via CourtCall Service (888) 447-3470] |
| Date:  May 30, 2008<br>Time:  10:00 a.m.<br>Dept.:  7 [Honorable Socrates Manoukian] |

NOTICE OF TELEPHONIC APPEARANCE

1     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2     **PLEASE TAKE NOTICE THAT** Rebecca Labat, counsel for Plaintiff Robert Acheson

3 ("Plaintiff"), will appear by telephone on Friday, May 30, 2008, at 10:00 a.m. for the hearing on

4 Plaintiff's Motion to Compel Defendant Presidio International Inc.'s Further Responses to Special

5 Interrogatories, Set One in the above-captioned Court, located at 191 N. First Street, San Jose,

6 California 95113.

7     Attached as Exhibit A is a true and correct copy of the CourtCall Confirmation.

8

9 Dated: May 28, 2008               Respectfully submitted,

                         INITIATIVE LEGAL GROUP, LLP

10

11

12                        By: _____

                           Marc Primo

13                         Mónica Balderrama

                        Rebecca Labat

14                         Linh Hua

                        Attorneys for Plaintiff Robert Acheson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-
NOTICE OF TELEPHONIC APPEARANCE

# EXHIBIT A

05/28/2008 14:35 IFAX scopy@jacksonlewis.com → Reception ☒005/007
05/28/2008 Case 5:07-cv-11358-RMW051 Document 2 Legal Filed 07/10/2008 Page 9 of 40 ☒005/007
05/28/08 11:08 AM [<vsit :cc.com>] Page 2 of 2 #255907 BE

| Attorney Appearing: | Calendar Status |
|---|---|
| Rebecca L. Labat | Your CourtCall Appearance has been confirmed for Judge Socrates Manoukian, Dept. 7 at 10:00 AM on Friday, May 30th, 2008 |
| Initiative Legal Group LLP | |
| Tel No: 310-556-5637      Fax No: 310-861-9051 | |
| Representing: Plaintiff(s), Robert Acheson | |
| Effective 3/1/08 the CourtCall Appearance fee for this Court is $60.00 | At five minutes prior to the above time, dial (800) 447-3470. This call will be operator assisted. |

# CONFIRMATION

**Santa Clara County Superior Court**

| Case Name | Robert Acheson vs. G.A.L.A., Inc., et al | **Be prompt, or your case may be heard without you!** |
|---|---|---|
| Case Number | 107CV099461 | If you encounter any problems or if the Court has not joined the call within 15 minutes, remain on your teleconference and have a staff member call CourtCall, LLC at (310)342-0888 or 1(888)88 COURT. |
| Nature of hearing: | Motion | |
| CourtCall ID# | 2232631     (not access code) | |

## Mandatory Instructions For Making A CourtCall® Appearance

**1. IT IS COUNSEL'S RESPONSIBILITY TO DIAL INTO THE CONFERENCE AT LEAST FIVE MINUTES PRIOR TO THE SCHEDULED APPEARANCE TIME. COURTCALL DOES NOT CALL COUNSEL!** If you are unavoidably late and the Court is already in session, you must wait for an appropriate moment to announce yourself. Do not interrupt the Judge.

**NEVER PLACE THE CONFERENCE ON HOLD. CELLULAR AND PAYPHONES ARE STRICTLY PROHIBITED.**

**2.** When speaking with the Court, **always talk directly into the handset and state your name clearly each time you speak. DO NOT USE YOUR SPEAKERPHONE** as it may compromise the quality of the call for ALL participants, including the Court.

**3.** When you place your call, you must be in a **QUIET AREA**. Give the Court your absolute undivided attention. All background noise must be eliminated (i.e. cell phones, pagers, intercoms, typing, paper shuffling, dogs barking, babies crying, etc.) Your attention must be focused solely on the Court and you should refrain from making any unnecessary noise or engaging in conversations with others. Disruptions on the conference line will not be tolerated by the Court.

**4.** Once you have dialed into the conference you may be checked in by an operator or a clerk, alternatively, you may not be addressed until the Court calls your specific case. Listen carefully to the Court proceedings as the Court may make general observations applicable to all matters which will not be repeated.

**\*\*\*** *The Court expects you to act professionally and adhere to these instructions may result in the termination of your call or the entire conference, sanctions for a non-appearance or an order for counsel to appear in Court at the next session or such other consequences the Court deems appropriate, as well as withdrawing the privilege of appearing telephonically in the future.* **\*\*\***

It is counsel's responsibility to notify CourtCall of any continuance or cancelation prior to the scheduled hearing time to have your fee apply to the continued hearing or to be eligible for a refund as the Court will not notify CourtCall of any continuance or cancelation of your matter. Matters continued at the time of the hearing require a new form and a new fee for the continued date. To continue or cancel your CourtCall Appearance: Call (888) 882-6878 prior to the scheduled appearance time.

*Stop writing checks or tracking credit card charges, open a CourtCall debit account and receive a monthly ledger identifying each CourtCall Appearance. Please call our office for details. Our address is CourtCall LLC, 6383 Arizona Circle, Los Angeles, CA 90045.*

Marina Perez     **CONFIRMATION FOR COURTCALL® TELEPHONIC APPEARANCE** Our Tax ID# 95-4568415

# COURTCALL, LLC

**6383 Arizona Circle, Los Angeles, CA 90045**
**(TEL) (888) 882-6878 or (310) 342-0888**
**(FAX) (888) 883-2946 or (310) 743-1850**
**www.courtcall.com**

WE ARE NOW OFFERING ONLINE SERVICES! - VISIT OUR WEBSITE AT
WWW.COURTCALL.COM OR ASK A COURTCALL REPRESENTATIVE FOR MORE INFORMATION

Schedule new Telephonic Appearances online by registering for this free service. A copy of the registration
form can be found on our homepage. Once registration is complete you will be able to:

* View up to twelve months of past Telephonic Appearances
* View any future Telephonic Appearances
* Review payment information for each confirmed Telephonic Appearance
* Cancel future confirmed Telephonic Appearances
* Verify and update your profile

There are no registration fees and you will have access to your profile within two business days of our receipt
of your completed CourtCall Online Scheduling Registration Form.

ATTENTION EXISTING AND NEW COURTCALL DEBIT ACCOUNT HOLDERS!

All existing CourtCall Debit Account holders can now also register for online accounting. All firms signing
up for a new CourtCall Debit Account will automatically be registered for this service. Once registration is
complete, firm administrators will be able to:

* Review and edit Firm Profile information
* Add funds to the CourtCall Debit Account
* View and print CourtCall Debit Ledgers containing detailed transaction information, up to twelve months in
the past

If you are already using a CourtCall Debit Account and wish to register for our online accounting service,
please contact our accounting department at the number listed above.

To open a new CourtCall Debit Account and automatically receive online accounting services, please visit
our website at www.courtcall.com and click the FAQ tab and the 'Debit Account' link for more detailed
information or ask a CourtCall representative to send you the information via fax or email.

ONLINE SERVICES ARE OPTIONAL AND YOU MAY STILL CALL OUR CUSTOMER SERVICE
AND ACCOUNTING DEPARTMENTS M-F 5:25AM - 5:25PM PT FOR ASSISTANCE.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

    On May 28, 2008, I served the within document(s) described below as:

**PLAINTIFF ROBERT ACHESON'S NOTICE OF INTENT TO APPEAR BY TELEPHONE FOR PLAINTIFF'S MOTION TO COMPEL DEFENDANT PRESIDIO INTERNATIONAL, INC.'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

Joanna L. Brooks
Timothy C. Travelstead
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
415.394.9401 facsimile

(X)   **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

( )   **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at the addresses listed.

( )   **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

(X)   **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

(X)   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    **EXECUTED** this document on May 28, 2008, at Los Angeles, California.

Karen Acio

PROOF OF SERVICE

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
   Initiative Legal Group LLP
4  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
5  Telephone: (310) 556-5637
   Facsimile: (310) 861-9051
6
7  Attorneys for Plaintiff Robert Acheson
8
9          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10              FOR THE COUNTY OF SANTA CLARA
11

| 12 | ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated, | **Case Number:** 107 CV 099461 |
| 13 | | **CLASS ACTION** |
| 14 | Plaintiff, | [Assigned to Hon. Mary Jo Levinger; Department 5] |
| 15 | vs. | |
| 16 | G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | **PLAINTIFF ROBERT ACHESON'S NOTICE OF INTENT TO APPEAR BY TELEPHONE FOR FURTHER CASE MANAGEMENT CONFERENCE** |
| 17 | | |
| 18 | | [Via CourtCall Service (888) 447-3470] |
| 19 | | |
| 20 | Defendants. | Date:   June 17, 2008 |
| 21 | | Time:   10:00 a.m. |
| | | Dept.:   5 |

22
23
24
25
26
27
28

---

NOTICE OF TELEPHONIC APPEARANCE

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE THAT** Mónica Balderrama, counsel for Plaintiff Robert

3    Acheson ("Plaintiff"), will appear by telephone on Tuesday, June 17, 2008, at 10:00 a.m. for the

4    Further Case Management Conference in the above-captioned Court, located at 191 N. First Street,

5    San Jose, California 95113.

6         Attached as Exhibit A is a true and correct copy of the CourtCall Confirmation.

7

8    Dated:  June 9, 2008                  Respectfully submitted,

9                                     INITIATIVE LEGAL GROUP, LLP

10

11                                    By: _____

12                                       Marc Primo

13                                       Mónica Balderrama
                                    Rebecca Labat
                                    Linh Hua
                                    Attorneys for Plaintiff Robert Acheson

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF TELEPHONIC APPEARANCE

# EXHIBIT A

| **Attorney Appearing:** | **Calendar Status** |
|---|---|
| Monica Balderrama<br><br>Initiative Legal Group LLP<br><br>**Tel No:** 310-556-5637     **Fax No:** 310-861-9051<br>**Representing:** Plaintiff(s), Acheson | Your CourtCall Appearance has been confirmed for Judge Mary Jo Levinger, Dept. 5 at 10:00 AM on Tuesday, June 17th, 2008<br><br><br>At five minutes prior to the above time, dial (800) 447-3470.  This call will be operator assisted. |

# CONFIRMATION

**Santa Clara County Superior Court**

| Case Name | Acheson vs. G.A.L.A. Inc | **Be prompt, or your case may be heard without you!** |
|---|---|---|
| Case Number | 107CV099461 | **If you encounter any problems or if the Court has not joined the call within 15 minutes, remain on your teleconference and have a staff member call CourtCall, LLC at (310)342-0888 or 1(888)88 COURT.** |
| Nature of hearing: | Case Management Conference | |
| CourtCall ID# | 2249587     (not access code) | |

### Mandatory Instructions For Making A CourtCall® Appearance

**1. IT IS COUNSEL'S RESPONSIBILITY TO DIAL INTO THE CONFERENCE AT LEAST FIVE MINUTES PRIOR TO THE SCHEDULED APPEARANCE TIME. COURTCALL DOES NOT CALL COUNSEL!** If you are unavoidably late and the Court is already in session, you must wait for an appropriate moment to  announce yourself. Do not interrupt the Judge.

**NEVER PLACE THE CONFERENCE ON HOLD. CELLULAR AND PAYPHONES ARE STRICTLY PROHIBITED.**

**2.** When speaking with the Court, **always talk directly into the handset and state your name clearly each time you speak. DO NOT USE YOUR SPEAKERPHONE** as it may compromise the quality of the call for ALL participants, including the Court.
**3.** When you place your call, you must be in a **QUIET AREA. Give the Court your absolute undivided attention.** All background noise must be eliminated (i.e. cell phones, pagers, intercoms, typing, paper shuffling, dogs barking, babies crying, etc.) Your attention must be focused solely on the Court and you should refrain from making any unnecessary noise or engaging in conversations with others. Disruptions on the conference line will not be tolerated by the Court.
**4.** Once you have dialed into the conference you may be checked in by an operator or a clerk, alternatively, you may not be addressed until the Court calls your specific case. Listen carefully to the Court proceedings as the Court may make general observations applicable to all matters which will not be repeated.
*** *The Court expects you to act professionally and failure to adhere to these instructions may result in the termination of your call or the entire conference, sanctions for a non-appearance or an order for counsel to appear in Court at the next session or such other consequences the Court deems appropriate, as well as withdrawing the privilege of appearing telephonically in the future.* ***
It is counsel's responsibility to notify CourtCall of any continuance or cancelation prior to the scheduled hearing time to have your fee apply to the continued hearing or to be eligible for a refund as the Court will not notify CourtCall of any continuance or cancelation of your matter. Matters continued at the time of the hearing require a new form and a new fee for the continued date. **To continue or cancel your CourtCall Appearance: Call (888) 882-6878 prior to the scheduled appearance time.**
*Stop writing checks or tracking credit card charges, open a CourtCall debit account and receive a monthly ledger identifying each CourtCall Appearance. Please call our office for details. Our address is CourtCall LLC, 6383 Arizona Circle, Los Angeles, CA 90045.*

Salina Campos     **CONFIRMATION FOR COURTCALL® TELEPHONIC APPEARANCE**  Our Tax ID# 95-4568415

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

     On June 9, 2008, I served the within document(s) described below as:

**PLAINTIFF ROBERT ACHESON'S NOTICE OF INTENT TO APPEAR BY TELEPHONE FOR FURTHER CASE MANAGEMENT CONFERENCE**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

Joanna L. Brooks
Timothy C. Travelstead
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
415.394.9401 facsimile

(X)   **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

( )   **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at the addresses listed.

( )   **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

( )   **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

(X)   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     **EXECUTED** this document on June 9, 2008, at Los Angeles, California.

_____
Karen Acio

---

PROOF OF SERVICE

1   INITIATIVE LEGAL GROUP LLP
    Mark Yablonovich (SBN 186670)
2   Marc Primo (SBN 216796)
    Mónica Balderrama (SBN 196424)
3   Rebecca Labat (SBN 221241)
    Linh Hua (SBN 247419)
4   Initiative Legal Group LLP
    1800 Century Park East, 2nd Floor
5   Los Angeles, California 90067
    Telephone: (310) 556-5637
6   Facsimile: (310) 861-9051
    1800 Century Park East, 2nd Floor
7   Los Angeles, California 90067
    Telephone: (310) 556-5637
8   Facsimile: (310) 861-9051

9   Attorneys for Plaintiff

10  JACKSON LEWIS LLP
    JoAnna L. Brooks (SBN 182986)
11  199 Fremont Street, 10th Floor
    San Francisco, California 94105
12  Telephone: (415) 394-9400
    Facsimile: (415) 394-9401
13
    Attorneys for Defendants
14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                  FOR THE COUNTY OF SANTA CLARA

17
    ROBERT ACHESON, individually, and on          Case No. 107 CV 099461
18  behalf of other members of the general public
    similarly situated,                           CLASS ACTION
19
20              Plaintiff,                         STIPULATION AND [PROPOSED]
                                                   ORDER TO ALLOW FILING OF
21         vs.                                     FIRST AMENDED COMPLAINT

22  G.A.L.A., INC., a Delaware corporation;
    GIORGIO ARMANI CORPORATION, a New             [Assigned to: Hon. Mary Jo Levinger; Dept. 5]
23  York corporation; PRESIDIO
    INTERNATIONAL, INC., a Delaware
24  Corporation; and DOES 1 through 10, inclusive,
25
               Defendants.                         Complaint filed: November 21, 2007
26
27
28
                                          -1-
    ─────────────────────────────────────────────────────
    STIPULATION AND ORDER TO ALLOW FILING OF FIRST AMENDED COMPLAINT

**STIPULATION**

1

2      WHEREAS, on November 21, 2007, Plaintiff Robert Acheson ("Plaintiff") filed a

3  Complaint in the present action in the Superior Court of the County of Santa Clara;

4      WHEREAS, on January 23, 2008, Plaintiff's Request for Dismissal of Defendants

5  G.A.L.A., Inc. and Giorgio Armani Corporation was entered by the Court clerk;

6      WHEREAS, on April 29, 2008, Plaintiff provided written notice by certified mail to the

7  Labor and Workforce Development Agency and Defendant Presidio International, Inc. alleging

8  specific violations of the California Labor Code, including facts and theories to support the alleged

9  violations;

10      WHEREAS, on May 30, 2008, the parties appeared before the Honorable Socrates

11  Manoukian for a hearing on a discovery dispute, and Plaintiff was provided 30 days in which to

12  file a First Amended Complaint;

13      WHEREAS, on June 10, 2008, the Labor and Workforce Development Agency notified

14  Plaintiff by certified mail that it does not intend to investigate the alleged violations;

15      WHEREAS, the parties agree that the interests of judicial economy and efficiency are best

16  served by allowing Plaintiff to file the proposed First Amended Complaint without the need for a

17  noticed motion; and

18      WHEREAS, Plaintiff's proposed First Amended Complaint is attached as Exhibit A

19  reflecting the additional class allegation for Defendant's violation of California Labor Code

20  sections 226.7(a) and 512(a) (denial of meal periods), the additional class allegation for

21  Defendant's violation of California Code of Regulations § 11070 (4)(C) (failure to pay wages for

22  split shifts), and recovery under the Labor Code Private Attorneys General Act of 2004;

23      BASED ON THE FOREGOING, the parties, through their counsel of record and subject to

24  this Court's approval, hereby STIPULATE AND AGREE as follows:

25      1.      Subject to this Court's approval, Plaintiff may file the attached First Amended

26  Complaint reflecting the additional class allegation for Defendant's violation of California Labor

27  Code sections 226.7(a) and 512(a) (denial of meal periods), the additional class allegation for

28

-2-

STIPULATION AND ORDER TO ALLOW FILING OF FIRST AMENDED COMPLAINT

1  Defendant's violation of <u>California Code of Regulations</u> § 11070 (4)(C) (failure to pay wages for

2  split shifts), and recovery under the Labor Code Private Attorneys General Act of 2004;

3      2.      The First Amended Complaint shall be deemed filed and served upon the date of

4  this Court's order.  Defendant will be required to file an answer, other responsive pleading,

5  including Notice of Removal and related papers, to the First Amended Complaint within 15 days

6  after service of the First Amended Complaint.

7

8          IT IS SO STIPULATED.

9                                    Respectfully submitted,

10  Dated: June 2 7, 2008            Initiative Legal Group LLP

11

12                                   _____

13                                   Marc Primo
                                     Mónica Balderrama
14                                   Rebecca Labat
                                     Linh Hua
15                                   Attorneys for Plaintiff Robert Acheson

16

17  Dated: June 2 4, 2008            Jackson Lewis LLP

18

19                                   _____ (for)

20                                   JoAnna L. Brooks
                                     Attorneys for Defendant Presidio International, Inc.
21

22                                   <u>**ORDER**</u>

23

24      Good cause appearing, IT IS HEREBY ORDERED.

25

26  Dated: _____, 2008     _____

27                                   The Honorable Mary Jo Levinger
                                     Judge of the Superior Court of California
28

-3-

STIPULATION AND ORDER TO ALLOW FILING OF FIRST AMENDED COMPLAINT

# EXHIBIT A

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
   Initiative Legal Group LLP
4  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
5  Telephone: (310) 556-5637
   Facsimile: (310) 861-9051
6
7  Attorneys for Plaintiff ROBERT ACHESON
8  and Aggrieved Employees
9
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                **FOR THE COUNTY OF SANTA CLARA**
11

| | |
|---|---|
| 12  ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated, | **Case Number:** 107 CV 099461 |
| 13 | **CLASS ACTION and** |
| 14         Plaintiff, | **LABOR CODE PRIVATE ATTORNEYS GENERAL ACTION** |
| 15      vs. | **FIRST AMENDED COMPLAINT** |
| 16  G.A.L.A., INC., a Delaware corporation; GIORGIO ARMANI CORPORATION, a New York corporation; PRESIDIO INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| 17 | |
| 18 | (2) Violation of California Labor Code §§ 201 and 202 (Wages Not Paid Upon Termination); |
| 19 | |
| 20         Defendants. | (3) Violation of California Labor Code § 204 (Failure to Pay Wages); |
| 21 | |
| 22 | (4) Violation of California Labor Code § 226.7(a) and 512(a) (Denial of Meal Periods); |
| 23 | (5) Violation of California Labor Code § 226.7(a) (Denial of Rest Periods); |
| 24 | |
| 25 | (6) Violation of California Code of Regulations § 11070 (4)(C) (Failure to Pay Wages for Split Shift); |
| 26 | |
| 27 | (7) Violation of California Labor Code § 226(a) (Improper Wage Statements); and |
| 28 | |

-1-

**FIRST AMENDED COMPLAINT**

1

2　　(8) Violation of <u>California Business &</u>
<u>Professions Code</u> §§ 17200, <u>et seq.</u>

3
**Jury Trial Demanded**

4

5

6　　　　Plaintiff, individually and on behalf of all other members of the public similarly situated,

7　alleges as follows:

8　　　　　　　　　　　　**JURISDICTION AND VENUE**

9　　1)  This class action is brought pursuant to <u>California Code of Civil Procedure</u> § 382.  The

10　monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the

11　Superior Court and will be established according to proof at trial.  The amount in controversy for

12　each class representative, including claims for compensatory damages and pro rata share of

13　attorneys' fees, is less than $75,000.

14　　2)  This Court has jurisdiction over this action pursuant to the California Constitution, Article

15　VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by

16　statute to other courts."  The statutes under which this action is brought do not specify any other

17　basis for jurisdiction.

18　　3)  This Court has jurisdiction over all Defendants because, upon information and belief, each

19　party is either a citizen of California, has sufficient minimum contacts in California, or otherwise

20　intentionally avails itself of the California market so as to render the exercise of jurisdiction over it

21　by the California courts consistent with traditional notions of fair play and substantial justice.

22　　4)  Venue is proper in this Court because, upon information and belief, one or more of the

23　named Defendants reside, transact business, or have offices in this county and the acts and

24　omissions alleged herein took place in this county.

25　　5)  <u>California Labor Code</u> §§ 2699 authorizes employees to sue directly for various civil

26　penalties under the <u>Labor Code.</u>

27

28

1   6) Plaintiff has exhausted his administrative remedies by timely requesting and obtaining

2   verification from the California Labor and Workforce Development Agency that it does not intend

3   to investigate any alleged violations.

4                         **THE PARTIES**

5   7) Plaintiff ROBERT ACHESON (hereinafter "Acheson" or "Plaintiff") is a resident of Santa

6   Clara County in the State of California.

7   8) Defendant G.A.L.A., INC. was and is, upon information and belief, a Delaware

8   corporation doing business in California, and at all times hereinafter mentioned, an employer

9   whose employees are engaged throughout this county, the State of California, or the various states

10   of the United States of America.

11   9)   Defendant GIORGIO ARMANI CORPORATION was and is, upon information and

12   belief, a New York corporation doing business in California, and at all times hereinafter

13   mentioned, an employer whose employees are engaged throughout this county, the State of

14   California, or the various states of the United States of America.

15   10) Defendant PRESIDIO INTERNATIONAL, INC. was and is, upon information and belief,

16   a Delaware corporation doing business in California, and at all times hereinafter mentioned, an

17   employer whose employees are engaged throughout this county, the State of California, or the

18   various states of the United States of America.

19   11) Plaintiff is unaware of the true names or capacities of Defendants sued herein under the

20   fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named

21   Defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities

22   become known.

23   12) Plaintiff is informed and believes, and thereon alleges, that DOES 1-10 are the partners,

24   agents, owners, shareholders, managers or employees of G.A.L.A., INC., GIORGIO ARMANI

25   CORPORATION and/or PRESIDIO INTERNATIONAL, INC., and were acting on behalf of

26   G.A.L.A., INC., GIORGIO ARMANI CORPORATION and/or PRESIDIO INTERNATIONAL,

27   INC.

28   13) Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and

1  omissions alleged herein was performed by, or is attributable to G.A.L.A., INC., GIORGIO

2  ARMANI CORPORATION and/or PRESIDIO INTERNATIONAL, INC. and DOES 1-10

3  (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on

4  the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the

5  official policy of, Defendants.

6      14) At all times herein mentioned, Defendants, and each of them, ratified each and every act or

7  omission complained of herein.  At all times herein mentioned, Defendants, and each of them,

8  aided and abetted the acts and omissions of each and all the other Defendants in proximately

9  causing the damages herein alleged.

10     15) Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in

11  some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

12  occurrences, and transactions alleged herein.

13                    **CLASS ACTION ALLEGATIONS**

14     16) Plaintiff brings this action on his own behalf, as well as on behalf of each and all other

15  persons similarly situated, and thus, seeks class certification under California Code of Civil

16  Procedure § 382.

17     17) All claims alleged herein arise under California law for which Plaintiff seeks relief

18  authorized by California law.

19     18) The proposed class is comprised of and defined as:

20          All non-exempt or hourly paid employees who have been employed by Defendants in the

21          State of California within four years prior to the filing of this complaint until resolution of

22          this lawsuit.

23     19) There is a well defined community of interest in the litigation and the class is easily

24  ascertainable:

25          a.    Numerosity:  The members of the class (and each subclass, if any) are so numerous

26  that joinder of all members would be unfeasible and impractical.  The membership of the entire

27  class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one-

28  hundred (100) individuals and the identity of such membership is readily ascertainable by

1    inspection of Defendants' employment records.

2        b.    <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the
3    interests of each class member with whom he has a well defined community of interest, and
4    Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

5        c.    <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately, protect the
6    interests of each class member with whom he has a well-defined community of interest and
7    typicality of claims, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to
8    make known to the Court any relationship, conflicts or differences with any class member.
9    Plaintiff's attorneys and the proposed class counsel are versed in the rules governing class action
10   discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this
11   action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily
12   expended for the prosecution of this action for the substantial benefit of each class member.

13       d.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication
14   superior to other methods.  Class action will achieve economies of time, effort and expense as
15   compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can
16   be adjudicated in the same manner and at the same time for the entire class.

17       e.    <u>Public Policy Considerations</u>:  Employers of the state violate employment and labor
18   laws every day.  Current employees are often afraid to assert their rights out of fear of direct or
19   indirect retaliation.  Former employees are fearful of bringing actions because they believe their
20   former employers may damage their future endeavors through negative references and/or other
21   means.  Class actions provide the class members who are not named in the complaint with a type
22   of anonymity that allows for the vindication of their rights at the same time as their privacy is
23   protected.

24   20) There are common questions of law and fact as to the class (and each subclass, if any) that
25   predominate over questions affecting only individual members, including but not limited to:

26       a.    Whether Defendants' failure to pay wages, without abatement or reduction, in
27   accordance with the <u>California Labor Code</u>, was willful;

28       b.    Whether Defendants required Plaintiff and the other class members to work over

1   eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and

2   failed to pay legally required overtime compensation to Plaintiff and the other class members;

3       c.      Whether Defendants failed to promptly pay all wages due to Plaintiff and the other

4   class members upon their discharge or resignation;

5       d.      Whether Defendants deprived Plaintiff and the other class members of meal periods

6   or required Plaintiff and the class members to work during meal periods without compensation;

7       e.      Whether Defendants deprived Plaintiff and the other class members of rest periods

8   or required Plaintiff and the class members to work during rest periods without compensation;

9       f.      Whether Defendants required Plaintiff and the other class members to work split

10  shifts and failed to pay all legally required wages to Plaintiff and other class members for working

11  split shifts;

12      g.      Whether Defendants complied with wage reporting as required by the California

13  Labor Code, including but not limited to section 226;

14      h.      Whether Defendants' conduct was willful or reckless;

15      i.      Whether Defendants engaged in unfair business practices in violation of California

16  Business & Professions Code §§ 17200, et seq.; and

17      j.      The appropriate amount of damages, restitution, or monetary penalties resulting

18  from Defendants' violations of California law.

19                  **GENERAL ALLEGATIONS**

20      21) At all times set forth, Defendants employed Plaintiff and other persons as non-exempt or

21  hourly paid employees.

22      22) Defendants employed Plaintiff as an "Associate Manager," which is a non-exempt or

23  hourly paid position, from on or about June 2007 to on or about September 2007, at Santa Clara,

24  California business locations.

25      23) Defendants continue to employ non-exempt or hourly paid employees within California.

26      24) Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

27  Defendants were advised by skilled lawyers and other professionals, employees and advisors

28  knowledgeable about California labor and wage law, employment and personnel practices, and

1  about the requirements of California law.

2      25) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

3  have known that Plaintiff and other members of the class were entitled to receive certain wages for

4  overtime compensation and that they were not receiving certain wages for overtime compensation.

5      26) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

6  have known that Plaintiff and other class members were entitled to receive all the wages owed to

7  them upon discharge.

8      27) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

9  have known that Plaintiff and other class members were entitled to receive complete and accurate

10  wage statements in accordance with California law.

11     28) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

12  have known that Plaintiff and other class members were entitled to receive all meal periods or

13  payment of one hour of pay at Plaintiff's and class members' regular rate of pay when a meal

14  period was missed.

15     29) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

16  have known that Plaintiff and other class members were entitled to receive all rest periods or

17  payment of one hour of pay at Plaintiff's and class members' regular rate of pay when a rest

18  period was missed.

19     30) Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

20  Defendants knew or should have known that they had a duty to compensate Plaintiff and other

21  members of the class, and that Defendants had the financial ability to pay such compensation, but

22  willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other

23  members of the class that they were properly denied wages, all in order to increase Defendants'

24  profits.

25     31) Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

26  have known that Plaintiff and other class members were entitled to receive one hour's pay at

27  minimum wage when Plaintiff and other class members worked split shifts.

28     32) California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit

-7-

1  the right of any wage claimant to "sue directly...for any wages or penalty due him [or her] under

2  this article."

3      33) At all times herein set forth, the <u>California Labor Code</u> § 2699 was applicable to Plaintiff's

4  employment by Defendants.

5      34) At all times herein set forth, <u>California Labor Code</u> § 2699, "The Labor Code Private

6  Attorneys General Act" (hereinafter "PAGA"), provides that for any provision of law under the

7  Labor Code that provides for a civil penalty to be assessed and collected by the Labor and

8  Workforce Development Agency for violation of the Labor Code, may, as an alternative, be

9  recovered through a civil action brought by an aggrieved employee on behalf of himself and other

10  current or former employees pursuant to procedures outlines in <u>California Labor Code</u> § 2699.3.

11      35) Pursuant to <u>California Labor Code</u> §2699, a civil action under PAGA may be brought by

12  an "aggrieved employee," who is any person that was employed by the alleged violator and

13  against whom one or more of the alleged violations was committed.

14      36) Plaintiff was employed by the Defendants and the alleged violations were committed

15  against him during his time of employment and is therefore, an aggrieved employee.

16      37) Pursuant to <u>California Labor Code</u> §§ 2699.3 and 2699.5, an aggrieved employee,

17  including Plaintiff may as a matter of right amend an existing complaint to add a cause of action

18  arising under Labor Code §2699 only after the following requirements have been met:

19          a.  The aggrieved employee shall give written notice (hereinafter "Notice") by

20              certified mail to the Labor and Workforce Development Agency (hereinafter

21              "Agency") and the employer of the specific provisions of the Labor Code alleged to

22              have been violated, including the facts and theories to support the alleged violation.

23          b.  The Agency shall notify the employer and the aggrieved employee by certified mail

24              that it does not intend to investigate the alleged violation within thirty (30) calendar

25              days of the postmark date of the Notice. Upon receipt of the Notice or if no Notice

26              is provided within thirty-three (33) calendar days of the postmark date of the

27              Notice, the aggrieved employee may amend an existing complaint within sixty days

28              of receiving the Notice that the Agency does not intend to investigate the alleged

-8-
FIRST AMENDED COMPLAINT

1    violation, to add a cause of action pursuant to Labor Code §2699 to recover civil

2    penalties in addition to any other penalties that the employee may be entitled to.

3    38) Plaintiff provided written notice by certified mail to the Agency and the Defendant of the

4    specific provisions of the Labor Code alleged to have been violated on April 28, 2008, including

5    the facts and theories to support the alleged violations.

6    39) The Agency notified Defendant and Plaintiff by certified mail on June 10, 2008, that it did

7    not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date

8    of the Notice.

9    40) Plaintiff has, therefore, satisfied the requirements of California Labor Code §2699.3 and

10   may amend his existing complaint and recover civil penalties, in addition to other remedies, for

11   violations of California Labor Code §§ 201, 202, 204, 226(a), 226.7(a), 510, 1198, and 512(a).

12                          **FIRST CAUSE OF ACTION**

13              **Violation of California Labor Code §§ 510 and 1198**

14                       **(Against all Defendants)**

15   41) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

16   allegations set out in paragraphs 1 through 40.

17   42) California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC")

18   Wage Order provide that it is unlawful to employ persons without compensating them at a rate of

19   pay either time-and-one-half or two-times that person's regular rate of pay, depending on the

20   number of hours worked by the person on a daily or weekly basis.

21   43) Specifically, the applicable IWC Wage Order provides that Defendants are and were

22   required to pay Plaintiff and the other class members employed by Defendants, and working more

23   than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-

24   one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in

25   a workweek.

26   44) The applicable IWC Wage Order further provides that Defendants are and were required to

27   pay Plaintiff and the other class members employed by Defendants, and working more than twelve

28   (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

-9-
FIRST AMENDED COMPLAINT

1  45) <u>California Labor Code</u> § 510 codifies the right to overtime compensation at one-and-one-

2  half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty

3  (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to

4  overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12)

5  hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

6  46) During the relevant time period, Plaintiff and the other class members consistently worked

7  in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, or in excess of forty

8  (40) hours in a week.

9  47) During the relevant time period, Defendants willfully failed to pay all overtime wages

10  owed to Plaintiff and the other class members.

11  48) During the relevant time period, Plaintiff and the other class members regularly received

12  incentives in the form of bonuses which were not incorporated in Plaintiff's and the other class-

13  members' overtime compensation.

14  49) Defendants' failure to pay Plaintiff and the other class members the unpaid balance of

15  overtime compensation, as required by California laws, violates the provisions of <u>California Labor</u>

16  <u>Code</u> §§ 510 and 1198, and is therefore unlawful.

17  50) Pursuant to <u>California Labor Code</u> § 1194, Plaintiff and other class members are entitled to

18  recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

19  Pursuant to <u>California Labor Code</u> § 2699(f) and (g), Plaintiff, the other class members, and all

20  aggrieved employees are entitled to recover civil penalties in the amount of one hundred dollars

21  ($100) for each aggrieved employee per pay period for the initial violation and two hundred

22  dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus

23  costs and attorney's fees, for violations of the <u>Labor Code</u> §§ 510 and 1198.

24  ### SECOND CAUSE OF ACTION

25  ### Violation of <u>California Labor Code</u> §§ 201 and 202

26  ### (Against all Defendants)

27  51) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

28  allegations set out in paragraphs 1 through 50.

1    52) At all times herein set forth, <u>California Labor Code</u> §§ 201 and 202 provide that if an

2    employer discharges an employee, the wages earned and unpaid at the time of discharge are due

3    and payable immediately, and that if an employee voluntarily leaves his or her employment, his or

4    her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless

5    the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in

6    which case the employee is entitled to his or her wages at the time of quitting.

7    53) During the relevant time period, Defendants willfully failed to pay Plaintiff and the other

8    class members who are no longer employed by Defendants their wages, earned and unpaid, either

9    at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

10    54) Defendants' failure to pay Plaintiff and those class members who are no longer employed

11    by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

12    hours of their leaving Defendants' employ, is in violation of <u>California Labor Code</u> §§ 201 and

13    202.

14    55) <u>California Labor Code</u> § 203 provides that if an employer willfully fails to pay wages

15    owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a

16    penalty from the due date, and at the same rate until paid or until an action is commenced; but the

17    wages shall not continue for more than thirty (30) days.

18    56) Plaintiff and the other class members are entitled to recover from Defendants the statutory

19    penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day

20    maximum pursuant to <u>California Labor Code</u> § 203.

21    57) Pursuant to <u>California Labor Code</u> § 2699(f) and (g), Plaintiff, the other class members,

22    and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred

23    dollars ($100) for each aggrieved employee per pay period for the initial violation and two

24    hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation,

25    plus costs and attorney's fees, for violations of the <u>Labor Code</u> §§ 201 and 202.

26

27

28

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code § 204**

**(Against all Defendants)**

58) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 57.

59) California Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

60) California Labor Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

61) California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

62) During the relevant time period, Defendants willfully failed to pay Plaintiff and the other class members the regular and overtime wages due to them, within any time period permissible by California Labor Code § 204.

63) Plaintiff and the other class members are entitled to recover all statutory penalties and remedies available for violations of California Labor Code § 204.

64) Pursuant to California Labor Code § 2699(f) and (g), Plaintiff, the other class members, and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of the Labor Code § 204.

**FOURTH CAUSE OF ACTION**

**Violation of <u>California Labor Code</u> §§ 226.7(a) and 512(a)**

**(Against all Defendants)**

65) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 64.

66) . At all times herein set forth, the California IWC Order and <u>California Labor Code</u> §§ 226.7(a) and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

67) At all times herein set forth, <u>California Labor Code</u> § 226.7(a) provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

68) At all times herein set forth, <u>California Labor Code</u> § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

69) At all times herein set forth, <u>California Labor Code</u> § 512(a) further provides that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

70) During the relevant time period, Plaintiff and the other members of the class who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

1    71) During the relevant time period, Plaintiff and the other class members who were scheduled

2    to work for a period of time in excess of six (6) hours were required to work for periods longer

3    than five (5) hours without a meal period of not less than thirty (30) minutes.

4    72) During the relevant time period, Plaintiff and other members of the class who were

5    scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did

6    not waive their legally-mandated meal periods by mutual consent were required to work in excess

7    of ten (10) hours without receiving a second meal period of not less than thirty (30) minutes.

8    73) During the relevant time period, Defendants required Plaintiff and other members of the

9    class to work during meal periods and failed to compensate Plaintiff and members of the class for

10   work performed during meal periods.

11   74) Defendants' conduct violates applicable IWC Wage Orders, and <u>California Labor Code</u> §§

12   226.7(a) and 512(a).

13   75) Pursuant to <u>California Labor Code</u> § 226.7(b), Plaintiff and other members of the class are

14   entitled to recover from Defendants one additional hour of pay at the employee's regular hourly

15   rate of compensation for each work day that the meal period was not provided.

16   76) Pursuant to <u>California Labor Code</u> § 2699(f) and (g), Plaintiff, the other class members,

17   and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred

18   dollars ($100) for each aggrieved employee per pay period for the initial violation and two

19   hundred dollars ($200) for each aggrieved employee per pay period 226.7(a) and 512(a).

20                           <b>FIFTH CAUSE OF ACTION</b>

21                   <b>Violation of <u>California Labor Code</u> § 226.7(a)</b>

22                           <b>(Against all Defendants)</b>

23   77) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

24   allegations set out in paragraphs 1 through 76.

25   78) At all times herein set forth, the California IWC Order and <u>California Labor Code</u> §

26   226.7(a) were applicable to Plaintiff's and other class members' employment by Defendants.

27   79) At all times herein set forth, <u>California Labor Code</u> § 226.7(a) provides that no employer

28   shall require an employee to work during any rest period mandated by an applicable order of the

1  California IWC.

2      80) During the relevant time period, Defendants required Plaintiff and other members of the

3  class to work in excess of four (4) hours without providing a ten (10) minute rest period.

4      81) During the relevant time period, Defendants required Plaintiff and other members of the

5  class to work an additional four (4) hours without providing a second ten (10) minute rest period.

6      82) During the relevant time period, Defendants willfully required Plaintiff and other members

7  of the class to work during rest periods and failed to compensate Plaintiff and members of the

8  class for work performed during rest periods.

9      83) Defendants' conduct violates applicable IWC Wage Orders and California Labor Code §

10  226.7(a).

11      84) Pursuant to California Labor Code § 226.7(b), Plaintiff and other members of the class are

12  entitled to recover from Defendants one additional hour of pay at the employees' regular rate of

13  compensation for each work day that the rest period was not provided.

14      85) Pursuant to California Labor Code § 2699(f) and (g), Plaintiff, the other class members,

15  and all aggrieved employees are entitled to recover civil penalties in the amount of one hundred

16  dollars ($100) for each aggrieved employee per pay period for the initial violation and two

17  hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation,

18  plus costs and attorney's fees, for violations of the Labor Code § 226.7(a).

19                         **SIXTH CAUSE OF ACTION**

20              **Violation of California Code of Regulations § 11070 (4)(C)**

21                          **(Against all Defendants)**

22      86) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

23  allegations set out in paragraphs 1 through 85.

24      87) Section 4(C) of the California Code of Regulations § 11070 and IWC Wage Order 7-2001

25  provides that "[w]hen an employee works for a split shift, one (1) hour's pay at the minimum

26  wage shall be paid in addition to the minimum wage for that workday, except when the employee

27  resides at the place of employment."  Section 2(M) defines "split shift" as a "work schedule,

28  which is interpreted by non-paid working periods established by the employer, other than bona

-15-
FIRST AMENDED COMPLAINT

1 | fide rest or meal periods."

2 | 88) During the relevant time period, Plaintiff and the other class members did not reside at

3 | their place of employment with Defendants.

4 | 89) During the relevant time period, Defendants have required Plaintiff and other class

5 | members to work split shifts. Defendants have failed to pay the required compensation for the

6 | split shift in the amount of one hour at the minimum wage for each day that the employee was

7 | required to work a split shift.

8 | 90) Defendants have committed and continue to commit the acts alleged herein knowingly and

9 | willfully, with the wrongful and deliberate intention of injuring Plaintiff and the other class

10 | members, from improper motives amount to malice, and in conscious disregard of Plaintiff's and

11 | other class members' rights.

12 | 91) Defendants' failure to pay Plaintiff and the other class members wages for working split

13 | shifts, as required by California laws, violates Section 4(C) of the <u>California Code of Regulations</u>

14 | <u>§ 11070</u> and IWC Wage Order 7-2001, and is therefore unlawful.

15 | 92) Pursuant to <u>California Labor Code</u> § 1194, Plaintiff and other class members are entitled to

16 | recover their unpaid minimum wage compensation, as well as interest, costs, and attorneys' fees.

17 | **SEVENTH CAUSE OF ACTION**

18 | **Violation of <u>California Labor Code</u> § 226(a)**

19 | **(Against all Defendants)**

20 | 93) Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

21 | allegations set out in paragraphs 1 through 92.

22 | 94) Defendants have intentionally and willfully failed to provide employees with complete and

23 | accurate wage statements that fully comply with <u>California Labor Code</u> § 226(a) requirements.

24 | 95) As a result of Defendants' violation of <u>California Labor Code</u> § 226(a), Plaintiff and the

25 | other class members have suffered injury and damage to their statutorily-protected rights.

26 | 96) Specifically, Plaintiff and the other class members have been injured by Defendants'

27 | intentional violation of <u>California Labor Code</u> § 226(a) because they were denied both their legal

28 | right to receive, and their protected interest in receiving, accurate, itemized wage statements under

-16-

1  California Labor Code § 226(a).

2      97) Plaintiff and the other class members are entitled to recover from Defendants the greater of

3  their actual damages caused by Defendants' failure to comply with California Labor Code §

4  226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

5      98) Plaintiff and the other class members are also entitled to an award of costs and reasonable

6  attorneys' fees pursuant to California Labor Code § 226(e).

7      99) Plaintiff and the other class members are also entitled to injunctive relief to ensure

8  compliance with this section, pursuant to California Labor Code § 226(g).

9      100)      Pursuant to California Labor Code § 2699(f) and (g), Plaintiff, the other class

10  members, and all aggrieved employees are entitled to recover civil penalties in the amount of one

11  hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and

12  two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

13  violation, plus costs and attorney's fees, for violations of the Labor Code § 226(a).

14                          **EIGHTH CAUSE OF ACTION**

15          **Violation of California Business & Professions Code §§ 17200, et seq.**

16                          **(Against all Defendants)**

17      101)      Plaintiff incorporates by reference and re-alleges as if fully stated herein the

18  material allegations set out in paragraphs 1 through 100.

19      102)      Defendants' conduct, as alleged in this complaint, has been, and continues to be,

20  unfair, unlawful, and harmful to the Plaintiff, the other members of the class, and the general

21  public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning

22  of Code of Civil Procedure § 1021.5.

23      103)      Defendants' activities as alleged herein are violations of California law, and

24  constitute unlawful business acts and practices in violation of California Business & Professions

25  Code §§ 17200, et seq.

26      104)      A violation of California Business & Professions Code §§ 17200, et seq. may be

27  predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and

28  practice of requiring non-exempt or hourly paid employees, including Plaintiff and class members,

-17-
FIRST AMENDED COMPLAINT

1  to work overtime without paying them proper compensation violates <u>California Labor Code</u> §§

2  510 and 1198.  Additionally, Defendants' policy and practice of requiring non-exempt or hourly

3  employees, including Plaintiff and class members, to work through their rest periods without

4  paying them proper compensation violates <u>California Labor Code</u> §§ 226.7(a) and 512(a).

5  Defendants' policy and practice of failing to pay Plaintiff and those class members who are no

6  longer employed by Defendants their wages earned and unpaid at the time of discharge, or within

7  seventy-two hours of their leaving Defendants' employ, is a violation of <u>California Labor Code</u> §§

8  201 and 202.

9    105)    Plaintiff and the putative class members have been personally aggrieved by

10  Defendants' unlawful business acts and practices alleged herein by the loss of money or property.

11    106)    Pursuant to <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>, Plaintiff and

12  the putative class members are entitled to restitution of the wages withheld and retained by

13  Defendants during a period that commences four years prior to the filing of this complaint; a

14  permanent injunction requiring Defendants to pay all outstanding wages due to class members; an

15  award of attorneys' fees pursuant to <u>California Code of Civil Procedure</u> § 1021.5 and other

16  applicable laws; and an award of costs.

17            <b><u>REQUEST FOR JURY TRIAL</u></b>

18        Plaintiff requests a trial by jury.

19            <b><u>PRAYER FOR RELIEF</u></b>

20        Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment

21  against Defendants, jointly and severally, as follows:

22            <u>Class Certification</u>

23    1.  That this action be certified as a class action;

24    2.  That Plaintiff be appointed as the representative of the Class; and

25    3.  That counsel for Plaintiff be appointed as Class Counsel.

26            <u>As to the First Cause of Action</u>

27    1.  For general unpaid wages at overtime wage rates and such general and special damages as

28  may be appropriate;

1    2.  For pre-judgment interest on any unpaid overtime compensation commencing from the

2    date such amounts were due;

3    3.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to <u>California</u>

4    <u>Labor Code</u> § 1194(a);

5    4.  For all civil penalties and reasonable attorney's fees and cost of suit incurred herein

6    pursuant to California Labor Code § 2699(f) and (g); and

7    5.  For such other and further relief as the Court may deem equitable and appropriate.

8                          As to the Second Cause of Action

9    1.  For all actual, consequential and incidental losses and damages, according to proof;

10   2.  For statutory penalties pursuant to <u>California Labor Code</u> § 203 for Plaintiff and all other

11   class members who have left Defendants' employ;

12   3.  For reasonable attorneys' fees and for costs of suit incurred herein;

13   4.  For all civil penalties and reasonable attorney's fees and cost of suit incurred herein

14   pursuant to California Labor Code § 2699(f) and (g); and

15   5.  For such other and further relief as the Court may deem equitable and appropriate.

16                          As to the Third Cause of Action

17   1.  For all actual, consequential and incidental losses and damages, according to proof;

18   2.  For statutory penalties pursuant to <u>California Labor Code</u> § 204 for Plaintiff and all other

19   class members;

20   3.  For pre-judgment interest on any untimely paid compensation, from the date such amounts

21   were due;

22   4.  For reasonable attorneys' fees and costs of suit incurred herein;

23   5.  For all civil penalties and reasonable attorney's fees and cost of suit incurred herein

24   pursuant to California Labor Code § 2699(f) and (g); and

25   6.  For such other and further relief as the Court may deem equitable and appropriate.

26                          As to the Fourth Cause of Action

27   1.  For all actual, consequential, and incidental losses and damages, according to proof;

28   2.  For wages pursuant to <u>California Labor Code</u> § 226.7(b);

3. For reasonable attorneys' fees and costs of suit incurred herein;

4. For all civil penalties and reasonable attorney's fees and cost of suit incurred herein pursuant to California Labor Code § 2699(f) and (g); and

5. For such other and further relief as the Court may deem appropriate.

As to the Fifth Cause of Action

1. For all actual, consequential, and incidental losses and damages, according to proof;

2. For wages pursuant to California Labor Code § 226.7(b);

3. For reasonable attorneys' fees and costs of suit incurred herein;

4. For all civil penalties and reasonable attorney's fees and cost of suit incurred herein pursuant to California Labor Code § 2699(f) and (g); and

5. For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

1. For general unpaid wages for working split shifts and such general and special damages as may be appropriate;

2. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

3. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

4. For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

1. For all actual, consequential and incidental losses and damages, according to proof;

2. For statutory penalties pursuant to California Labor Code § 226(e);

3. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

4. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 226(e);

5. For all civil penalties and reasonable attorney's fees and cost of suit incurred herein pursuant to California Labor Code § 2699(f) and (g); and

6.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

1.  For restitution of unpaid wages to all class members and prejudgment interest from the day such amounts were due and payable;

2.  For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of <u>California Business & Professions Code</u> §§ 17200 <u>et seq.</u>;

3.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to <u>California Code of Civil Procedure</u> § 1021.5;

4.  For injunctive relief to ensure compliance with this section, pursuant to <u>California Business & Professions Code</u> §§ 17200, <u>et seq.</u>; and

5.  For such other and further relief as the Court may deem equitable and appropriate.

Dated: June 27, 2008

Respectfully submitted,

Initiative Legal Group LLP

By: _Mónica Balderrama_

Mark Yablonovich
Marc Primo
Mónica Balderrama
Rebecca Labat
Linh Hua
Attorneys for Plaintiff and Aggrieved
Employees

FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

    On June 27, 2008, I served the within document(s) described below as:

**STIPULATION  AND [PROPOSED] ORDER TO ALLOW FILING OF FIRST AMENDED COMPLAINT**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

    Joanna L. Brooks
    Timothy C. Travelstead
    JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor
    San Francisco, CA 94105
    415.394.9401 facsimile

(X)    **MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

( )    **PERSONAL:**  I caused such envelope to be handed delivered by a hand to the individuals at the addresses listed.

( )    **OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

( )    **FACSIMILE:**  I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

(X)    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    **EXECUTED** this document on June 27, 2008, at Los Angeles, California.

                            _____
                                Karen Acio

1 | Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
2 | Mónica Balderrama (SBN 196424)
Shawn Westrick (SBN 235313)
3 | Linh Hua (SBN 247419)
Initiative Legal Group LLP
4 | 1800 Century Park East, 2nd Floor
Los Angeles, California 90067
5 | Telephone: (310) 556-5637
Facsimile: (310) 861-9051
6 |

7 | Attorneys for Plaintiff Robert Acheson

8 |

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF SANTA CLARA**

11 |

12 | ROBERT ACHESON, individually, and on behalf of other members of the general public similarly situated,

13 |

14 | Plaintiff,

15 | vs.

16 | G.A.L.A., INC., a Delaware corporation;
GIORGIO ARMANI CORPORATION, a
17 | New York corporation; PRESIDIO
INTERNATIONAL, INC., a Delaware
18 | Corporation; and DOES 1 through 10,
inclusive,
19 |

20 | Defendants.

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**Case Number:** 107 CV 099461

**CLASS ACTION**

[Assigned to Hon. Mary Jo Levinger;
Department 5]

**NOTICE OF FURTHER CASE
MANAGEMENT CONFERENCE**

Complaint filed: November 21, 2007

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** the Court in the above-referenced matter located at 191 N. First Street, San Jose, California 95113, set a **Further Case Management Conference for August 19, 2008 at 10:00 a.m. in Department 5.**

    Attached hereto as Exhibit A is a true and correct copy of the original notice.

Dated: June 30, 2008

Respectfully submitted,

Initiative Legal Group LLP

By: _____

Mark Yablonovich
Marc Primo
Mónica Balderrama
Shawn Westrick
Linh Hua
Attorneys for Plaintiff Robert Acheson

NOTICE OF CASE MANAGEMENT CONFERENCE

**EXHIBIT A**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090


TO:    Mark Yablonovich
       Initiative Legal Group LLP
       1800 Century Park East  2nd Floor
       Los Angeles,  CA 90067


RE:  Acheson Vs G.A.L.A.
Case Nbr:  1-07-CV-099461


NOTICE OF FURTHER CASE MANAGEMENT CONFERENCE

A further Case Management Conference has been scheduled for the above
entitled case, and you are directed to appear in court on:

Date: 08/19/08  At: 1000AM  in: Dept 5

Superior Court, 191 North First St., San Jose, CA  95113


For further information, contact the Calendar Office at (408)882-2100.

---

Parties/Attorneys of Record:

CC: Joanna L. Brooks , Jackson Lewis, LLP
        199 Fremont Street, 10th Floor, San Francisco, CA 94105


If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.


DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on 06-24-08.  KIRI TORRE, Chief Executive Officer/Clerk by Lisa Wilson, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA  95113-1090


TO:   Mark Yablonovich
      Initiative Legal Group LLP
      1800 Century Park East   2nd Floor
      Los Angeles,  CA 90067


RE:  Acheson Vs G.A.L.A.
Case Nbr:  1-07-CV-099461

### NOTICE OF FURTHER CASE MANAGEMENT CONFERENCE

A further Case Management Conference has been scheduled for the above
entitled case, and you are directed to appear in court on:

Date: 08/19/08  At: 1000AM  in: Dept 5

Superior Court, 191 North First St., San Jose, CA  95113


For further information, contact the Calendar Office at (408)882-2100.

---

Parties/Attorneys of Record:

CC: Presidio International, Inc.


If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 06-24-08.  KIRI TORRE, Chief Executive Officer/Clerk by Lisa Wilson, Deputy

1

## PROOF OF SERVICE

2
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
       I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18)
and not a party to this action.  My business address is: Initiative Legal Group LLP, 1800 Century Park

4
East, 2nd Floor, Los Angeles, California 90067.

5
       On June 30, 2008, I served the within document(s) described below as:

6
**NOTICE OF FURTHER CASE MANAGEMENT CONFERENCE**

7
on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes

8
addressed as follows:

9
      Joanna L. Brooks

10
      Timothy C. Travelstead
      JACKSON LEWIS LLP

11
      199 Fremont Street, 10th Floor
      San Francisco, CA 94105

12
      415.394.9401 facsimile

13
(X)  **MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelopes were
     mailed with postage thereon fully prepaid.

14
( )  **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at

15
     the addresses listed.
( )  **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to

16
     an overnight courier service (Federal Express), for delivery to the above addressee(s).
( )  **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-

17
     named person at the telephone numbers above.
(X)  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the

18
     above is true and correct.

19
      **EXECUTED** this document on June 30, 2008, at Los Angeles, California.

20

21

22
                            Karen Acio

23

24

25

26

27

28

PROOF OF SERVICE

# ⊞ INITIATIVE LEGAL GROUP LLP

## <u>Via Facsimile</u>

| | |
|---|---|
| **To:** | Joanna L. Brooks<br>JACKSON LEWIS LLP<br>199 Fremont Street, 10th Floor<br>San Francisco, CA 94105<br>415.394.9401 facsimile |
| **From:** | Karen Acio<br>Legal Assistant to<br>Monica Balderrama, Esq.<br>Shawn Westrick, Esq.<br>Linh Hua, Esq.<br>310.556.5637 main<br>310.861.9051 facsimile |
| **Date:** | July 9, 2008 |
| **Subject:** | <u>Acheson v. G.A.L.A. et al.</u> (Case No. 107 CV 099461) |

**Total Pages:** 6 (including cover)

---

**PLAINTIFF ROBERT ACHESON'S NOTICE OF INTENT TO APPEAR BY TELEPHONE FOR CONTINUED HEARING ON MOTION TO COMPEL SPECIAL INTERROGATORIES, SET 1**

1  Mark Yablonovich (SBN 186670)
   Marc Primo (SBN 216796)
2  Mónica Balderrama (SBN 196424)
   Rebecca Labat (SBN 221241)
3  Linh Hua (SBN 247419)
4  Initiative Legal Group LLP
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for Plaintiff Robert Acheson

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SANTA CLARA

11

12  ROBERT ACHESON, individually, and on      Case Number:  107 CV 099461
    behalf of other members of the general public
13  similarly situated,                       CLASS ACTION

14              Plaintiff,                     [Assigned to Hon. Mary Jo Levinger;
                                               Department 5]
15       vs.

16                                             PLAINTIFF ROBERT ACHESON'S
    G.A.L.A., INC., a Delaware corporation;    NOTICE OF INTENT TO APPEAR BY
17  GIORGIO ARMANI CORPORATION, a              TELEPHONE FOR CONTINUED
    New York corporation; PRESIDIO             HEARING ON MOTION TO COMPEL
18  INTERNATIONAL, INC., a Delaware            SPECIAL INTERROGATORIES, SET 1
    Corporation; and DOES 1 through 10,
19  inclusive,                                 [Via CourtCall Service (888) 447-3470]

20              Defendants.
                                               Date:  July 11, 2008
21                                             Time:  10:00 a.m.
                                               Dept.:  7
22

23

24

25

26

27

28

                       NOTICE OF TELEPHONIC APPEARANCE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Mónica Balderrama, counsel for Plaintiff Robert Acheson ("Plaintiff"), will appear by telephone on Friday, July 11, 2008, at 10:00 a.m. for the Continued Hearing on Motion to Compel Special Interrogatories, Set 1 in the above-captioned Court, located at 191 N. First Street, San Jose, California 95113.

Attached as Exhibit A is a true and correct copy of the CourtCall Confirmation.

Dated: July 9, 2008

Respectfully submitted,

INITIATIVE LEGAL GROUP, LLP

By: _____
Marc Primo
Mónica Balderrama
Shawn Westrick
Linh Hua
Attorneys for Plaintiff Robert Acheson

-1-
NOTICE OF TELEPHONIC APPEARANCE

**EXHIBIT "A"**

| Attorney Appearing: | Calendar Status |
|---|---|
| Monica Balderrama | |
| Initiative Legal Group LLP | Your CourtCall Appearance has been confirmed for Judge Socrates Manoukian, Dept. 7 at 10:00 AM on Friday, July 11th, 2008 |
| Tel No: 310-556-5637    Fax No: 310-861-9051 | |
| Representing: Plaintiff(s), Acheson | |
| | At five minutes prior to the above time, dial (800) 447-3470. This call will be operator assisted. |

# CONFIRMATION

**Santa Clara County Superior Court**

| Case Name | Acheson vs. G.A.L.A. Inc | **Be prompt, or your case may be heard without you!** |
|---|---|---|
| Case Number | 107CV099461 | If you encounter any problems or if the Court has not joined the call within 15 minutes, remain on your teleconference and have a staff member call CourtCall, LLC at (310)342-0888 or 1(888)88 COURT. |
| Nature of hearing: | Motion | |
| CourtCall ID# | 2290165        (not access code) | |

**Mandatory Instructions For Making A CourtCall® Appearance**

**1. IT IS COUNSEL'S RESPONSIBILITY TO DIAL INTO THE CONFERENCE AT LEAST FIVE MINUTES PRIOR TO THE SCHEDULED APPEARANCE TIME. COURTCALL DOES NOT CALL COUNSEL!** If you are unavoidably late and the Court is already in session, you must wait for an appropriate moment to announce yourself. Do not interrupt the Judge.

**NEVER PLACE THE CONFERENCE ON HOLD. CELLULAR AND PAYPHONES ARE STRICTLY PROHIBITED.**

2. When speaking with the Court, always talk directly into the handset and state your name clearly each time you speak. **DO NOT USE YOUR SPEAKERPHONE** as it may compromise the quality of the call for ALL participants, including the Court.

3. When you place your call, you must be in a <u>QUIET AREA.</u> Give the Court your absolute undivided attention. All background noise must be eliminated (i.e. cell phones, pagers, intercoms, typing, paper shuffling, dogs barking, babies crying, etc.) Your attention must be focused solely on the Court and you should refrain from making any unnecessary noise or engaging in conversations with others. Disruptions on the conference line will not be tolerated by the Court.

4. Once you have dialed into the conference you may be checked in by an operator or a clerk, alternatively, you may not be addressed until the Court calls your specific case. Listen carefully to the Court proceedings as the Court may make general observations applicable to all matters which will not be repeated.

*** *The Court expects you to act professionally and failure to adhere to these instructions may result in the termination of your call or the entire conference, sanctions for a non-appearance or an order for counsel to appear in Court at the next session or such other consequences the Court deems appropriate, as well as withdrawing the privilege of appearing telephonically in the future.* ***

It is counsel's responsibility to notify CourtCall of any continuance or cancelation prior to the scheduled hearing time to have your fee apply to the continued hearing or to be eligible for a refund as the Court will not notify CourtCall of any continuance or cancelation of your matter. Matters continued at the time of the hearing require a new form and a new fee for the continued date. <u>To continue or cancel your CourtCall Appearance: Call (888) 882-6878 prior to the scheduled appearance time.</u>

*Stop writing checks or tracking credit card charges, open a CourtCall debit account and receive a monthly ledger identifying each CourtCall Appearance. Please call our office for details. Our address is CourtCall LLC, 6383 Arizona Circle, Los Angeles, CA 90045.*

Salina Campos          CONFIRMATION FOR COURTCALL® TELEPHONIC APPEARANCE   Our Tax ID# 95-4568415

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On July 9, 2008, I served the within document(s) described below as:

**PLAINTIFF ROBERT ACHESON'S NOTICE OF INTENT TO APPEAR BY TELEPHONE FOR CONTINUED HEARING ON MOTION TO COMPEL SPECIAL INTERROGATORIES, SET 1**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

Joanna L. Brooks
Timothy C. Travelstead
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
415.394.9401 facsimile

(X)  **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

( )  **PERSONAL:** I caused such envelope to be handed delivered by a hand to the individuals at the addresses listed.

( )  **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above addressee(s).

( )  **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

(X)  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on July 9, 2008, at Los Angeles, California.

Karen Acio

PROOF OF SERVICE

1  JOANNA L. BROOKS (SBN 182986)
   TIMOTHY C. TRAVELSTEAD (SBN 215260)
2  PUNAM SARAD (SBN 217091)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone    415.394.9400
   Facsimile:    415.394.9401
5
   Attorneys for Defendant
6  PRESIDIO INTERNATIONAL, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  ROBERT ACHESON, individually, and on      Case No. 107 CV 099461
    behalf of other members of the general public
12  similarly situated,                       DEFENDANT PRESIDIO
                                              INTERNATIONAL, INC.'S ANSWER
13                  Plaintiff,                 TO PLAINTIFF'S FIRST AMENDED
                                              UNVERIFIED CLASS ACTION
14         v.                                  COMPLAINT

15  G.A.L.A., INC., a Delaware corporation;
    GIORGIO ARMANI CORPORATION, a New         BY FAX
16  York corporation; PRESIDIO
    INTERNATIONAL, INC., a Delaware
17  Corporation; and DOES 1 through 10, inclusive,  Complaint Filed:   November 21, 2007
                                              FAC Filed:         June 30, 2008
18                  Defendants.                Trial Date:        None Set

19

20

21         Defendant Presidio International, Inc. ("Defendant") hereby answers Plaintiff Robert

22  Acheson's ("Plaintiff") First Amended Unverified Class Action Complaint (the "Complaint").

23                           GENERAL DENIAL

24         Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

25  each and every allegation contained in the Complaint and denies that Plaintiff was injured or

26  damaged as alleged, or at all.

27  ///

28  ///

                                    1
DEFENDANT PRESIDIO INTERNATIONAL'S ANSWER TO
UNVERIFIED FIRST AMENDED COMPLAINT                        Case No. 107 CV 099461

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as follows:

### First Affirmative Defense
(Failure to State a Claim)

The Complaint, and all causes of action contained therein, fail to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense
(Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages, if any.

### Third Affirmative Defense
(Unclean Hands)

Plaintiff is barred from recovery under this Complaint if and to the extent that he comes to this Court with unclean hands.

### Fourth Affirmative Defense
(Adequate Legal Remedies)

The Complaint's Eighth Cause of Action for equitable relief is barred in whole or in part to the extent Plaintiff has an adequate remedy at law.

### Fifth Affirmative Defense
(Statute of Limitations)

The Complaint's First, Second, Third, Fourth, Fifth, Sixth and Seventh causes of action are barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure section 338 subdivision (a) or Code of Civil Procedure section 340 subdivisions (a) and (b), to the extent the claims exceed the three-year limitations period.

### Sixth Affirmative Defense
(Statute of Limitations)

The Complaint's Eighth Cause of Action is barred in whole or in part by the applicable statute of limitations, including without limitation Business and Professions Code section 17208, to the extent the claims exceed the four-year limitations period.

2

**Seventh Affirmative Defense**
(Lack of Standing)

The Complaint, and all causes of action contained therein, are barred to the extent Plaintiff lacks standing to bring the instant action on behalf of himself or other unnamed putative class members.

**Eighth Affirmative Defense**
(Waiver)

The Complaint, and all causes of action contained therein, are barred by the doctrine of waiver.

**Ninth Affirmative Defense**
(Good Faith)

To the extent Plaintiff seeks statutory penalties, such penalty must be barred or reduced to the extent Defendant acted in good faith and non-willfully.

**Tenth Affirmative Defense**
(Estoppel)

Defendant alleges, on information and belief, that the Complaint, and all causes of action contained therein, are barred by the doctrine of estoppel.

**Eleventh Affirmative Defense**
(Laches)

Defendant alleges, on information and belief, that the Complaint, and all causes of action contained therein, are barred by the doctrine of laches.

**Twelfth Affirmative Defense**
(Compliance)

Any recovery on Plaintiff's Complaint with respect to the allegations of failure to pay wages owed or overtime is barred because Defendant complied with all applicable provisions of the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and federal law.

**Thirteenth Affirmative Defense**
(Waiver of Meal and Rest Periods)

Plaintiff's First cause of action for unpaid wages is barred to the extent Plaintiff seeks wages for unpaid meal and rest periods that Defendant provided but that Plaintiff refused to take

3

1  in compliance with Defendant's policies and/or or voluntarily waived.

2      WHEREFORE, Defendant prays for judgment as follows:

3      1.    That Plaintiff take nothing by his Complaint;

4      2.    That the Complaint and each claim for relief be dismissed in its entirety with

5  prejudice;

6      3.    That Plaintiff be denied each and every demand and prayer for relief contained in

7  the Complaint;

8      4.    For costs of suit incurred herein, including reasonable attorney's fees, as and

9  where permitted under California law; and

10      5.    For such other and further relief as the Court deems just and equitable.

11

12  Dated:  July 9, 2008

13                        JACKSON LEWIS LLP

14

15  By:                    JoAnna L. Brooks

16                        Timothy C. Travelstead
                      Punam Sarad

17                        Attorneys for Defendant
                      PRESIDIO INTERNATIONAL, INC.

18

19

20

21

22

23

24

25

26

27

28

4

1    **PROOF OF SERVICE**

2        I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5        On July 9, 2008, I served the attached document(s):

6    **DEFENDANT PRESIDIO INTERNATIONAL, INC.'S**
     **ANSWER TO PLAINTIFF'S FIRST AMENDED**
7    **UNVERIFIED CLASS ACTION COMPLAINT**

8
     in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed
9
     as follows:
10
     Mark Yablonovich, Esq.
11   Marc Primo, Esq.
     Robert Byrnes, Esq.
12   Initiative Legal Group LLP
     1800 Century Park East, 2nd Floor
13   Los Angeles, CA  90067
     Telephone:    310.556.5637
14   Facsimile:    301.861.9051

15
     [ X ]    BY MAIL:  United States Postal Service - by placing sealed envelopes with the postage
16       thereon fully prepaid, placed for collection and mailing on this date, following ordinary
         business practices, in the United States mail at San Francisco, California.
17
     [  ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service
18       to the above address.

19   [  ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
         address within 24 hours by OVERNIGHT EXPRESS service.
20
     [ X ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the
21       telephone number(s) indicated above.

22       I declare under penalty of perjury under the laws of the State of California that the above

23   is true and correct.

24       Executed on July 9, 2008 at San Francisco, California.

25

26

27                                _Mary Stoner_
                                      Mary Stoner
28

DEFENDANT PRESIDIO INTERNATIONAL'S ANSWER TO
UNVERIFIED FIRST AMENDED COMPLAINT                        Case No. 107 CV 099461

1   JOANNA L. BROOKS (SBN 182986)
    TIMOTHY C. TRAVELSTEAD (SBN 215260)
2   JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor
3   San Francisco, CA  94105
    Telephone    415.394.9400
4   Facsimile:    415.394.9401

5   Attorneys for Defendant
    PRESIDIO INTERNATIONAL, INC.
6

7

8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF SANTA CLARA

11

12   ROBERT ACHESON, individually, and on      Case No. 107 CV 099461
     behalf of other members of the general public
13   similarly situated,                       **NOTICE TO ADVERSE PARTY OF
                                                REMOVAL OF ACTION TO
14                Plaintiff,                    FEDERAL COURT**

15          v.                                  Complaint filed: November 21, 2007

16   G.A.L.A., INC., a Delaware corporation;
     GIORGIO ARMANI CORPORATION, a New
17   York corporation; PRESIDIO
     INTERNATIONAL, INC., a Delaware
18   Corporation; and DOES 1 through 10, inclusive,

19                Defendants.

20

21

22          TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE CITY

23   AND COUNTY OF SANTA CLARA, AND TO PLAINTIFF ROBERT ACHESON AND HIS

24   ATTORNEYS OF RECORD:

25          PLEASE TAKE NOTICE that on July 10, 2008, Defendant Presidio International, Inc.

26   ("PRESIDIO") filed a Notice of Removal of this action in the United States District Court for the

27   Northern District of California.  A true and correct copy of Defendant's Notice of Removal is

28   attached hereto as Exhibit 1.

                                        1

NOTICE OF ADVERSE PARTY                          CASE No. 107 CV 099461

1    Pursuant to 28 U.S.C. Section 1332 and Section 1441(b), the filing of the attached Notice

2    of Removal with the United States District Court effects the removal of this action and the above-

3    captioned court may proceed no further unless and until the case is remanded by the federal court.

4

5    Dated:  July 10, 2008

6                                                    JACKSON LEWIS LLP

7

8                                    By:    _____

                                            JoAnna L. Brooks
9                                           Timothy C. Travelstead
                                            Attorneys for Defendant
10                                          PRESIDIO INTERNATIONAL, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ADVERSE PARTY                                     CASE No. 107 CV 099461